curRLP

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 18 2013

at 3 o'clock and 30 min. P M.
SUE BEITIA, CLERK

RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN J BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@gmail.com
Email: brianbrazier@gmail.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Reed Sailola, | CASE NO. CV13 00544 RLP |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF |
| Municipal Services Bureau, | EXHIBITS A, B, C & D and VERIFICATION |
| and | JURY TRIAL REQUESTED |
| John Does (1-50), | |
| Defendants. | |

## COMPLAINT

## INTRODUCTION

1.      This is an action for damages against the Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §§ 227 *et seq.*; for unfair or deceptive acts or practices in the conduct of trade or commerce in violaion of Sections 443B-15, 16, 17, 18, 19, and 20 of the Hawaii Revised Statutes; and for various violations of Hawai'i state law as set forth below.

## JURISDICTION

2.      Subject matter jurisdiction in this Court is proper pursuant to 47 U.S.C. §§ 227g(2), 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), repeated violations of numerous provisions of Chapter 443B of the Hawaii Revised Statutes, the negligent conduct of Defendant, and from the invasions of Plaintiff's personal and financial privacy by Defendant and its agents in their illegal and libelous efforts to collect a non-existent debt from Plaintiff.

[2]

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here, and Plaintiff resides here.

## **PARTIES**

5. Plaintiff, Reed Sailola (hereinafter referred to as "Plaintiff" and/or "Mr. Sailola"), is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant Municipal Services Bureau (hereinafter referred to as "Defendant") is a Texas for-profit corporation, with its principal office located in Austin, Texas, which regularly conducts business in the State of Hawai'i.

7. Defendant may be served by personal service upon its registered agent, to wit: Municipal Services Bureau, c/o The Corporation Company, Inc. 1136 Union Mall, Suite 301, Honolulu, HI 96813.

8. Other Defendants may be discovered in the course of litigation, and Mr. Sailola respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## **FACTS**

9. On December 6, 2012 and in case number 1DTA-11-03671 Mr. Sailola was convicted of Operating a Vehicle Under the Influence of an Intoxicant

("OVUII") in violation of Section 291E-61(a)(3) and was sentenced pursuant to Section 291E-61(b)(1) (first offense) of the Hawai'i Revised Statutes.

10. A first offense OVUII conviction is a petty misdemeanor in Hawai'i. *Compare* Haw. Rev. Stat. § 291E-61(b)(1) *with* Haw. Rev. Stat. § 701-107(4); *State v. Bryan*, 124 Hawai'i 404, 412 245 P.3d 477, 485 (2010).

11. While appeals are pending, Hawai'i law mandates the stay of execution of sentences in petty misdemeanonor cases. Haw. Rev. Stat. §§ 641-14, 804-4(a), (b); *State v. Kiese*, 126 Hawai'i 494, 273 P.3d 1180 (2012).

12. Accordingly, upon timely filing his appeal on January 4, 2013 (*see* Haw. R. App. P., Rule 4(b) (permitting 30 days to file a notice of appeal in criminal cases) and *State v. Reed Sailola*, CAAP-13-0000002 (Mr. Sailola's pending appeal of Case No. 1DTA-11 -03671)), Mr. Sailola requested a stay of his sentence. And, on January 7, 2013, that request was specifically granted – a fact which has been recognized by the District Court for the First Circuit of Hawai'i (hereinafter "District Court") as recently as June 6, 2013. (See attached Exhibit A).

13. Nevertheless, some time prior to July 5, 2013, Defendant apparently purports to have been sold or otherwise transferred the collection rights to the debt allegedly owed by Mr. Sailola as a result of Case Number 1DTA-11-03671.

14. Mr. Sailola's appeal of that case is still pending before the

[4]

Intermediate Court of Appeals for Hawaii. *State v. Reed Sailola*, CAAP-13-0000002. (See attached Exhibit B).

15. No decision has been entered to dispose of that appeal. *State v. Reed Sailola*, CAAP-13-0000002.

16. Accordingly, Mr. Sailola's sentence remains stayed and any financial obligation arising from that conviction is currently neither due nor owing.

17. As an assignee or servicer of Mr. Sailola's debt, Defendant knew, or should have known from its communications with the principal, that the money was not owed.

18. Defendant is a Collection Agency as defined by Section 443B-1 of the Hawaii Revised Statutes.

19. Defendant uses mail in its business.

20. Defendant makes telephone calls in the course of its business.

21. The primary purpose of Defendant's business is the collection of claims or money due on accounts or other forms of indebtedness.

