McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN             3639-0
COURTNEY K. SUE-AKO    9803-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293
Email: minkin@m4law.com
       sue-ako@m4law.com

Attorneys for Defendant
MUNICIPAL SERVICES BUREAU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REED SAILOLA, | ) | CIVIL NO. 13-00544 HG RLP |
| | ) | |
| Plaintiff, | ) | DEFENDANT MUNICIPAL SERVICES BUREAU'S ANSWER TO COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF, FILED ON OCTOBER 18, 2013; CERTIFICATE OF SERVICE |
| vs. | ) | |
| MUNICIPAL SERVICES BUREAU and JOHN DOES 1-50, | ) | |
| Defendants. | ) | |

298074.1

DEFENDANT MUNICIPAL SERVICES BUREAU'S ANSWER
TO COMPLAINT FOR DAMAGES DECLARATORY
AND INJUNCTIVE RELIEF, FILED ON OCTOBER 18, 2013

Defendant Municipal Services Bureau ("Defendant"), by and through its counsel, McCorriston Miller Mukai MacKinnon LLP, hereby submits the following as its Answer to Plaintiff Reed Sailola's Complaint for Damages Declaratory and Injunctive Relief ("Complaint"), filed on October 18, 2013:

FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

2. In response to Paragraph 1 of the Complaint, Defendant states that the Complaint speaks for itself, and on that basis, Defendant further denies all remaining allegations.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 2, 4, 5, 8, 13, 15, 42, 47, 48, 49, 73, 100, 106, 133, 149, 150 and 151 of the Complaint and thus, those allegations are denied.

4. Defendant denies the allegations in Paragraphs 3, 17, 32, 35, 36, 39, 43, 44, 45, 46, 50, 74, 75, 76, 80, 81, 82, 83, 88, 93, 96, 103, 104, 105, 109, 110, 112, 114, 115, 116, 117, 118, 120, 121, 123, 124, 125, 126, 127, 128, 129, 131, 132, 136, 139, 143, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 163, 165,

166, 167, 169, 170, 172, 173, 174, 175, 176, 177, 178, 179, 180, 182, 183, 184, 185, 188, 189, 190, 191, 193, 194, 196, 197 and 198 of the Complaint.

5. Defendant admits the allegations contained in Paragraphs 6, 7, 9, 19, 20, 21, 22, 24, 25, 26, 27, 28, 30, 34, 78, 90, 102, 107, 108 and 187 of the Complaint.

6. In response to Paragraphs 10, 11, 12, 14, 16, 18, 23, 77, 84, 85, 89, 99, 101, 111, 113, 119, 122, 130, 134, 135, 137, 138, 142, 144, 146, 147, 162, 164, 168, 171, 181, 186, 192, 195 and 199 of the Complaint, Defendant states that the allegations therein state legal conclusions, and on that basis deny the allegations.

7. In response to Paragraphs 29, 31, 33, 37, 38, 40, 41, 86, 87, 91, 92, 94, 95, 97, 98, 140, 141, 145 and 148 of the Complaint, Defendant states that the exhibit speaks for itself, and on that basis, Defendant further denies all remaining allegations.

8. In response to Paragraph 51 of the Complaint, Defendant admits that on Tuesday, July 2, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 51.

9. In response to Paragraph 52 of the Complaint, Defendant admits that on Wednesday, July 3, 2013, Defendant, via its automatic telephone dialing

system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 52.

10. In response to Paragraph 53 of the Complaint, Defendant admits that on Friday, July 5, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 53.

11. In response to Paragraph 54 of the Complaint, Defendant admits that on Saturday, July 6, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 54.

12. In response to Paragraph 55 of the Complaint, Defendant admits that on Monday, July 8, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 55.

13. In response to Paragraph 56 of the Complaint, Defendant admits that on Saturday, July 13, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 56.

14. In response to Paragraph 57 of the Complaint, Defendant admits that on Monday, July 15, 2013, Defendant, via its automatic telephone dialing system,

made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 57.

15. In response to Paragraph 58 of the Complaint, Defendant admits that on Tuesday, July 16, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 58.

16. In response to Paragraph 59 of the Complaint, Defendant admits that on Wednesday, July 17, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 59.

17. In response to Paragraph 60 of the Complaint, Defendant admits that on Thursday, July 18, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 60.

18. In response to Paragraph 61 of the Complaint, Defendant admits that on Monday, August 5, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 61.

19. In response to Paragraph 62 of the Complaint, Defendant admits that on Tuesday, August 6, 2013, Defendant, via its automatic telephone dialing

system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 62.

20.     In response to Paragraph 63 of the Complaint, Defendant admits that on Wednesday, August 7, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 63.

21.     In response to Paragraph 64 of the Complaint, Defendant admits that on Thursday, August 8, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 64.

