RICHARD L HOLCOMB (HI Bar No. 9177)
JUSTIN A. BRACKETT (HI Bar No. 9954)
BRIAN J BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com
Email: justinbrackettlaw@gmail.com
Email:  brianbrazier@gmail.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| Reed Sailola, | ) |
| | ) CASE NO. CV 13-00544 HG/RLP |
| Plaintiff, | ) |
| vs. | ) FRCP 26(a)(1) DISCLOSURES |
| | ) |
| Municipal Services Bureau and | ) |
| John Does (1-50), | ) JURY TRIAL REQUESTED |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S RULES 26(a)(1) INITIAL DISCLOSURES TO DEFENDANT

Plaintiff hereby submits his initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure to Defendant.  These disclosures are based upon information currently known or available to Plaintiff.  Plaintiff's

investigation is ongoing, and he reserves the right to supplement or amend these initial disclosures if additional information and/or documents become available.

These disclosures are based on information reasonably available to the Plaintiff as of this date. By making these disclosures, Plaintiff does not represent that he is identifying every document, tangible thing or witness possibly relevant to this action. Plaintiff's factual investigation of the case is ongoing and Plaintiff therefore reserves his right to supplement, amend, modify or alter his initial disclosures as new information becomes available. These disclosures shall not be deemed an admission as to any fact in dispute or waiver of any rights or defenses Plaintiff has or may assert with respect to any claim or class certification. Further, by making these disclosures, Plaintiff does not waive his right to object to production of any document or tangible thing disclosed on the basis of any privilege, the work-product doctrine, immunity from disclosure, competency, relevance, materiality, confidentiality, undue burden or any other proper objection or to the use of any such information for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action.

All of the disclosures set forth below are made subject to the above objections and qualifications.

1. The name, last known address and telephone number of each person reasonable likely to have information as described in Fed. R. Civ. P. 26 (a)(1)(A)(i).

   ***Response:*** Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) and based upon information known to date, Plaintiff believes that the following individuals are likely to have discoverable information that Plaintiff may use to support his claims and defenses:

   A. Reed Sailola (hereinafter "Plaintiff") who may be reached through the undersigned counsel.

   B. Municipal Services Bureau (hereinafter "MSB"), a collection agency and an artificial person, and its employees and agents whose identities are not yet known but whom, upon information and belief, conduct business at 8325 Tuscany Way, Austin, TX 78754.

   C. All other persons disclosed by Defendant. Discovery continues. Plaintiff reserves the right to supplement according to the Federal Rules of Civil Procedure.

2. A general description, including location, of all documents, data, compilations, and tangible things in the possession, custody or control of that party as described in Fed. R. Civ. P. 26(a)(1)(A)(ii).

*Response:* Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Plaintiff describes the following categories of documents, data compilations, and tangible things that he may use (other than solely for impeachment) to support his claims and defenses. The documents identified below are in the custody of Plaintiff and are maintained at his residence or with Plaintiff's attorney. Plaintiff reserves the right to identify additional documents, data compilations, and tangible things that he may use to support his claims and defenses.

    A.    All documents attached to Plaintiff's Complaint, as exhibits filed herein and incorporated by reference, if any. Discovery continues. Plaintiff reserves the right to supplement according to the Federal Rules of Civil Procedure.

    B.    All voicemail recordings left by Defendant on the cellular telephone of Reed Sailola.

    C.    All documents in the possession or control of Defendant which contain any information regarding the debt that was placed with Defendant for collection.

    D.    Plaintiff intends to use all of the exhibits used at each individual Defendant's deposition, the exhibits used at each and every deposition of the representatives of Defendant, the documents produced by Defendant in its responses to discovery requests, tapes or other digital

or audio recordings of any or all conversations between Plaintiff and Defendant in the possession of Defendant or any other person or party, and any other document that future discovery may reveal.

E. Copies of all Better Business Bureau complaints, Federal Trade Commission complaints, lawsuits, demand letters, or any other document evidencing or alleging liability on the part of Defendant and/or their employees for violations of the TCPA or any other state collection law, formal or informal, for a period from three years prior to the filing of this lawsuit through today, by any person, agency, or entity.

3. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered. Fed. R. Civ. P. 26(a)(1)(A)(iii).

*Response:* Pursuant to Fed. R. Civ. P. Rule 26(a)(1)(A)(iii) and as of the date of these Initial Disclosures, Plaintiff(s) asserts the following:

A. <u>Statutory damages of $500.00 to $1,500.00 per violation pursuant to 47 U.S.C. §227(b)(3).</u>

The statute itself is plainly worded to assist in the computation of damages whereby it provides for the greater of actual damages or $500.00 per call, and, if the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than the times the actual damages or three times $500.00, whichever is greater.

Plaintiff asserts that Defendants made at least eight calls to Plaintiff prior to being informed by Plaintiff that he was represented by counsel and at least fourteen calls to Plaintiff after he informed them of his legal representation and ongoing dispute of the debt. Therefore, Plaintiff seeks $25,000.00 for Defendants' violations of the TCPA.