22. Defendant regularly collects or attempts to collect money owed, or due, or asserted to be owed or due to another.

23. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

24.     Upon information and belief, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

25.     Defendant, at all times relevant to the complaint herein, engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

26.     Defendant engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

27.     Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

28.     At all times relevant to this complaint, the Defendant has used, controlled, and/or operated an "automatic telephone dialing system" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *July 5, 2013 Collection Letter from Defendant*

29.     Defendant sent Mr. Sailola a collection letter dated July 5, 2013, collecting on the above referenced court fees and/or fines. (see attached Exhibit C).

30.     The July 5, 2013 collection letter was the first written correspondence received by Mr. Sailola from Defendant.

31.     The July 5, 2013 collection letter from Defendant demanded the

amount of $620.61 as of July 5, 2013. (see Exhibit C).

32.     The July 5, 2013 collection letter was sent in connection with collection of the non-existent, unliquidated, and/or illegitimate debt and in an attempt to collect the non-existent debt.

33.     The July 5, 2013 collection letter never asserts that Defendant is a debt collector, nor does it contain any of the required disclosures pursuant to the Hawai'i Revised Statutes.

34.     The July 5, 2013 collection letter was correctly addressed to Mr. Sailola.

35.     The July 5, 2013 collection letter falsely asserts: "A judgment has been entered against you in favor of the State of Hawai'i. The time for appeal has expired and the judgment is final." (see Exhibit C).

36.     These representations were made despite the fact that Mr. Sailola had appealed the judgment. *See State v. Reed Sailola*, CAAP-13-0000002. Moreover, these representations were made despite the fact that the execution of the judgment had been stayed pending the appeal.

37.     The July 5, 2013 letter went on to assert: "a hold has been placed upon the renewal of your driver's license and/or motor vehicle registration." (see Exhibit C).

38.     In what appears to be a guesture to explain Mr. Sailola's rights, the

July 5, 2013 letter asserts: "*We are required under state law to notify consumers of*

*the following rights. This list does not contain a complete list of the rights*

*consumers have under state and federal law*." (see Exhibit C, emphasis in

original).

39.     Despite this preliminary disclosure, Defendant's July 5, 2013

collection letter either negligently, or perhaps intentionally, does not include the

recitation of any consumer rights whatsoever.

40.     The July 5, 2013 letter has a provision in small print which reads:

> NOTICE: If you pay by credit card, where allowed by state law, a
> convenience fee will be added to the total amount. Convenience fees
> are: $10 for payments up to $499.99; $15 for payments of $500 to
> $749.99; and $20 for payments of $750.00 and greater. The fee will
> be automatically added at the time the credit card transaction is
> processed....

(see Exhibit C).

41.     Most egregiously, Defendant's letter seeks to have Mr. Sailola agree

to a guilty plea in his pending criminal case by asserting the following:

> BY SUBMITTING MY PAYMENT, I UNDERSTAND THAT
> I AM SUBMITTING A PLEA OF NO CONTEST TO THE
> CHARGES AGAINST ME WITH RECORDS TO THIS
> CASE. I WAIVE MY RIGHT TO A JURY AND TO
> APPEAL. ...

[8]

(see Exhibit C).

42. Thus, even if Defendant and/or the Hawai'i District Court were entitled to payment, which they are not, Mr. Sailola could not even pay the debt without agreeing to waive the rights of which he specifically availed himself with the assistance of his attorney, *i.e.*, the right to plead "not guilty," to require the State to meet its burden of proof in convicting Mr. Sailola, and to appeal said conviction.

## *Collection Calls*

43. Defendant has communicated with Mr. Sailola on numerous occasions in a fashion that violates multiple provisions of the TCPA as well as Hawaii's statutes.

44. Defendant's efforts to collect the non-existent debt did not stop with the July 5, 2013 letter.

45. For many weeks, Defendant, and the collectors employed by Defendant, repeatedly and willfully contacted Plaintiff on his cellular telephone number in an effort to collect this debt. These calls were "communication[s]" in an attempt to collect a debt as is defined by Section 443B-1 of the Hawaii Revised Statutes.

46. Defendant's representatives have harassed and continue to harass Mr.

[9]

Sailola by making continuous automated and direct telephone calls to his cellular telephone in an attempt to collect the non-existent debt.

47. Mr. Sailola has electronically saved many of these telephone calls as they were left as messages on his cellular telephone.

48. Mr. Sailola does not recall ever providing his cellular telephone number to the State of Hawai'i, law enforcement officials, the courts for Hawaii, or Defendant.

49. Mr. Sailola never gave express consent for any of the above referenced entities to call his cellular telephone number in relation to the collection of a debt.