22.     In response to Paragraph 65 of the Complaint, Defendant admits that on Tuesday, August 13, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 65.

23.     In response to Paragraph 66 of the Complaint, Defendant admits that on Wednesday, August 14, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 66.

24.     In response to Paragraph 67 of the Complaint, Defendant admits that on Thursday, August 15, 2013, Defendant, via its automatic telephone dialing

system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 67.

25. In response to Paragraph 68 of the Complaint, Defendant admits that on Wednesday, August 21, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 68.

26. In response to Paragraph 69 of the Complaint, Defendant admits that on Thursday, August 22, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 69.

27. In response to Paragraph 70 of the Complaint, Defendant admits that on Monday, August 26, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 70.

28. In response to Paragraph 71 of the Complaint, Defendant admits that on Wednesday, August 28, 2013, Defendant, via its automatic telephone dialing system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 71.

29. In response to Paragraph 72 of the Complaint, Defendant admits that on Saturday, August 31, 2013, Defendant, via its automatic telephone dialing

system, made a telephone call and left a voice message on Mr. Sailola's cellular telephone, but denies all remaining allegations of Paragraph 72.

30. In response to Paragraph 79 of the Complaint, Defendant admits that the telephone number 1-800-295-2851 is a telephone number of Defendant, or was an active telephone number for Defendant throughout the month of July, 2013, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

31. Each and every other allegation not heretofore specifically answered is denied.

THIRD DEFENSE

32. Plaintiff has failed to join parties indispensable and necessary under Rule 19 of the Federal Rules of Civil Procedure.

FOURTH DEFENSE

33. Plaintiff's claims fail based on the doctrine of res judicata.

FIFTH DEFENSE

34. Plaintiff's claims fail based on the doctrine of collateral estoppel.

SIXTH DEFENSE

35. Plaintiff's claims fail based on the doctrine of judicial estoppel.

SEVENTH DEFENSE

36. The Complaint fails to state a claim against Defendant in that Plaintiff has based his claims upon alleged violations of 47 U.S.C. § 227, *et seq.*, and Hawaii Revised Statutes § 443B, *et seq.*, but all actions by Defendant are fully compliant with those statutes.

EIGHTH DEFENSE

37. Plaintiff suffered no damage from any act of Defendant and is therefore not entitled to any award of damages or attorneys' fees or costs.

NINTH DEFENSE

38. Plaintiff failed to mitigate his damages, if any.

TENTH DEFENSE

39. Any damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions or omissions of Plaintiff and does not give rise to any liability of the part of Defendant.

ELEVENTH DEFENSE

40. Plaintiff's claims are barred because Defendant had no duty to verify the debt at issue.

TWELFTH DEFENSE

41. Plaintiff's claims are barred by the statute of limitations.

THIRTEENTH DEFENSE

42. Plaintiff's Complaint fails to present a justifiable controversy between Plaintiff and Defendant.

FOURTEENTH DEFENSE

43. Plaintiff lacks standing to assert the claims set forth in his Complaint.

FIFTEENTH DEFENSE

44. The Court lacks subject matter jurisdiction over the Complaint pursuant to the Rooker-Feldman doctrine.

SIXTEENTH DEFENSE

45. Defendant hereby gives notice that it reserves the right to assert other affirmative defenses, including, without limitation, any provided for under Rule 8(c) of the Federal Rules of Civil Procedure, the propriety or applicability of which may be disclosed through future discovery and investigation of Plaintiff's Complaint.

WHEREFORE, Defendant prays as follows:

A. That the Complaint filed herein be dismissed.

B. That Defendant be awarded its costs and attorneys' fees.

C.  That the Court award such other relief as it may deem just and proper under the circumstances.

DATED: Honolulu, Hawai'i, _____NOV 2 7 2013_____.

_____
DAVID J. MINKIN
COURTNEY K. SUE-AKO

Attorneys for Defendant
MUNICIPAL SERVICES BUREAU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REED SAILOLA, | ) | CIVIL NO. 13-00544 HG RLP |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| MUNICIPAL SERVICES BUREAU and JOHN DOES 1-50, | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing document was duly served upon the following persons either by electronic court filing (ECF), hand delivery (HD) or by mailing said copy, postage prepaid, first class, in a United States post office at Honolulu, Hawaii (M), in the manner indicated, addressed as set forth below:

298074.1

RICHARD HOLCOMB, ESQ.         (ECF)
rholcomblaw@live.com
BRIAN J. BRAZIER, ESQ.
brianbrazier@gmail.com
1136 Union Mall, Suite 808
Honolulu, Hawai'i  96813

Attorneys for Plaintiffs

DATED:  Honolulu, Hawai'i, _____NOV 2 7 2013_____.

_____
DAVID J. MINKIN
COURTNEY K. SUE-AKO

Attorneys for Defendant
MUNICIPAL SERVICES BUREAU