B. <u>Statutory damages of $1,000.00 pursuant to Haw. Rev. Stat. § 480-13 against Defendants.</u>

The statute itself is plainly worded to assist in the computation of damages whereby it states: Any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by Haw. Rev. Stat. § 480-2 may sue for damages sustained by the consumer, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum **not less than $1,000** or threefold damages by the plaintiff sustained, whichever

sum is the greater, and reasonable attorney's fees together with the costs of suit; provided that where the plaintiff is an elder, the plaintiff, in the alternative, may be awarded a sum not less than $5,000 or threefold any damages sustained by the plaintiff, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit.

There are many cases directly on point relative to the computational basis for a statutory damages award under the Hawai'i Revised Statutes § 480-13. Some of those cases are cited here:

- *Wiginton v. Pacific Credit Corporation*, 2 Haw. App. 435, 634 P.2d 111 (Hawai'i App., Sept. 21, 1981). Legislature was aware that damages might be de minimus in a consumer action and specifically provided for the $1,000 award or triple damages to cover that possibility.

- *Han v. Yang*, 84 Haw. 162, 931 P.2d 604, (Hawai'i App., Jan. 28, 1997) When litigant is entitled to treble damages under this section, trial court shall not award three times compensatory damages plus compensatory damages; proper measurement of treble damages is simply three times compensatory damages.

- *Davis v. Wholesale Motors, Inc.*, 86 Haw. 405, 949 P.2d 1026 (Hawai'i App., Dec. 12, 1997) Though section does not provide for setoff in

unfair and deceptive trade practice cases, under certain circumstances, such setoff allowable; court properly awarded defendant car dealer car's ten-day rental value and cost of repairs for damage to car inflicted by plaintiff.

- *Davis v. Wholesale Motors, Inc.*, 86 Haw. 405, 949 P.2d 1026 (Hawai'i App., Dec. 12, 1997) Trebling of damages under subsection (b)(1) should be calculated before setoff award to defendant is applied. –

- *Zanakis-Pico v. Cutter Dodge, Inc.,* 98 Hawai'i 309, 319, 47 P.3d 1222, 1232 (2002). In an action for unfair and deceptive business practices under HRS §§ 480-2 and 480-13, the proper measure of damages is that which is necessary to put Plaintiffs in the position they would have been in had they not been defrauded, misled, or deceived.

- *Yokoyama v. Midland Nat. Life Ins. Co.*, 243 F.R.D. 400 (D.Hawai'i, June 21, 2007). Under HRS § 480-13, Plaintiffs need only show that because of Defendant's alleged fraud, they were in a worse position than they would have been in had they invested their money in a financial instrument not tainted by fraud.

C. <u>Actual damages pursuant to Haw. Rev. Stat. § 480-13 against each and every Defendant in an amount that will fully and fairly compensate Plaintiff, and to be determined by a jury.</u>

This is a subjective amount and based on a jury's determination and discretion at trial. Trial counsel has the absolute right to request damages based upon how the evidence comes in at trial, the testimony adduced from witnesses, and the composition of the jury, amongst numerous other factors. Plaintiff cannot reduce to a fixed dollar sum the value of his actual emotional distress damages because it is a factual issue for the trier of fact. Plaintiff's testimony, witness testimony, medical records, and other evidence will be introduced at trial to assist the jury in determining these actual damages. At that time, the jury will compute actual damages but until then actual damages are simply indeterminate.

As previously indicated, a computation of emotional distress damages is difficult to quantify, and thus is not typically included in initial disclosures. *Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390 (C.D. Cal. 2007). See, e.g., *Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n. 3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)"); *Creswell v. HCAL Corp.*, No. CV 04-388 BTM (RBB), 2007 U.S. Dist. LEXIS 9724, 2007 WL 628036, *2 (S.D. Cal. Feb. 12, 2007) ("While Rule 26 generally requires a party to

provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation. . . . Thus, Plaintiff's failure to provide a computation of his emotional damages is excused and Plaintiff is permitted to seek such damages at trial"); *Burrel v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D. Tex. 1997) (finding that no computation of compensatory damages attributable to mental anguish was required under Rule 26(a)(1)(C) because such damages would be determined by the trier of fact).

Plaintiff is claiming actual damages and economic loss incurred as a direct result of the Defendant's invasions of his privacy and for the other emotional distress caused to him by Defendant, amongst other things, and as fully spelled out in the Complaint filed herein. The finder of fact will determine statutory, actual and/or punitive damages.  Finally, Plaintiff is unaware of any court cases that require counsel to calculate any specific amount as general damages when they are indeterminate and for a jury to decide.  Moreover, this amount is ongoing.  If there is authority to the contrary requiring that an arbitrary sum be computed within these disclosures, Plaintiff respectfully requests that Defendant provide this authority to the undersigned counsel immediately.