50. Many of the messages left by Defendant were in violation of the TCPA; the phone messages left by the Defendant include, but are not limited to, the following:

## *Collection Calls to Mr. Sailola's Cellular Telephone*

51. On Tuesday, July 2, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

52. On Wednesday, July 3, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's

[10]

cellular telephone in an attempt to collect a debt.

53. On Friday, July 5, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

54. On Saturday, July 6, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

55. On Monday, July 8, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt. This call was received by Mr. Sailola at 5:58 A.M.

56. On Saturday, July 13, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

57. On Monday, July 15, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

58. On Tuesday, July 16, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's

cellular telephone in an attempt to collect a debt.

59. On Wednesday, July 17, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

60. On Thursday, July 18, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

61. On Monday, August 5, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

62. On Tuesday, August 6, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

63. On Wednesday, August 7, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

64. On Thursday, August 8, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

65. On Tuesday, August 13, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

66. On Wednesday, August 14, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

67. On Thursday, August 15, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

68. On Wednesday, August 21, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

69. On Thursday, August 22, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

70. On Monday, August 26, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

71. On Wednesday, August 28, 2013, Defendant, via its automatic
[13]

telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

72.    On Saturday, August 31, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone in an attempt to collect a debt.

73.    Mr. Sailola has received numerous identical calls from Defendant since August 31, 2013, and we reserve the right to amend this complaint to add the additional calls that are not specifically referenced herein.

74.    These calls resulted in Defendant's automatic telephone dialing system leaving identical voicemails for Mr. Sailola on his cellular voicemail account.

75.    In the messages Defendant failed to identify its name as Municipal Services Bureau.

76.    In every one of Defendant's prerecorded messages, Defendant never discloses the caller's identity.

77.     In every one of the messages Defendant's representative never assert that Defendant is a debt collector.

78.     In every one of the above referenced messages Defendant only asserts that it can be reached at "1-800-295-2851."

79. Mr. Sailola is informed, and therefore asserts, that the telephone number 1-800-295-2851 is a telephone number of Defendant, or was an active telephone number for Defendant throughout the month of July, 2013.

## *July 16, 2013 Teleconference*

80. On, or about, Tuesday, July 16, 2013, Defendant, via its collection agent, spoke with Mr. Sailola.

81. During this call, Defendant's representative explained that he worked for the Defendant, Municipal Services Bureau.

82. During this call, Defendant's representative was not able to verify the basis of the debt.

83. During this call, Mr. Sailola disputed that he owed any money to Defendant by explaining that he was currently appealing the charges that were levied against him.

84. During this call, Mr. Sailola explained that he was represented by an attorney.

85. In spite of Mr. Sailola's dispute and notification of having legal representation, Defendant's representative continued to demand immediate payment.

[15]

## *September 5, 2013 Collection Letter from Defendant*

86.     Defendant sent Mr. Sailola a second collection letter dated September 5, 2013, collecting on the above referenced court fees and/or fines. (see attached Exhibit D).

87.     The September 5, 2013 collection letter from Defendant demanded the amount of $620.61 as of September 5, 2013. (see Exhibit D).

88.     The September 5, 2013 collection letter was sent in connection with collection of the non-existent, unliquidated, and/or illegitimate debt and in an attempt to collect the non-existent debt.

89.     The September 5, 2013 collection letter never asserts that Defendant is a debt collector, nor does it contain any of the required disclosures pursuant to the Hawai'i Revised Statutes.

90.     The September 5, 2013 collection letter was correctly addressed to Mr. Sailola.

91.     The September 5, 2013 collection letter falsely asserts: **"YOU HAVE NOT COMPLIED WITH THE TERMS AND CONDITIONS OF YOUR OUTSTANDING COURT MATTER."** (see Exhibit D, emphasis in original).

92.     The September 5, 2013 collection letter falsely asserts: "A judgment has been entered against you in favor of the State of Hawaii.  You were provided,

[16]

by the Court, notice of this judgment, but you failed to respond or resolve the outstanding matter." (see Exhibit D).

93.    Again, these representations were made despite the fact that Mr. Sailola had appealed the judgment. *See State v. Reed Sailola*, CAAP-13-0000002. Moreover, these representations were made despite the fact that the execution of the judgment had been stayed pending the appeal.

94.    The September 5, 2013 letter went on to assert:  "a hold has been placed upon the renewal of your driver's license and/or motor vehicle registration." (see Exhibit D).

95.    In what appears to be a guesture to explain Mr. Sailola's rights, the September 5, 2013 letter asserts: "*We are required under state law to notify consumers of the following rights.  This list does not contain a complete list of the rights consumers have under state and federal law*." (see Exhibit D, emphasis in original).