D. <u>Costs of litigation and reasonable attorney's fees pursuant to Haw. Rev. Stat. § 480-13 against Defendants and for Plaintiff as determined by the Court.</u>

1. Attorney's Fees

The amount of attorney's fees is based typically based on a "lodestar calculation", that is, the number of hours expended in a matter times the attorney's hourly rate. This calculation is almost universally accepted in fee-shifting cases in Federal court and may also include a request for a "multiplier." A multiplier is a factor by which a Court may increase at their discretion the attorney's fees by say, for instance 50%, or a 1.5 multiplier. The use of multipliers is done generally to reward Plaintiff's counsel for a job well done, or for prevailing in an action that required particularized legal skill or expertise.

Any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by Haw. Rev. Stat. § 480-2 may sue for damages sustained by the consumer, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit; provided that where the plaintiff is an elder, the plaintiff, in the alternative, may be

awarded a sum not less than $5,000 or threefold any damages sustained by the plaintiff, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit.

There are numerous recent court decisions supporting a successful Plaintiff's right to recover reasonable attorney's fees:

- *Ciere v. Leticia Query Realty, Inc.*, 80 H. 54, 905 P.2d 29 (Hawai'i Sept. 28, 1995) Under subsection Haw. Rev. Stat. § 480-13 (b)(1), an award of attorneys' fees is mandatory and comprises a portion of the statutory recovery for purposes of calculating the "greater amount" of recovery.

2. Costs

The amount of costs claimed by the Plaintiff after prevailing in this action is controlled by both the filing of a Bill of Costs with the Clerk and is governed in large part by the following basic areas of Federal law:

A. Costs Generally

When a judgment is entered in favor of a party it may use the language "and costs." The costs are not itemized at this point. If the parties are unable to agree as to the amount of costs, the prevailing party may file a bill of costs. A bill of costs is distinct from a motion for attorney's fees and costs. In some

situations it may be appropriate to file both a bill of costs and a motion for attorney's fees and costs. Duplicate costs, however, will not be awarded.

The procedure for taxing costs varies between districts. When and how taxation takes place depends upon local practice, statutes, case decisions, and local court rules. In this district it is generally the Clerk who reviews bills of costs. There are, however, occasions when the judge who handled the case will rule on the bill of costs.

A request for taxation of costs is called a "bill of costs." It is not a motion. The Administrative Office of the United States Courts ("AO"), has prepared a form bill of costs, AO 133. The form is available on the Court's web site or from the Clerk's Office. A bill of costs must be submitted on form AO 133. A bill of costs submitted in a manner other than on form AO 133 will usually be rejected for filing and be returned by the Clerk's Office.

Attached to the bill of costs should be copies of any vouchers, bills, canceled checks, or other documentation showing the amount of costs and/or their purpose. It is not generally necessary to submit multiple documentation of a single cost. For example, an invoice is generally sufficient documentation of a cost.

In cases involving more than a single plaintiff and/or a single defendant, the Clerk will not award the same cost more than once. Generally,

where multiple prevailing parties or multiple losing parties are represented by the same counsel, it is assumed they may be treated as a single entity for purposes of the bill of costs. If this is not the situation, the memorandum and/or opposition should include an explanation of why the parties believe they should be treated differently and how. Generally, where multiple prevailing parties or multiple losing parties are represented by different counsel, it is assumed they should be treated as separate entities for purposes of the bill of costs. In this situation the memorandum and/or opposition should address the issues of which costs are attributable to which party and how they should be apportioned.

B.    28 U.S.C. § 1920 Taxation of Costs

A judge or clerk of any court of the United States may tax as costs the following:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

      5.  Docket fees under § 1923 of this title;

      6.  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.  A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

C.     Federal Rule of Civil Procedure 54(d)(1):

Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Generally, such costs may be taxed by the Clerk on a specified period of time for notice and upon the objection filed timely by the party opposing the awarding of such costs, the action of the Clerk may be reviewed by the court.

D.     Federal Rule of Appellate Procedure 39(e):

The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

   1. the preparation and transmission of the record;

   2. the reporter's transcript, if needed to determine the appeal;

3. premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

4. the fee for filing the notice of appeal.

Plaintiff reserves his right to supplement and/or amend these disclosures.

December 30, 2013						Respectfully submitted,

							REED SAILOLA


					BY:	*/s/ Justin A. Brackett*
						Richard L. Holcomb (#9177)
						Justin A. Brackett (#9954)
						Attorneys for Plaintiff
						Holcomb Law, LLLC
						1136 Union Mall, Suite 808
						Honolulu, HI  96813
						rholcomblaw@live.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 30, 2013, a copy of the foregoing Rule 26(a)(1) Disclosures was served by first class mail on the parties listed below:

>                                  */s/ Justin A. Brackett*
>                                  Justin A. Brackett, (#9954)
>                                  Attorney for Plaintiff

David J. Minkin & Courtney K. Sue-Ako
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, HI  96813