96.    Despite this disclosure, Defendant's September 5, 2013 collection letter also does not include the recitation of any consumer rights whatsoever.

97.    The September 5, 2013 letter has a provision in small print which reads:

>    NOTICE: If you pay by credit card, where allowed by state law, a

[17]

> convenience fee will be added to the total amount. Convenience fees are: $10 for payments up to $499.99; $15 for payments of $500 to $749.99; and $20 for payments of $750.00 and greater. The fee will be automatically added at the time the credit card transaction is processed....

(see Exhibit D).

98. Most egregiously, Defendant's September 5, 2013 letter again seeks

to have Mr. Sailola agree to a guilty plea in his pending criminal case by asserting

the following:

> BY SUBMITTING MY PAYMENT, I UNDERSTAND THAT I AM SUBMITTING A PLEA OF NO CONTEST TO THE CHARGES AGAINST ME WITH RECORDS TO THIS CASE. I WAIVE MY RIGHT TO A JURY AND TO APPEAL. ...

(see Exhibit D).

99. Thus, even if Defendant and/or the Hawai'i District Court were

entitled to payment, which they are not, Mr. Sailola could not even pay the debt

without agreeing to waive the rights of which he specifically availed himself with

the assistance of his attorney, *i.e.*, the right to plead "not guilty," to require the

State to meet its burden of proof in convicting Mr. Sailola, and to appeal said

conviction.

100. Plaintiff has complied with all conditions precedent to bring this

action.

[18]

## CAUSES OF ACTION

### *COUNT ONE: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*

101. The TCPA prohibits the use of an "automatic telephone dialing system" when calling to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A).

102. Within one year immediately preceding the filing of this lawsuit, Defendant telephoned Mr. Sailola's cellular telephone on numerous occasions, as specified above, using an automatic dialing system.

103. None of these calls was for an emergency purpose, but instead were attempts to collect a consumer debt from Mr. Sailola.

104. Mr. Sailola never gave express consent for either law enforcement, the State of Hawai'i, or Defendant to call his cellular telephone number.

105. Mr. Sailola never gave express consent for either law enforcement, the State of Hawai'i, or Defendant to call his cellular telephone number in reference to collecting a debt.

106. Mr. Sailola does not recall ever providing this number to the original creditor or Defendant, and therefore he is concerned as to how Defendant obtained this cellular telephone number.

107. Defendant and its collectors repeatedly called Mr. Sailola on his

cellular telephone while using an automatic telephone dialing system.

108.  During many of these calls Defendant left messages on Mr. Sailola's voicemail.

109.  Mr. Sailola received at least twenty-one auto-dialed calls from Defendant on his cellular telephone.

110.  Mr. Sailola notified Defendant that the underlying account was disputed and he had retained counsel on, or about, August 16, 2013.

111.  Defendant continued to call Mr. Sailola from an automatic telephone dialing system after being notified of Mr. Sailola's dispute and attorney representation on August 16, 2013.

112.  Defendant's conduct of calling Mr. Sailola repeatedly after Mr. Sailola's notification that the account was disputed and that he was represented by counsel demonstrates that Defendant's automated calls were purposeful violations of the TCPA.

113.  There were at least thirty automated calls placed by Defendant after Mr. Sailola notified Defendant of his legal representation on August 16, 2013.

114.  Mr. Sailola asserts that all the calls placed by Defendant while using its automatic dialing system should be found to be purposeful violations of the TCPA since Defendant was acting on behalf of the District Court for the First

Circuit of Hawai'i, and thus the records available to Defendant would certainly include information about Mr. Sailola's legal representation.

115. Defendant's refusal to place Mr. Sailola's cellular telephone number on a "do not call" list further demonstrates that Defendant's automated calls were purposeful violations of the TCPA.

## COUNT TWO: VIOLATIONS OF THE HAWAI'I REVISED STATUTES, UNFAIR OR DECEPTIVE ACTS OR PRACTICES

### FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES: FAILURE BY DEFENDANT TO INCLUDE THE REQUIRED DISCLOSURES IN ITS INITIAL COMMUNICATION

116. The acts of Defendant constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, the following: In the initial written and initial oral communication made to collect, or attempt to collect, a claim or to obtain, or attempt to obtain, information about a debtor or alleged debtor, a debt collector must explain "that the collection agency is attempting to collect a claim and that any information obtained will be used for that purpose." Failure to include this notification is a violation of Haw. Rev. Stat. § 443B-18(2)(A).

117. Defendant called Mr. Sailola numerous times, but Mr. Sailola was never

notified in either the initial written or oral communication that Defendant was attempting to collect a claim or that the information obtained will be used for that purpose.

118. Mr. Sailola disputed the debt and tried to explain his dispute to Defendant's representative in their July 16, 2013 teleconference. Yet, in spite of this dispute, Defendant has never provided any validation of the debt and has continued to call Mr. Sailola numerous additional times. These calls were all conducted for the purpose of collecting the debt, and therefore each call is a violation.

119. Defendant has Mr. Sailola's correct address, as is demonstrated by its July 5, 2013 letter, but it chose not to include the statutorily required disclosures in the July 5, 2013 letter, or any other communication to Mr. Sailola.

120. Additionally, Defendant's collection tactics of calling Mr. Sailola repeatedly after Mr. Sailola's notification that the account was disputed and that he was represented by counsel demonstrates that Defendant's automated calls were intentional violations of the Hawai'i Revised Statutes.

## SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: FAILURE TO PROVIDE REQUISITE DISCLOSURES IN ITS SUBSEQUENT ATTEMPTS TO COLLECT A DEBT

121. The acts of Defendant constitute violations of the Hawai'i Revised
[22]

Statutes. Violations include, but are not limited to, the following: A debt collector must disclose in each and every subsequent communication that the communication is from a debt collector. If said disclosure is not made, such conduct is a violation of Haw. Rev. Stat. § 443B-18(2)(B).

122. Defendant called and left several messages. In all of the recorded messages left by Defendant, Defendant failed to disclose it was a debt collector. This occurred at least twenty-one times.

123. Any procedures maintained (i.e., actually employed or implemented) by Defendant to avoid errors under the Hawai'i Revised Statutes failed to provide the required disclosures.

## THIRD VIOLATION OF THE HAWAI'I REVISED STATUTES: HARASSING, OPPRESIVE AND ABUSIVE CONDUCT BY DEFENDANT IN ITS ATTEMPT TO COLLECT A DEBT

124. The acts of Defendant constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, any conduct the natural consequence of which is to harass, oppress or abuse any person, which includes the "placement of telephone calls without disclosure of the caller's identity or with the intent to harass, or threaten any person at the called number." Such conduct violates Haw. Rev. Stat. § 443B-16.

125. Neither Defendant, nor its employees, disclosed their identity in many of the calls Defendant placed to Mr. Sailola.

126. Defendant called and left several messages for Mr. Sailola. In each and every one of these messages Defendant did not disclose its name, in spite of the fact that it was attempting to collect a debt.

127. The collection attempts by the Defendant in its numerous telephone calls and voicemail messages left for Mr. Sailola are attempts to harass, oppress or otherwise abuse Mr. Sailola into payment of a debt.

128. Mr. Sailola has received at least twenty-one calls from Defendant's representatives in the period between July 3, 2013 and August 31, 2013, and numerous calls thereafter.

129. Mr. Sailola has received calls at all times of the day, from 5:58 A.M. to 4:33 P.M.

130. Defendant has been continuously calling Mr. Sailola subsequent to Mr. Sailola's July 16, 2013 statements that he is represented by an attorney and the debt is disputed.

131. The collection attempts by the Defendant in its various telephone calls and voicemail messages left for Mr. Sailola are attempts to harass, oppress or otherwise abuse Mr. Sailola into payment of a debt.

[24]

## FOURTH VIOLATION OF THE HAWAI'I REVISED STATUTES: HARASSING, OPPRESIVE AND ABUSIVE CONDUCT BY DEFENDANT IN ITS ATTEMPT TO COLLECT A DEBT

132. The acts of Defendant constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, the following: Any conduct the natural consequence of which is to harass, oppress or abuse any person, which includes "causing expense to any person in the form of long distance telephone tolls, telegram fees, or other charge incurred by a medium of communication, by concealment of the true purpose of the notice, letter, message, or communication." Such conduct violates Haw. Rev. Stat. § 443B-16.

133. Defendant's calls were to Mr. Sailola's cellular telephone. He is charged for each minute used when he uses his cellular telephone.

134. Defendant did not disclose in its calls that it was a debt collector.

135. Defendant did not disclose the purpose of its communications in any of its communications with Mr. Sailola.

## FIFTH VIOLATION OF HAWAI'I REVISED STATUTES: UNFAIR OR UNCONSCIONABLE MEANS TO COLLECT A DEBT

136. The acts of Defendant constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, the following: Communication with a debtor or alleged debtor whenever it appears that the debtor or alleged

[25]

debtor is represented by an attorney and the attorney's name and address are known is a violation of Haw. Rev. Stat. § 443B-19(5).

137.   In spite of Mr. Sailola's July 16, 2013 communication to Defendant that he was represented by an attorney, and despite the complete court record that is available to the public which shows that Mr. Sailola was, and is currently, represented by Jonathan Birge, Esq., Defendant continued to make demands for payment and call Mr. Sailola repeatedly over the many weeks that followed.

138.   Defendant claims to be collecting for the District Court for the First Circuit of Hawai'i.   As an agent for the District Court, the knowledge of the District Court is imputed on Defendant.   The District Court has Mr. Sailola's attorney's name and address on file and thus this information has been, at all times, readily available to Defendant.

### SIXTH VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

139.   The acts of Defendant constitute violations of the Hawai'i Revised Statutes.   Violations include, but are not limited to, any false representation or false impression that any collection agency is vouched for, bonded by, affiliated with, or an instrumentality, agent, or official of, this State or any agency of federal, state, or local government.   Such conduct is a violation of Haw. Rev. Stat. § 443B-18(6)

[26]

140. In its letter to Mr. Sailola, Defendant represented itself as an agent of the District Court for the First Circuit of Hawai'i.

141. Furthermore, the letter asserts that payment of the demanded amount is a plea of no contest and a waiver of his right to trial.

142. Holding itself as having an agency relationship with the State of Hawai'i and/or claiming to possess the requisite authority to bind Mr. Sailola to a guilty plea and the waiver of his right to trial demonstrates Defendant's holding itself out as being affiliated with, or an instrumentality, agent, or official of, the State of Hawai'i and/or the local government.

## SEVENTH VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

143. The acts of Defendant constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding. Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

144. The underlying debt is disputed. Furthermore, the underlying debt is not currently collectible by any party (see explanation of appellate procedure above).

[27]

145. Defendant's July 5, 2013 letter to Mr. Sailola incorrectly asserts that the time for appeal had expired and the judgment was final. (see Exhibit C).

146. The collection of court costs and/or fines is not permitted when the debt is not due or collectible. The debt in this case is not due unless, and until, the Intermediate Court of Appeals of the State of Hawai'i affirms the judgment of the District Court. Only thereafter can the District Court enter an order for execution of the sentence.

147. Neither Defendant, nor the original creditor, have obtained a final judgment, and the time for an appeal has not passed. To the contrary, Mr. Sailola is, in fact, working with his attorney on a timely appeal of the fees/fines.

148. Further, Defendant's July 5, 2013 and September 5, 2013 letters assert that "convenience fees" are charged when someone pays them by credit card.

149. Mr. Sailola is confused as to how he is required to pay convenience fees on the underlying account.

150. Upon information and belief, Mr. Sailola asserts that the original citation issued did not allow for the imposition of convenience fees and thus the demand of convenience fees by Defendant was false, deceptive, and/or misleading.

151. Mr. Sailola alleges that the amount demanded by Defendant includes collection charges or fees that were not included in, or allowed by, the original

[28]

obligation.

152. Mr. Sailola asserts that the increased demand by Defendant and imposition of unwarranted convenience fees are attempts to keep him confused as to the amount owed, so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

153. By attempting to collect unknown and unauthorized amounts through false and deceptive communications, Defendant has deceived and/or misled Mr. Sailola as to what amount of money he owes on this account.

## EIGHTH VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

154. The acts of Defendant constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, the collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law. Such conduct violates Haw. Rev. Stat. § 443B-19(2).

155. Upon information and belief, Mr. Sailola asserts that Defendant did not have authority to impose a "convenience fee" the originating account.

156. By assessing unwarranted interest, fees or charges, Defendant has demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

157. Defendant's collection of additional fees, are collection attempts for amounts not expressly authorized by the agreement.

## NINTH VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

158. The acts of Defendant constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, the collection of or the attempt to collect from a debtor or alleged debtor all or any part of the collection agency's fees or charges for services rendered. Such conduct is a violation of Haw. Rev. Stat. § 443B-19.

159. Upon information and belief, Mr. Sailola asserts that Defendant did not have authority to impose a "convenience fee" on the originating account.

160. Defendant is attempting to collect its collection agency fees or charges for services rendered, and is thus in violation of Haw. Rev. Stat. § 443B-19.

161. As a result of Defendant's actions, Mr. Sailola is entitled to an award

[30]

of actual damages, statutory damages, as well as an award of costs and attorney fees.

## *COUNT THREE: NEGLIGENCE PER SE*

162.  Defendant had a statutory duty under the Telephone Consumer Protection Act and Hawai'i Revised Statutes to provide Mr. Sailola with a minimum standard of care.

163.  Defendant breached its duty in one or more of the following ways: 1) using an automatic telephone dialing system to repeatedly call Mr. Sailola without first obtaining his express written consent; 2) using an automatic telephone dialing system to repeatedly call Mr. Sailola after being notified that Mr. Sailola was represented by counsel; 3) using an automatic telephone dialing system to repeatedly call Mr. Sailola after being told by Mr. Sailola that he was represented by an attorney and the debt is disputed;  4) failing to provide Mr. Sailola with the requisite notices when communicating with him to collect a debt; 5) engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; 6) communication with a debtor when the alleged debtor was represented by an attorney; 7) falsely representing or creating a false impression that Defendant was vouched for, bonded by, affiliated with, or an instrumentality, agent, or official of, this State or

[31]

any agency of federal, state, or local government; 8) falsely representing or implicating the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding; 9) attempting to collect debts that are not owed; 10) falsely representing that Mr. Sailola would waive rights he specifically asserted if he paid the alleged debt; and 11) the collection of or the attempt to collect from a debtor or alleged debtor all or any part of the collection agency's fees or charges for services rendered.

164.   In addition to the above violative conduct, the TCPA requires that any company operating a computerized automated dialer to maintain a "do not call" list and to update it.   This federal statute requires that anyone operating such a powerful machine to be able to control the parties who it calls and be able to immediately stop all calls to anyone who is added to the do not call list.

165.   Defendant breached the duty of care imposed by the TCPA when it allowed its computerized automated dialer to continue to call Mr. Sailola after he had requested that the Defendant no longer call him.

166.   Defendant's conduct fell far below any reasonable standard of care. Moreover, this conduct was in violation of federal and state laws.

167.   Defendant's acts or omissions did actually and proximately cause physical and mental injuries to Mr. Sailola, which Mr. Sailola did suffer.

[32]

## *COUNT FOUR: NEGLIGENCE*

168.   Defendant had a duty to conduct its business in compliance with the Hawai'i Revised Statutes, the Telephone Consumer Protection Act, and all other applicable statutes governing its conduct.

169.   Defendant breached its duty in one or more of the following ways:  1) using an automatic telephone dialing system to repeatedly call Mr. Sailola without first obtaining his express written consent; 2) using an automatic telephone dialing system to repeatedly call Mr. Sailola after being notified that Mr. Sailola was represented by counsel; 3) using an automatic telephone dialing system to repeatedly call Mr. Sailola after being told by Mr. Sailola that he was represented by an attorney and the debt is disputed; 4) failing to provide Mr. Sailola with the requisite notices when communicating with him to collect a debt; 5) engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; 6) communication with a debtor when the alleged debtor was represented by an attorney; 7) falsely representing or creating a false impression that Defendant was vouched for, bonded by, affiliated with, or an instrumentality, agent, or official of, this State or any agency of federal, state, or local government; 8) falsely representing or implicating of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding; 9) attempting to collect

[33]

debts that are not owed; 10) falsely representing that Mr. Sailola would waive rights he specifically asserted if he paid the alleged debt; and 11) the collection of or the attempt to collect from a debtor or alleged debtor all or any part of the collection agency's fees or charges for services rendered.

170. Defendnt's actions or omissions did cause and proximately cause the physical and mental injury to Mr. Sailola which Mr. Sailola did suffer.

171. Defendant, as an assignee and/or agent of the District Court and custodian of Mr. Sailola's personal financial records, owes a duty to Mr. Sailola to properly maintain those records and comply with any requests for review.

172. Mr. Sailola disputed the validity of the underlying debt in his July 16, 2013 teleconference with Defendant's representative.

173. Despite the dispute, Mr. Sailola has never received any subsequent verification of the debt's validity. Instead, Defendant has negligently and/or intentionally continued to harass Mr. Sailola by consistently causing his cellular telephone to ring at all times of the day and night.

## *COUNT FIVE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

174. A reasonably prudent person in the same situation as Defendant's employees and agents would have foreseen that someone in Mr. Sailola's position

would have suffered serious mental and/or emotional distress because of their actions.

175. Defendant, through its employees or agents, acted intentionally or recklessly.

176. Defendant's conduct, as described above, was outrageous.

177. Mr. Sailola did suffer extreme mental and/or emotional distress because of Defendant's actions.

178. The series of abusive collection calls by Defendant and its employees caused Mr. Sailola be distraught and upset because of the emotionally abusive manner in which this debt was collected by Defendant.

## *COUNT SIX: NEGLIGENT TRAINING AND/OR NEGLIGENT SUPERVISION*

179. Defendant acted negligently in failing to properly abide by the regulations set for governing the collection of debts in the State of Hawai'i.

180. Defendant was negligent in failing to properly train and/or supervise its employees in the legal requirements of dealing with debtors

### *COUNT SEVEN: HARASSMENT*

181.  Pursuant to Haw. Rev. Stat. §711-1106, a person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person: (c) Repeatedly makes telephone calls without purpose of legitimate communication;(d) Repeatedly makes a communication anonymously or at an extremely inconvenient hour; or (e) Repeatedly makes communications, after being advised by the person to whom the communication is directed that further communication is unwelcome.

182.  Defendant's conduct is harassment under the Hawai'i Revised Statutes where Defendant repeatedly called Mr. Sailola to collect a debt that he did not owe.

183.  Defendant also harassed Mr. Sailola by repeatedly calling him without disclosing its identity.

184.  Defendant further harassed Mr. Sailola by calling him at extremely inconvenient hours, sometimes as early as four or five o'clock in the morning.

185.  Finally, Defendant harassed Mr. Sailola by continuing to call him after Defendant was informed that Mr. Sailola had an attorney and that he disputed the debt.

## *COUNT EIGHT: INVASION OF PRIVACY*

186. Haw. Rev. Stat. § 711-1111(h) provides that a person commits the offense of violation of privacy in the second degree if the person intentionally: Divulges, without the consent of the sender or the receiver, the existence or contents of any message or photographic image by telephone, telegraph, letter, electronic transmission, or other means of communicating privately, if the accused knows that the message or photographic image was unlawfully intercepted or if the accused learned of the message or photographic image in the course of employment with an agency engaged in transmitting it.

187. Defendant obtained Mr. Sailola's account information from the District Court.

188. Despite the information regarding the stay that is readily available to the public, and certainly available to the District Court, Defendant nonetheless engaged in the conduct alleged in this Complaint.

189. Defendant intentionally divulged, without the consent of the District Court or Mr. Sailola, the information relayed to it from the District Court by making telephone calls and sending letters to Mr. Sailola in an attempt to collect the alleged debt.

190. Defendant divulged the contents of its communications with the

District Court to Mr. Sailola prior to the case being adjudicated and the debt being owed by Mr. Sailola.

## *COUNT NINE: INTRUSION UPON SECLUSION*

191. Mr. Sailola asserts the Defendant has invaded his privacy by committing an unreasonable intrusion upon his seclusion. Defendant has also given public disclosure to his private facts.

192. Information about a plaintiff need not be published to establish a claim for invasion of privacy based on an unreasonable intrusion upon the plaintiff's seclusion. The Restatement (Second) of Torts § 652B (1977).

193. Defendants' gross and careless conduct unlawfully invaded Mr. Sailola's personal privacy and caused Mr. Sailola to suffer actual damages.

194. Defendants' conduct was intentional and/or reckless and Mr. Sailola is entitled to recover exemplary damages in an amount to be set by the trier of fact.

195. Mr. Sailola does not currently owe this debt, and therefore Defendant's attempts to collect this debt from him were false and deceptive practices and threats to take action that they were not legally entitled to take.

196. Defendant's repeated attempts to collect this debt from Mr. Sailola, a person whom did not owe the debt, was an invasion of Mr. Sailola's privacy and

his right to be left alone.

197.   Defendants' illegal abusive collection communications, as more fully described above, were the direct and proximate cause of severe emotional distress on the part of Mr. Sailola.

198.   Mr. Sailola has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of his personal privacy.

## TRIAL BY JURY

199.   Mr. Sailola is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant in favor of the Plaintiff as follows:

a)   Declaratory judgment that Defendant violated Mr. Sailola's rights under the Telephone Consumer Protection Act;

b)      Declaratory judgment that Defendant violated Mr. Sailola's rights under the Hawai'i Revised Statutes;

c)      That Plaintiff be awarded statutory damages of $500.00 per call for each negligent violation of the Telephone Consumer Protection Act, pursuant to 47 U.S.C. §227(b)(3)(B);

d)      That Plaintiff be awarded statutory damages of $1,500.00 per call for each call found to be an intentional violation of the Telephone Consumer Protection Act, pursuant to 47 U.S.C. §227(b)(3);

e)      That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

f)      That Plaintiff be awarded statutory damages of not less than $1,000.00 pursuant to Haw. Rev. Stat. § 480-13;

g)      That Plaintiff be awarded the costs of litigation, including a reasonable attorney fee, pursuant to Haw. Rev. Stat. § 480-13;

h)      That the Court declare all defenses raised by Defendant to be insufficient; and

i)      Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the 18<u>th</u> day of October, 2013.

Richard L. Holcomb, #9177
Attorney for Plaintiff
1136 Union Mall, Suite 808
Honolulu, TN 96813
(808) 545-4040
rholcomblaw@live.com