IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REED SAILOLA, | ) | CIVIL NO. 13-00544 HG RLP |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION |
| vs. | ) | |
| | ) | |
| MUNICIPAL SERVICES BUREAU and | ) | |
| JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................... 1

II.   BACKGROUND ............................................................................ 3

III.  APPLICABLE LEGAL STANDARDS ......................................... 4

     A.    FRCP Rule 12(b)(1) ........................................................ 4

     B.    FRCP Rule 12(b)(6) ........................................................ 5

     C.    FRCP Rule 12(b)(7) ........................................................ 6

IV.  DISCUSSION ................................................................................ 7

     A.    The Rooker-Feldman Doctrine Bars Trying *De Facto* Appeals of State Court Judgments in the Federal District Courts. ..................... 7

          1.    An action brought in federal district court is a *de facto* appeal of a state court judgment when the claims are "inextricably intertwined" with the state court's decision .......... 8

          2.    Reviewing the merits of Plaintiff's Complaint will inevitably require review of the merits of the Traffic Court's decision. ........................................................ 10

     B.    The Hawai'i Judiciary is a Necessary Party Whose Joinder is Barred by the Eleventh Amendment, and is Therefore an Indispensable Party to This Action. .................................... 13

          1.    The Hawai'i Judiciary is necessary because meaningful relief cannot be accorded between the existing parties. ........... 13

          2.    The Hawai'i Judiciary is necessary because it must be present to protect its interest in collecting outstanding criminal fines without obstruction from the federal courts. ........................................................ 14

          3.    The Hawai'i Judiciary is also a necessary party to this action because it may be held vicariously liable for TCPA violations, if any violations are found. ...................... 16

4.    If the Hawai'i Judiciary is not joined, then MSB is subject to a substantial risk of incurring multiple or inconsistent obligations.................................................17

5.    The Hawai'i Judiciary is indispensable because the Eleventh Amendment bars joinder of the Hawai'i Judiciary in federal district court. ............................................19

C.    Plaintiff Fails to State a Claim Based on Alleged Violations of the TCPA Because the TCPA Does Not Apply to Attempts to Collect a Criminal Fine Resulting From a State Court Judgment. ...................................................................................20

1.    The "do not call registry" does not apply, because MSB was not making a telephone solicitation....................................22

2.    Even if the TCPA applies, MSB did not violate the TCPA because Plaintiff consented to being contacted at the number provided in connection with MSB's collection of the DUI Fine. ........................................................23

D.    HRS Chapter 443B Does Not Apply Because Municipal Services is Not a "Collection Agency" and the Outstanding Judgment is Not a "Debt" as Defined by HRS § 443B-1. ..................24

E.    Plaintiff Fails to State a Claim for Relief Based on Violations of HRS Chapter 480 Because Plaintiff is not a Consumer......................25

F.    Plaintiff Fails to Demonstrate that MSB Owed a Statutory Duty to Plaintiff Based on Violations of the TCPA and the HRS. ..............26

G.    Plaintiff Fails to Show that MSB Owed a Duty to Plaintiff that MSB Breached. ...............................................................................27

H.    Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress. ............................................................................29

I.    Plaintiff Fails to State a Claim for Negligent Training and/or Negligent Supervision........................................................................31

J.    Plaintiff Fails to State a Claim Based on State Criminal Statutes. .............................................................................................32

K.      Plaintiff Fails to State a Claim for Intrusion Upon Seclusion ............33

V.    CONCLUSION ............................................................................................35

## TABLE OF AUTHORITIES

Page(s)

## <u>CASES</u>

<u>Abraham v. S.E. Onorato Garages</u>,
  50 Haw. 628, 446 P.2d 821 (1968)....................................................31

<u>Aiona v. Judiciary of Hawai'i</u>,
  17 F.3d 1244 (9th Cir. 1994) ........................................................15

<u>Akhtar v. Mesa</u>,
  698 F.3d 1202 (9th Cir. 2012) .......................................................5

<u>Alexander v. City of Chicago</u>,
  994 F.2d 333 (7th Cir. 1993) ........................................................4

<u>Ashcroft v. Iqbal</u>,
  556 U.S. 662 (2009) ........................................................5, 6, 27, 29

<u>Bally Export Corp. v. Balicar, Ltd.</u>,
  804 F.2d 398 (7th Cir. 1986) ........................................................5

<u>Bator v. Hawai'i</u>,
  910 F. Supp. 479 (D. Haw. 1995)....................................................19

<u>Bator v. Judiciary, Adult Probation Div.</u>,
  1992 U.S. Dist. LEXIS 22214 (D. Haw. 1992)............................................19

<u>Bell Atlantic Corp. v. Twombly</u>,
  550 U.S. 544 (2007) ................................................................5, 6

<u>Bianchi v. Rylaarsdam</u>,
  334 F.3d 895 (9th Cir. 2003) ........................................................9

<u>Cade v. Newmann</u>,
  422 F. Supp. 2d 463 (D.N.J.) 2006) ..................................................15

<u>Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.</u>,
  276 F.3d 1150 (9th Cir. 2001) .......................................................18

<u>Disabled Rights Action Comm. v. Las Vegas Events, Inc.</u>,
  375 F.3d 861 (9th Cir. 2004) ........................................................13

District of Columbia Court of Appeals v. Feldman,
  460 U.S. 462 (1963) ........................................................................8, 9

Elkins v. Medco Health Solutions, Inc.,
  2014 U.S. Dist. LEXIS 57633 (E.D. Mo. Apr. 25, 2014) ............................23

Fergerstrom v. Hawaiian Ocean View Estates,
  50 Haw. 374, 441 P.2d 141 (1968)................................................34

Hac v. Univ. of Hawai'i, 102 Hawai'i 92, 73 P.3d 46 (2003)................................30

Horowitz v. Sulla,
  2014 U.S. Dist. LEXIS 33913 (D. Haw. Mar. 14, 2014).................32, 34, 35

Juidice v. Vail,
  430 U.S. 327 (1977) ........................................................................15

Kaho'ohanohano v. Dep't of Human Services,
  117 Hawai'i 262, 178 P.3d 538 (2008) ........................................27

Kokkonen v. Guardian Life Ins. Co. of America,
  511 U.S. 375 (1994) ........................................................................34

Linda R.S. v. Richard D.,
  410 U.S. 614 (1973) ........................................................................32

Machado v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers,
  454 F. Supp. 1056 (D. Haw. 2006)................................................4

Otani v. City & County of Hawai'i,
  126 F. Supp. 2d 1299 (1998)................................................31

Pennzoil Co. v. Texaco Inc.,
  481 U.S. 1 (1987) ........................................................................9, 12

Reusser v. Wachovia Bank, N.A.,
  525 F.3d 855 (9th Cir. 2008)................................................8

Rooker v. Fidelity Trust Co.,
  263 U.S. 413 (1923) ........................................................................8

S. Birch & Sons v. Martin,
  244 F.2d 556 (9th Cir. 1957)................................................31

Smallwood v. NCsoft Corp.,
    730 F. Supp. 2d 1213 (D. Haw. 2010) ........................................................30

State v. Kiese,
    126 Hawaiʻi 494, 273 P.3d 1180 (2012) .................................................11, 12

Thourot v. Tanuvasa,
    2012 U.S. Dist. LEXIS 18206 (D. Haw. 2012).........................................32

Young v. Allstate Ins. Co.,
    119 Hawaiʻi 403 (2008)................................................................................30

Younger v. Harris,
    410 U.S. 37 (1971) ......................................................................................15

## STATUTES

15 U.S.C. § 1692a(5) ............................................................................................21

28 U.S.C. § 1331 ..................................................................................................34

28 U.S.C. § 1367(a) .............................................................................................34

47 U.S.C. § 154.....................................................................................................21

47 U.S.C. § 227(b)(1) ...........................................................................................21

47 U.S.C. § 227(b)(1)(A) ......................................................................................23

47 U.S.C. § 227(b)(2) ...........................................................................................21

Haw. Rev. Stat. § 443B-1 ........................................................................21, 24, 25

Haw. Rev. Stat. § 480-1 ........................................................................................26

Haw. Rev. Stat. § 480-2(d) ...................................................................................26

Haw. Rev. Stat. § 641-14(a) .................................................................................11

Haw. Rev. Stat. § 662-3 ........................................................................................20

## RULES

Fed. R. Civ. P. 12(h)(2).........................................................................................4

Fed. R. Civ. P. 19(a)(1)................................................................6

Fed. R. Civ. P. 19(b) ..................................................................7

Fed. R. Civ. P. 8(a)(2)................................................................6

Haw. R. App. P. 8(c)................................................................11

## OTHER AUTHORITIES

12-31 Moore's Federal Practice § 12.23 (3d ed. 2013)............................4

2 Moore's Federal Practice § 12.30[1] .........................................5

31 Am. Jur. 2d Exemptions § 250 ...............................................25

In re Joint Petition Filed by DISH Network, LLC, et al.,
       28 FCC Rcd 6574 (adopted Apr. 17, 2013) .................................16

In re Rules and Regulations Implementing the Telephone Consumer
       Protection Act of 1991, Request of ACA Int'l for Clarification and
       Declaratory Ruling, 23 FCC Rcd. 559 (adopted Dec. 28, 2007) .................16

In re: Request of ACA Int'l,
       23 FCC Rcd. at 565 ...................................................17, 22, 23

Restatement (Second) of Torts § 286 ...........................................27

Restatement (Second) of Torts § 317 (1965)......................................31

Restatement (Second) of Torts § 46 cmt. d ......................................30

Rules and Regulations Implementing the Telephone Consumer Protection
       Act of 1991, 7 FCC Rcd. 8752 (adopted Oct. 16, 1992)..........................22

U.S. Const. amend. XI ..........................................................19

## MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

Defendant Municipal Services Bureau ("MSB") moves this Honorable Court

to enter judgment dismissing Plaintiff Reed Sailola's ("Plaintiff") Complaint, filed

October 18, 2013 ("Complaint") based on the pleadings.  Plaintiff's Complaint

fails to satisfy threshold requirements of jurisdiction and standing, and fails to state

a claim upon which relief can be granted.  This Court lacks subject-matter

jurisdiction over Plaintiff's Complaint pursuant to the Rooker-Feldman doctrine, as

this Court must review decisions rendered by the Hawai'i State Traffic Court

("Traffic Court") in the Traffic Court's underlying judgment against Plaintiff for

violating Hawai'i law by driving under the influence of alcohol.

Even if this Court finds it has subject matter jurisdiction, Plaintiff's claims

still cannot be resolved without joining the Hawai'i State Judiciary ("Hawai'i

Judiciary"), a necessary and indispensable party.  MSB is a contracted agent of the

Hawai'i Judiciary and the undisputed facts establish that MSB received its

information about Plaintiff's account from the Hawai'i Judiciary.  See Complaint

at ¶ 187 ("Defendant obtained [Plaintiff]'s account information from the District

Court"); MSB's Answer to Complaint for Damages, Declaratory and Injunctive

Relief, Filed on October 18, 2013 ("Answer") at ¶ 5 (admitting that MSB obtained

Plaintiff's account information from the District Court for the First Circuit of

Hawaiʻi).  However, because the Eleventh Amendment bars joinder of the Hawaiʻi

Judiciary in the federal district courts, the Hawaiʻi Judiciary is also an

indispensable party.  Accordingly, it is appropriate to dismiss Plaintiff's Complaint

for failure to join a necessary and indispensable party.

Finally, all of Plaintiff's allegations based on Hawaii Revised Statutes

("HRS") Chapter 443B fail to state a claim upon which relief may be granted

because MSB is not a "collection agency" as defined by HRS section 443B-1.  To

the extent that Plaintiff's claim of "violations of the Hawaii Revised Statutes,

Unfair or Deceptive Acts or Practices" under HRS Chapter 480 is based on

supposed violations of HRS Chapter 443B, Plaintiff again fails to state a claim

because HRS Chapter 443B does not apply to MSB.  Plaintiff also fails to state a

claim under HRS Chapter 480 because Plaintiff is not a consumer and the debt

involved is not a consumer debt.  Plaintiff has not demonstrated how MSB owes a

duty, statutory or otherwise, under either the HRS or the Telephone Consumer

Protection Act ("TCPA").  As explained herein, Plaintiff also fails to state a claim

for Intentional Infliction of Emotional Distress and Negligent Training and/or

Negligent Supervision, and "Intrusion Upon Seclusion."  Finally, Plaintiff lacks

standing to assert claims based on state criminal statutes, HRS sections 711-1106

(criminal harassment) and 711-1111(h) (criminal invasion of privacy).

II.   <u>BACKGROUND</u>

As recorded in the Traffic Court's docket, which is attached to Plaintiff's Complaint as Exhibit "A" ("Traffic Court Docket"), Plaintiff was charged with driving under the influence of alcohol in violation of Hawaiʻi state law.  The Traffic Court found Plaintiff "guilty beyond reasonable doubt" on December 6, 2012.  Plaintiff was fined accordingly ("DUI Fine").

Plaintiff submitted a request for an appeal on January 7, 2013, during his sentencing.  On June 6, 2013, the Traffic Court Docket notes that Plaintiff had filed a Notice of Appeal on May 28, 2013.  Plaintiff, however, did not file for a stay of the collection of the DUI Fine; nor has he alleged that he requested a stay, or that the Traffic Court granted one.  Due to Plaintiff's non-payment of the DUI Fine, the Traffic Court submitted Plaintiff's outstanding judgment to MSB for collection on July 1, 2013—<u>after</u> the Traffic Court Docket noted Plaintiff's Notice of Appeal.[1]

Plaintiff's Complaint appears to be primarily based on alleged violations of the TCPA, Hawaii's statute governing collection agencies, Hawaii's consumer protection statute, criminal statutes, and common law claims.

---

[1] The Hawaiʻi State Intermediate Court of Appeals has yet to issue a decision in Plaintiff's appeal.  An Opening Brief, Answering Brief, and Reply Brief were filed on May 10, 2013; July 12, 2013; and July 22, 2013.  The last filing was from the Attorney General of the State of Hawaiʻi, who filed an amicus curiae brief on August 1, 2013.

III.   APPLICABLE LEGAL STANDARDS

The Federal Rules of Civil Procedure ("FRCP") recognize three fundamental defenses:  Lack of subject matter jurisdiction under FRCP Rule 12(b)(1); failure to state a claim upon which relief can be granted under FRCP Rule 12(b)(6); and failure to join a necessary and indispensable party under FRCP Rule 12(b)(7).  FRCP Rule 12(h)(2); see also 12-31 Moore's Federal Practice § 12.23 (3d ed. 2013) (noting that these defenses are "considered so fundamental that they may be raised even during trial").  FRCP Rule 12(h)(2) allows parties to raise these defenses by motion for judgment on the pleadings under FRCP Rule 12(c) after the pleadings have closed.  Machado v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, 454 F. Supp. 1056, 1061 (D. Haw. 2006).

A FRCP Rule 12(c) motion for judgment on the pleadings "is subject to the same standard as a rule 12(b)(6) motion to dismiss." Id. (quoting Alexander v. City of Chicago, 994 F.2d 333, 335 (7th Cir. 1993)).  Thus, this Court, "viewing all facts in a light most favorable to the non-moving party, may grant the motion only if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." Alexander, 994 F.2d at 335 (internal quotations omitted).

A.   FRCP Rule 12(b)(1)

Lack of subject matter jurisdiction may never be waived and "may be raised at any time," because it "challenges the court's statutory or constitutional power to

adjudicate the case."  2 Moore's Federal Practice § 12.30[1].  "[I]t is well

established that the plaintiff must prove jurisdiction exists once it is challenged by

the defendant."  Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 401 (7th Cir.

1986).

> B.    FRCP Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim upon which relief

can be granted, "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  Akhtar v. Mesa,

698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009)).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007)).

Two working principles underlie the federal approach to motions to dismiss

for failure to state a claim:  First, "the tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  Id., 556 U.S. at 678 (summarizing holding

in Twombly, 550 U.S. at 555).  Second, "only a complaint that states a plausible

claim for relief survives a motion to dismiss."  Id. at 679 (citing Twombly, 550

U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'"  Id. (quoting FRCP

Rule 8(a)(2)).

If a pleading states nothing more than conclusions, then the pleading is "not

entitled to the assumption of truth."  Id.  "While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations.  When

there are well-pleaded factual allegations, a court should assume their veracity and

then determine whether they plausibly give rise to an entitlement to relief."  Id.

C.    FRCP Rule 12(b)(7)

Under FRCP Rule 19(a)(1), a party is "necessary" if "in that person's

absence, the court cannot accord complete relief among existing parties"; or the

absent party "claims an interest relating to the subject of the action," and disposing

of the action without the absent party may either "as a practical matter impair or

impede the person's ability to protect the interest," or "leave an existing party

subject to a substantial risk of incurring . . . multiple, or otherwise inconsistent

obligations because of the interest."

If the party is "necessary," then the court may also address whether the party

is also "indispensable" under FRCP Rule 19(b).  Here, the court "must determine

whether, in equity and good conscience, the action should proceed among the

existing parties or should be dismissed." FRCP Rule 19(b). Factors to consider

include "the extent to which a judgment rendered in the person's absence might

prejudice that person or the existing parties"; "the extent to which any prejudice

could be lessened or avoided" by "protective provisions in the judgment," "shaping

the relief," or "other measures"; "whether a judgment rendered in the person's

absence would be adequate"; and "whether the plaintiff would have an adequate

remedy if the action were dismissed for nonjoinder." FRCP Rule 19(b). If a party

is indispensable, then the Complaint must be dismissed.

IV.   DISCUSSION

    A.   The Rooker-Feldman Doctrine Bars Trying *De Facto* Appeals of State
           Court Judgments in the Federal District Courts.

    Plaintiff's Complaint is premised on answering a single question: *Did the*

*Hawai'i State Traffic Court err when it submitted collection of Plaintiff's judgment*

*to MSB?* See Complaint at ¶ 11 (claiming that "Hawai'i law mandates the stay of

execution of sentences in petty misdemeanor cases"), ¶¶ 14-16 (claiming that

Plaintiff's "sentence remains stayed and any financial obligation arising from that

conviction is currently neither due or owing" simply because Plaintiff filed an

appeal of his conviction). Plaintiff challenges the validity of the DUI Fine

throughout his Complaint by describing it as a "non-existent debt" numerous

times. Id. at ¶¶ 3, 32, 44, 46, and 88. In doing so, he also challenges the entire

validity of the Traffic Court's referral of his DUI Fine to MSB for collection.

Plaintiff thus seeks a *de facto* appeal of a state court judgment in federal

district court.  Such an appeal is barred under the Rooker-Feldman doctrine and the

district court lacks subject matter jurisdiction over Plaintiff's Complaint as a result.

1.  An action brought in federal district court is a *de facto* appeal of a state court judgment when the claims are "inextricably intertwined" with the state court's decision.

The Rooker-Feldman doctrine is a "well-established jurisdictional rule

prohibiting federal courts from exercising appellate review over final state court

judgments." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858 (9th Cir. 2008).

In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the plaintiff sought relief

from a final state court judgment before a federal district court, claiming that the

state court judgment violated certain constitutional rights.  Noting that federal

district court jurisdiction is "strictly original," the Supreme Court of the United

States ("U.S. Supreme Court") affirmed the district court's refusal to exercise

jurisdiction over the plaintiff's suit. Rooker, 263 U.S. at 416.

Sixty years later, in District of Columbia Court of Appeals v. Feldman,

460 U.S. 462 (1963), the U.S. Supreme Court again denied an attempt to appeal a

state court decision in the federal courts.  In doing so, the U.S. Supreme Court held

that if the claims presented before the federal district court are "inextricably

intertwined" with a state court's decision, then the federal district court "is in

essence being called upon to review the state-court decision.  This the district court may not do." Feldman, 460 U.S. at 483.

A federal claim is "inextricably intertwined" with a state court judgment if the claim "succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).  If relief "can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Id.  Where, like here, a federal district court is asked to review the merits of a state court judgment, the state court's decision and the federal court claim are inextricably intertwined; the federal court claim is a *de facto* appeal of the state court judgment; and the district court lacks subject matter jurisdiction over the plaintiff's federal court claim. See Pennzoil Co., 481 U.S. at 26 (when a claim "necessarily involved some review of the merits of" the state court judgment, that claim was "inextricably intertwined" with the merits of the state court judgment and the district court "lacked jurisdiction over Texaco's complaint in the first instance" (emphasis in original)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (a federal action is a *de facto* appeal when "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the

district court to interpret the application of state laws or procedural rules"). As

such, this Court lacks subject matter jurisdiction over Plaintiffs' Complaint and it

therefore must be dismissed.

    2.    <u>Reviewing the merits of Plaintiff's Complaint will inevitably require review of the merits of the Traffic Court's decision.</u>

To rule upon the validity of MSB's actions in attempting to collect

Plaintiff's DUI Fine, this Court must review specific decisions by the Traffic

Court. In particular, this Court must address the following questions:

- Did the Traffic Court abuse its discretion by not issuing a stay of proceedings and collection of the DUI Fine after Plaintiff filed his Notice of Appeal?[2]

- Did the Traffic Court err in convicting Plaintiff of driving under the influence of alcohol, which is the subject of Plaintiff's pending state court appeal?

- Did the Hawai'i Judiciary err by submitting Plaintiff's contact information and information about his outstanding DUI Fine to MSB?

Plaintiff contends that the Traffic Court should have issued an automatic

stay of collection upon the filing of Plaintiff's appeal. Complaint at ¶ 11.

Plaintiff's apparent position on the matter is that stays on the <u>collection</u> of

judicially decreed criminal fines should issue automatically upon filing an appeal.

However, Plaintiff alleges that he "requested a stay of his <u>sentence</u>," Complaint at

---

[2] This Court will also have to answer whether Hawai'i state law grants an automatic stay on collecting a criminal fine when the defendant files a notice of appeal. Such a question is within the jurisdiction of the Hawai'i state courts, however, not the federal courts.

¶ 12 (emphasis added), but he did <u>not</u> allege—and neither the Traffic Court Docket nor the Intermediate Court of Appeal's ("ICA") docket reflects—that Plaintiff requested a stay of <u>collection</u> of his DUI Fine, or that the Traffic Court granted a stay of collection without any conditions.  As is apparent from the Traffic Court Docket, the Traffic Court exercised its discretion in referring Plaintiff's DUI Fine for collection.

Under the Hawai'i Rules of Appellate Procedure ("HRAP"), stays in criminal cases "shall be had according to law."  HRAP Rule 8(c).  Under Hawai'i state law, filing a notice of appeal "<u>may</u> operate as a stay of execution and <u>may</u> suspend the operation of any sentence or order of probation," but only "<u>in the discretion of the trial court</u>."  HRS § 641-14(a) (emphases added); <u>cited</u> in <u>State v. Kiese</u>, 126 Hawai'i 494, 510, 273 P.3d 1180, 1196 (2012).[3]  Thus, even assuming

_____

[3] Plaintiff's Complaint relies upon an erroneous interpretation of Hawai'i law.  Plaintiff claims that, according to <u>Kiese</u>, Hawai'i law "mandates the stay of execution of sentences in petty misdemeanor cases" while an appeal is pending.  Complaint at ¶ 11.  Under this interpretation, Plaintiff's sentence was stayed "and any financial obligation arising from that conviction is currently neither due or owing."  Complaint at ¶ 16.  Plaintiff claims that the Traffic Court "recognized" that his sentence was stayed on June 6, 2013.  Complaint at ¶ 12.  However, Plaintiff does not allege that the Traffic Court also issued a stay in collection.  The Traffic Court's docket notes only "Sentence stayed" and "Bail continued" on June 6, 2013, without further explanation.  It goes on to note "Collection Agency Submitted" on July 1, 2013.  <u>See</u> Complaint at attached Exhibit "A" at 3.

In <u>Kiese</u>, the Hawai'i Supreme Court held that a defendant who appealed his petty misdemeanor conviction was "entitled to a <u>continuance of bail</u> pending appellate review, during which time the trial court was without jurisdiction to execute [the defendant's] <u>probationary sentence</u> . . . ."  <u>Kiese</u>, 126 Hawai'i at 510,

that Plaintiff did request a stay in the collection of the DUI Fine, Plaintiff cannot

now appeal the Traffic Court's discretionary decision to not issue a stay before the

federal district court.   Alternatively, even if Hawaiʻi state law holds (as Plaintiff

alleges) that an automatic stay in collection should have issued immediately upon

Plaintiff's notice of appeal, the appropriate venue to appeal the Traffic Court's

conclusion of law, discretionary decision, or even the rules of the Traffic Court's

procedure itself, lies with the state courts, and not the federal district court.

As a result, the merits of Plaintiffs' Complaint are inextricably intertwined

with the merits of the Traffic Court's judgment, and Plaintiff's entire Complaint is

an attempt to file a *de facto* appeal of Plaintiff's DUI conviction.   <u>Pennzoil Co.</u>,

481 U.S. at 26 (1987) (Marshall, J., concurring).

---

273 P.3d at 1196 (emphases added).   Thus, contrary to Plaintiff's interpretation, <u>Kiese</u> more accurately stands for the automatic continuance of <u>bail</u> upon notice of appeal, but it did <u>not</u> extend automatic stays to encompass collection of criminal fines, which are at issue here.   Nor did it abrogate the trial court's initial <u>discretion</u> to grant or deny a stay in collection, or to place conditions on a granted stay, pending appeal.   If Plaintiff wishes to appeal collection of his DUI Fine based on an alleged error in the trial court's discretion, then that matter is appealable to the ICA, but <u>not</u> the federal district courts.

The ICA also addresses this issue in its Frequently Asked Questions: "In a criminal case, the filing of a Notice of Appeal or the giving of oral notice in open court at the time of sentence . . . of an intention to take an appeal <u>may, in the discretion of the trial court</u>, operate as a stay of the sentence . . .   The trial court may impose conditions upon which a stay is granted." ICA Frequently Asked Questions (FAQs) at 13, <u>available at</u> http://www.courts.state.hi.us/docs/ccoa/ICA_FAQ.pdf (emphases added).

B.   The Hawai'i Judiciary is a Necessary Party Whose Joinder is Barred by the Eleventh Amendment, and is Therefore an Indispensable Party to This Action.

Plaintiff's Complaint should be dismissed for the independent but equally dispositive reason that it failed to join the Hawai'i Judiciary, a necessary and indispensable party to this matter.

1.   The Hawai'i Judiciary is necessary because meaningful relief cannot be accorded between the existing parties.

Relief is not "complete" unless it is "consummate," rather than "partial or hollow." Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004). As Plaintiff establishes in his Complaint, complete relief cannot be had here unless the Hawai'i Judiciary is also joined as a party in this matter. Plaintiff repeatedly alleges that MSB obtained his phone number through the Traffic Court; that MSB is an agent of the Traffic Court; and that MSB caused Plaintiff harm by using the information MSB obtained from the Traffic Court in order to collect Plaintiff's outstanding DUI Fine.[4] Plaintiff also repeatedly disputes the "validity" of the DUI Fine that the Judiciary referred to MSB. He claims that

---

[4] See, e.g., Complaint at ¶¶ 17 ("As an assignee or servicer of Mr. Sailola's debt, Defendant knew, or should have known from its communications with the principal, that the money was not owed"), 138 ("Defendant claims to be collecting for the District Court . . . As an agent for the District Court, the knowledge of the District Court is imputed on Defendant. The District Court has Mr. Sailola's attorney's name and address on file and thus this information has been, at all times, readily available to Defendant"), 140 ("Defendant represented itself as an agent of the District Court . . ."), 187 ("Defendant obtained Mr. Sailola's account information from the District Court").

13

"Hawai'i law mandates the stay of execution of sentences in petty misdemeanor cases" "[w]hile appeals are pending." Complaint at ¶ 11. In addition to disputing the validity of the DUI Fine, Plaintiff also disputes the Hawai'i Judiciary's process and procedure in referring judgments to collection.[5]

Plaintiff will not find complete relief without joining the Hawai'i Judiciary to this proceeding. Simply holding the Hawai'i Judiciary's agent liable for TCPA violations does not change the fact that the DUI Fine is currently still due to the Hawai'i Judiciary. The Hawai'i Judiciary presumably will still attempt to collect the DUI Fine which, as far as it is concerned, is still owed. For that reason, the Hawai'i Judiciary must be present because MSB cannot address, vet, or stop the procedures that led to Plaintiff's alleged injuries.

Accordingly, because complete relief cannot be achieved in its absence, the Judiciary must be joined as a necessary party.

> 2. The Hawai'i Judiciary is necessary because it must be present to protect its interest in collecting outstanding criminal fines without obstruction from the federal courts.

The Hawai'i Judiciary has an important and legitimate interest in enforcing state laws and the orders and decisions rendered by the Hawai'i Judiciary.

---

[5] See, e.g., Complaint at ¶¶ 32 and 88 (describing the DUI Fine as a "non-existent, unliquidated, and/or illegitimate debt"), 36 and 93 (claiming that "the execution of judgment had been stayed pending the appeal"), 99 (claiming that MSB "and/or the Hawai'i District Court" are not "entitled to payment"), 195 ("Defendant does not currently owe this debt . . .").

Juidice v. Vail, 430 U.S. 327, 335-36 (1977); see also id. at 336 n.12 (judiciary has an interest in ensuring that its "orders and judgments are not rendered nugatory"), Cade v. Newmann, 422 F. Supp. 2d 463 (D.N.J. 2006) (when the plaintiff raised issues concerning the validity of a state criminal proceeding against him, he clearly implicated an important state interest). This is of particular importance where criminal proceedings are involved, and it is why, under principles of comity, federal courts abstain from deciding matters involving state criminal proceedings. See Younger v. Harris, 410 U.S. 37, 46 (1971) (recognizing the "fundamental policy against federal interference with state criminal prosecutions"). Enforcing traffic law violations—particularly drunk driving—through issuing and collecting fines is part of this important state interest. See Aiona v. Judiciary of Hawai'i, 17 F.3d 1244, 1249 n.7 (9th Cir. 1994) ("In any event, the state does have an important state interest in keeping drunk drivers off the road").

MSB is the Hawai'i Judiciary's agent in this matter. It cannot fully represent and defend the Hawai'i Judiciary's interest in enforcing the Hawai'i Judiciary's orders and decisions. Moreover, as this matter involves Hawaii's criminal processes, the state itself has an important interest in Plaintiff's matter. For these reasons, the Hawai'i Judiciary must be joined to protect its important and legitimate interest in enforcing its judgments for criminal violations.

3.   The Hawai'i Judiciary is also a necessary party to this action because it may be held vicariously liable for TCPA violations, if any violations are found.

In 2008, the Federal Communications Commission ("FCC") ruled that the "creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules.  Calls placed by a third-party collector on behalf of that creditor are treated as if the creditor itself placed the call." In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling ("In re: Request of ACA Int'l"), 23 FCC Rcd. 559, 565 (adopted Dec. 28, 2007); cf. In re Joint Petition Filed by DISH Network, LLC, et al., 28 FCC Rcd 6574, 6584 (adopted Apr. 17, 2013) (in telemarketing matters, a seller "may be vicariously liable for violations by its representatives under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification").  Accordingly, the creditor, who is "in the best position to have records kept in the usual course of business showing" prior express consent to be contacted at the called number, is charged with the burden of establishing that no TCPA violation was committed because the debtor provided prior express consent to be contacted at the called number in connection with the "debt" owed.  Id.

The DUI Fine is not a "debt," nor is MSB a "collection agency," under HRS Chapter 443B.  See discussion infra at Part IV.D.  However, even though the DUI Fine does not involve telemarketing, debt, debt collection, or a collection agency, as defined by HRS Chapter 443B, insofar as Plaintiff has alleged that MSB committed violations of the TCPA as the Judiciary's "debt collector," the FCC decisions establish that the Hawai'i Judiciary must be joined as a necessary party in this matter, as the Hawai'i Judiciary may potentially be vicariously liable for actions that were performed on the Hawai'i Judiciary's behalf.  The Hawai'i Judiciary has full control over Plaintiff's "account information," not MSB. Accordingly, the Hawai'i Judiciary, as the creditor, and not MSB, its third-party collector, is in the "best position" to show that Plaintiff provided prior express consent to be contacted at the called number.  In re: Request of ACA Int'l, 23 FCC Rcd at 565.

4.    If the Hawai'i Judiciary is not joined, then MSB is subject to a substantial risk of incurring multiple or inconsistent obligations.

If this matter proceeds without the Hawai'i Judiciary, MSB will be exposed to the substantial risk of incurring multiple or inconsistent obligations.  As the Hawai'i Judiciary's contracted agent to collect outstanding judgments rendered by the Hawai'i state courts, MSB receives direction and information directly from the Hawai'i Judiciary.  Only the Hawai'i Judiciary is in the best position to know if a telephone number provided by a criminal defendant is a cellular phone number, not

MSB.  Furthermore, only the Hawai'i Judiciary has control over whether cellular

phone numbers are accepted forms of contact information.

Without the Hawai'i Judiciary as a party to this action, if this Court

ultimately finds that TCPA violations occurred, then the only party who suffers the

consequences of that finding is MSB, which was fulfilling its contractual

obligations to the Hawai'i Judiciary.  The Hawai'i Judiciary, in the meantime,

could continue to convey information to MSB without MSB knowing that it is

calling a cell phone number until MSB is summoned to court on a TCPA case, as

Plaintiff did here.  The Hawai'i Judiciary again <u>must</u> be present so that MSB is not

subject to multiple or inconsistent obligations arising from alleged TCPA

violations.  <u>Cf.</u> <u>Dawavendewa v. Salt River Project Agric. Improvement & Power</u>

<u>Dist.</u>, 276 F.3d 1150, 1157-58 (9th Cir. 2001) (when a non-Navajo individual

claimed that a named party violated Title VII of the Civil Rights Act of 1964 when

it complied with a contractual agreement with the Navajo Nation to favor hiring

Navajo individuals over non-Navajo individuals, the Navajo Nation was a

necessary party because only the named party would be bound by the outcome of

the suit, while the Navajo Nation could continue to enforce its hiring preference

policy; this would result in the named party facing "intractable, mutually exclusive

alternatives" to either obey the court ruling or obey its contractual agreement with

the Navajo Nation, and would subject the named party to the substantial risk of

multiple, inconsistent obligations).

> 5.   The Hawai'i Judiciary is indispensable because the Eleventh
> Amendment bars joinder of the Hawai'i Judiciary in federal
> district court.

Based on the foregoing, the Hawai'i Judiciary is a necessary party.

However, because the Eleventh Amendment bars joinder of the Hawai'i Judiciary

in this matter, the Hawai'i Judiciary is also an indispensable party and this action

must be dismissed.

The Eleventh Amendment bars private citizens from bringing suits against

the states in the federal courts.  Bator v. Hawai'i, 910 F. Supp. 479, 484 (D. Haw.

1995); see also U.S. Const. amend. XI ("The Judicial power of the United States

shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by

Citizens or Subjects of any Foreign State.").  Sovereign immunity cannot be

waived unless the state expresses unequivocal consent.  Bator v. Judiciary, Adult

Probation Div., 1992 U.S. Dist. LEXIS 22214, at *10 (D. Haw. 1992).  Here, the

state has not expressed unequivocal consent to be sued in federal court for

violations of the TCPA, HRS Chapter 443B, or HRS Chapter 480.  Although the

State of Hawai'i has waived sovereign immunity for tort claims, tort claims may

only be brought in state court.  HRS § 662-3 ("The circuit courts of the State . . . shall have original jurisdiction of all tort actions on claims against the State . . .").

As discussed above, complete relief cannot be accorded without joinder of the Hawai'i Judiciary because the MSB cannot answer for the Traffic Court's decision to refer Plaintiff's DUI Fine to collection.  The Hawai'i Judiciary must also be made a party to this case to protect its interest in collecting outstanding judgments from those who violated Hawaii's driving laws.  Moreover, because MSB performs judgment collection on behalf of the Hawai'i Judiciary and relies on the Hawai'i Judiciary for information, failure to join the Hawai'i Judiciary exposes MSB to the risk of multiple, inconsistent obligations.

Based on the foregoing, the Hawai'i Judiciary is a necessary and indispensable party to Plaintiff's Complaint.  Because the Eleventh Amendment prohibits the Hawai'i Judiciary from being joined in this matter, Plaintiff's Complaint must be dismissed.

C.  <u>Plaintiff Fails to State a Claim Based on Alleged Violations of the TCPA Because the TCPA Does Not Apply to Attempts to Collect a Criminal Fine Resulting From a State Court Judgment.</u>

Although Count One of Plaintiff's Complaint alleges "violations of the Telephone Consumer Protection Act," Complaint at ¶ 101, it is questionable whether Congress intended the TCPA to apply to a state government entity's efforts to collect criminal fines.  When Congress enacted the TCPA, it did so

specifically to address growing concerns with abuses in telemarketing practices, and charged the FCC with promulgating TCPA rules and regulations.  47 U.S.C. §§ 154, 227(b)(2).  MSB is not a telemarketer, and Plaintiff has not alleged that MSB attempted any sales or acts unrelated to collecting the criminal fine Plaintiff owes to the State of Hawaiʻi.  Although the FCC extended the TCPA to include "debt" collection, it has not said whether the TCPA applies to a governmental entity's efforts to collect criminal fines issued upon enforcement of its own laws.[6]

To the extent that Plaintiff alleges that MSB is collecting a "debt," Plaintiff still fails to state a claim based on alleged violations of the TCPA.  The TCPA only prohibits "mak[ing] any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."  47 U.S.C. § 227(b)(1).  Thus, the TCPA explicitly <u>exempts</u> calls that were made to a cellular phone with the "<u>prior express consent</u>" of the called party.

---

[6] Plaintiff's Complaint appears to characterize MSB's attempts to collect a criminal fine in terms of "debt" collection as defined by the federal Fair Debt Collection Practices Act and HRS Chapter 443B.  <u>See</u> 15 U.S.C. § 1692a(5), HRS § 443B-1 (both defining debt to mean "any obligation or alleged obligation <u>of a consumer</u> to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for <u>personal, family, or household purposes</u>, whether or not such obligation has been reduced to judgment" (emphases added)).  MSB, however, is not collecting a <u>consumer</u> debt.

Even assuming the DUI Fine is a debt, calls made to collect on an existing debt are calls made with the prior express consent of the called party and are not violations of the TCPA.  In re Request of ACA Int'l, 23 FCC Rcd. at 564 .  As the FCC explained, "calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing."  In re: Request of ACA Int'l, 23 FCC Rcd. at 565.  "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."  Id. (citing Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769 (adopted Oct. 16, 1992) ("1992 TCPA Order")).

To the extent that a criminal fine can be considered a "debt" and the Judiciary a "creditor," MSB called Plaintiff based on information provided by the Hawai'i Judiciary, to which Plaintiff gave his cell phone number, thereby providing his express consent to be called.

> 1. The "do not call registry" does not apply, because MSB was not making a telephone solicitation.

Count Three of Plaintiff's Complaint, which alleges "Negligence Per Se," includes an allegation that the TCPA "requires that any company operating a computerized automated dialer to maintain a 'do not call' list and to update it," and that MSB "breached the duty of care imposed by the TCPA when it allowed its computerized automated dialer to continue to call [Plaintiff] after he had requested

that [MSB] no longer call him."  Complaint at ¶¶ 164-165.  However, as the FCC

has ruled, "the National Do-Not-Call List does not apply to calls that do not fall

within the definition of 'telephone solicitation' as defined in [47 U.S.C.]

section 227(a)(3)."  In re: Request of ACA Int'l, 23 FCC Rcd. at 565 n.42; cf.

Elkins v. Medco Health Solutions, Inc., 2014 U.S. Dist. LEXIS 57633, at *22

(E.D. Mo. Apr. 25, 2014) (noting that the "do not call" registry applies to

"telephone solicitations"; where a service provider had an established business

relationship with the called individual, then, "[a]ssuming the call was a telephone

solicitation," the plaintiff's claim fails).  Thus, Count Three of Plaintiff's

Complaint also fails to state a claim because the "do not call" list only applies to

telemarketing calls.  Complaint at ¶ 164.

> **2.     Even if the TCPA applies, MSB did not violate the TCPA
> because Plaintiff consented to being contacted at the number
> provided in connection with MSB's collection of the DUI Fine.**

As set forth above, the TCPA makes an exception for autodial calls to

cellular phones made with the recipient's prior express consent.  47 U.S.C.

§ 227(b)(1)(A).  Plaintiff claims that he does not recall providing his cell phone

number to the Judiciary, but simultaneously acknowledges that MSB received

Plaintiff's contact information from the Hawai'i Judiciary at Paragraph 187 of his

Complaint.  Plaintiff's own Complaint therefore acknowledges that Plaintiff

expressly consented to being contacted at the cell phone number that MSB

obtained from the Hawaiʻi Judiciary.

> D.   HRS Chapter 443B Does Not Apply Because Municipal Services is Not a "Collection Agency" and the Outstanding Judgment is Not a "Debt" as Defined by HRS § 443B-1.

Count Two (Violations of the Hawaii Revised Statutes, Unfair or Deceptive

Acts or Practices) appears to be based on separate alleged violations of HRS

Chapter 443B, wrapped into a larger claim of "Violations of Hawaiʻi Revised

Statutes, Unfair or Deceptive Acts or Practices."   Complaint at ¶¶ 116-161.

Plaintiff cites to sections of HRS Chapter 443B throughout Count Two as

examples of various purported "violations."

Count Three (Negligence Per Se) and Count Four (Negligence) do not

clearly cite to HRS Chapter 443B, but appear to refer to the same nine instances of

alleged "violations" as described in Count Two of Plaintiff's Complaint.

Complaint at ¶¶ 163, 169.

HRS Chapter 443B provides for the regulation of "collection agencies" that

collect upon "debts."   HRS Chapter 443B defines a "debt" as "any obligation . . .

of a consumer to pay money . . . arising out of a transaction in which the money,

property, insurance, or services, which are the subject of the transaction, are

primarily for personal, family, or household purposes."   HRS § 443B-1 (emphases

added).   Because the outstanding judgment here is one issued pursuant to a

violation of Hawai'i state law, there is no "debt" to be collected under HRS

Chapter 443B; cf. 31 Am. Jur. 2d Exemptions § 250 ("[C]riminal fines are not

covered by exemptions which may apply to civil fines or money judgments since

criminal fines and penalties are not debts").  An outstanding judgment owed for

violation of a state criminal statute, as determined by a state court, is not a

consumer debt.  It is a criminal fine or penalty.  Thus, Plaintiff is not a "debtor" as

defined by HRS section 443B-1.

Furthermore, HRS Chapter 443B specifically excludes from the statute's

application "any public officer or any person acting under an order of court."  HRS

§ 443B-1 (emphasis added).  MSB receives account information from the Hawai'i

Judiciary, and collects outstanding amounts owed to the Hawai'i Judiciary on

behalf of the Hawai'i Judiciary.  Therefore, MSB is not a "debt collector" or a

"collection agency" as defined by HRS Chapter 443B.

Because HRS Chapter 443B simply does not apply here, Plaintiff has failed

to state a claim under HRS Chapter 443B.

E.   Plaintiff Fails to State a Claim for Relief Based on Violations of HRS
     Chapter 480 Because Plaintiff is not a Consumer.

Plaintiff does not cite HRS Chapter 480 directly but alludes to its language

in Count Two of his Complaint.  Insofar as Plaintiff alleges "Violations of the

Hawaii Revised Statutes, Unfair or Deceptive Trade Practices," Plaintiff's

Complaint fails because Plaintiff is not a "consumer."  Under HRS

section 480-2(d), only private persons who are "consumers" can bring actions

based on unfair or deceptive acts or practices.  Under HRS section 480-1, a

"consumer" is "a natural person who, primarily for personal, family, or household

purposes, purchases, attempts to purchase, or is solicited to purchase goods or

services or who commits money, property, or services in a personal investment."

A criminal proceeding for violations of Hawaii's DUI laws has no connection to a

"personal investment" or a purchase of goods or services "for personal, family, or

household purposes."  Therefore, Plaintiff lacks standing and such claim

necessarily fails.

     F.      <u>Plaintiff Fails to Demonstrate that MSB Owed a Statutory Duty to Plaintiff Based on Violations of the TCPA and the HRS.</u>

In Count Three (Negligence Per Se), Plaintiff claims that MSB "had a

statutory duty" under the TCPA "and Hawai'i Revised Statutes" to provide

Plaintiff "with a minimum standard of care."  Complaint at ¶ 162.

Plaintiff, however, has not shown that either the TCPA or the HRS[7] has

created a statutory duty suitable for adoption by the courts as a standard of

conduct.  <u>Kaho'ohanohano v. Dep't of Human Services</u>, 117 Hawai'i 262, 290-91,

---

[7] Plaintiff did not state which section of the HRS imposes a statutory duty upon MSB.  Based on the conduct alleged at Paragraph 163 of the Complaint, Plaintiff apparently asserts that HRS Chapter 443B imposes a statutory duty. However, if this is the case, then Plaintiff again fails to state a claim because a criminal fine is not a "debt" and MSB is not a "collection agency" as defined by HRS section 443B-1.  <u>See</u> Discussion <u>supra</u> at Part IV.D.

178 P.3d 538, 566-67 (2008); <u>see</u> <u>also</u> Restatement (Second) of Torts § 286

(Courts may adopt statutes as a standard of conduct when the statute's purpose "is

found to be exclusively or in part (a) to protect a class of persons which includes

the one whose interest is invaded, and (b) to protect the particular interest which is

invaded, and (c) to protect that interest against the kind of harm which has resulted,

and (d) to protect that interest against the particular hazard from which the harm

results.").

Plaintiff also claims that MSB's alleged "acts or omissions did actually and

proximately cause physical and mental injuries to [Plaintiff], which [Plaintiff] did

suffer."  Complaint at ¶ 167.  However, Plaintiff does not state any factual

allegations in support of his claim.  Such a legal conclusion is "not entitled to the

assumption of truth."  <u>Iqbal</u>, 556 U.S. at 679.

Based on the foregoing, Plaintiff has failed to state a claim for "Negligence

Per Se" upon which relief can be granted.

G.     <u>Plaintiff Fails to Show that MSB Owed a Duty to Plaintiff that MSB
        Breached.</u>

In Count Four (Negligence) of his Complaint, Plaintiff claims that MSB

"had a duty to conduct its business in compliance with the Hawai'i Revised

Statutes, the [TCPA], and all other applicable statutes governing its conduct."

Complaint at ¶ 168.

Plaintiff's claim is deficient for two main reasons. First, neither the Ninth Circuit nor the State of Hawai'i has recognized that a private corporation that assists a government entity in collecting criminal fines owes a legal duty to judgment debtors based on either "the Hawaii Revised Statutes" or the TCPA. As discussed in Parts IV.C through IV.E above, the TCPA, HRS Chapter 443B, and HRS Chapter 480 all do not apply here.

Second, as discussed in Part IV.B above and as acknowledged in Plaintiff's Complaint, MSB is the Hawai'i Judiciary's agent in judgment collection matters. MSB may owe duties to the Hawai'i Judiciary as the Hawai'i Judiciary's agent, but it does not owe a duty to Plaintiff. For this reason and those reasons discussed at Part IV.B above, it is necessary that the Hawai'i Judiciary be joined in this matter.

Plaintiff also has not established how MSB owes a duty "to properly maintain" Plaintiff's "personal financial records" and "comply with any requests for review," or how such a duty would involve a violation of either the TCPA or the HRS. It is also unclear what Plaintiff means by "personal financial records," when all that is at issue is Plaintiff's outstanding DUI Fine.

Finally, Plaintiff's Complaint fails to establish the minimum requirements to state a claim for negligence. Plaintiff's Complaint acknowledges that MSB received Plaintiff's account information from the Hawai'i Judiciary, but does not establish that Plaintiff ever informed MSB that it was calling his cell phone

number, or that he gave MSB notice to cease contacting him at that number.

Without this necessary information, MSB—through the Hawai'i Judiciary—had

Plaintiff's consent to contact him at that number in relation to the DUI Fine and did

not act negligently in doing so.

Plaintiff also claims that MSB's "actions or omission did cause and

proximately cause the physical and mental injury to [Plaintiff] which [Plaintiff] did

suffer."  Complaint at ¶ 170.  However, Plaintiff again does not state any factual

allegations in support of his claim.  "[T]he tenet that a court must accept as true all

of the allegations contained in a complaint is inapplicable to legal conclusions."

Iqbal, 556 U.S. at 678.

Based on the foregoing, Plaintiff has failed to state a claim for "Negligence"

upon which relief can be granted.

H.     Plaintiff Fails to State a Claim for Intentional Infliction of Emotional
        Distress.

In Count Five, Plaintiff claims that "[a] reasonably prudent person in the

same situation as [MSB]'s employees and agents would have foreseen that

someone in [Plaintiff]'s position would have suffered serious mental and/or

emotional distress because of their actions."  Complaint at ¶ 174.  He claims that

MSB's conduct was intentional or reckless; outrageous; and caused Plaintiff to

suffer "extreme mental and/or emotional distress."  Complaint at ¶¶ 175-77.

To state a claim for Intentional Infliction of Emotional Distress, Plaintiff

must show "(1) that the conduct allegedly causing the harm was intentional or

reckless; (2) that the conduct was outrageous; and (3) that the conduct caused (4)

extreme emotional distress to another." Smallwood v. NCsoft Corp., 730 F. Supp.

2d 1213, 1235 (D. Haw. 2010) (citing Young v. Allstate Ins. Co., 119 Hawai'i 403,

426 (2008)). Plaintiff pleads no factual allegations in support of his legal

conclusion that he suffered "extreme mental and/or emotional distress" because of

[MSB]'s actions." Complaint at ¶ 177. Furthermore, he has entirely failed to

demonstrate how MSB's conduct was "extreme and outrageous." Hawai'i

"requires conduct exceeding all bounds usually tolerated by decent society and

which is of a nature especially calculated to cause, and does cause, mental distress

of a very serious kind." Hac v. Univ. of Hawai'i, 102 Hawai'i 92, 106, 73 P.3d 46,

60 (2003); cited in Smallwood, 730 F. Supp. at 1235; see also Restatement

(Second) of Torts § 46 cmt. d ("Liability has been found only where the conduct

has been so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable

in a civilized community. Generally, the case is one in which the recitation of the

facts to an average member of the community would arouse his resentment against

the actor, and lead him to exclaim, 'Outrageous!'"). Plaintiff's Complaint has not

established such a degree of conduct.

Based on the foregoing, Plaintiff has failed to state a claim for "Intentional

Infliction of Emotional Distress" upon which relief can be granted.

I.    Plaintiff Fails to State a Claim for Negligent Training and/or
      Negligent Supervision.

In Count Six, Plaintiff claims that MSB "acted negligently in failing to

properly abide by the regulations set for governing the collection of debts in the

State of Hawai'i," and that MSB was "negligent in failing to properly train and/or

supervise its employees in the legal requirements of dealing with debtors."

Complaint at ¶¶ 179-80.

To state a claim for negligent training and/or supervision under Hawai'i state

law, Plaintiff must establish that "the employer knew or should have known of the

necessity and opportunity for exercising such control." Abraham v. S.E. Onorato

Garages, 50 Haw. 628, 634, 446 P.2d 821, 826 (1968) (citing Restatement

(Second) of Torts § 317 (1965), S. Birch & Sons v. Martin, 244 F.2d 556, 561 (9th

Cir. 1957)); cited in Otani v. City & County of Hawai'i, 126 F. Supp. 2d 1299,

1308 (1998).  "If an employer has not been put on notice of the necessity for

exercising greater degree of control or supervision over a particular employee, the

employer cannot be held liable as a matter of law." Otani, 126 F. Supp. 2d at

1308.  This Court has also said that to state a claim for negligent supervision, the

plaintiff must allege that the employer's employees were acting outside of the

scope of their employment.  Thourot v. Tanuvasa, 2012 U.S. Dist. LEXIS 18206 at 18 (D. Haw. 2012).

Plaintiff has failed to plead any factual allegations demonstrating that MSB's employees acted outside of the scope of their employment, or that MSB had notice of a particular employee's misconduct.  MSB is not a collection agency, and laws governing collection agencies do not apply as a standard of conduct.  Furthermore, MSB receives judgment debtor information directly from the Hawai'i Judiciary, and makes calls on behalf of the Hawai'i Judiciary to collect criminal fines.

Based on the foregoing, Plaintiff has failed to state a claim for "Negligent Training and/or Negligent Supervision" upon which relief can be granted.

J.      Plaintiff Fails to State a Claim Based on State Criminal Statutes.

Plaintiff bases Count Seven (Harassment) and Count Eight (Invasion of Privacy) on two state criminal statutes.

First, Plaintiff has not established his standing to enforce criminal statutes in a civil matter.   "[P]rivate citizens . . . lack standing to bring claims under criminal statutes."  Horowitz v. Sulla, 2014 U.S. Dist. LEXIS 33913 (D. Haw. Mar. 14, 2014); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Thus, Plaintiff's claims should be dismissed on this basis alone.

Plaintiff's claim of criminal "harassment" in particular invokes the <u>Rooker-Feldman</u> doctrine because Plaintiff claims that MSB "harassed" Plaintiff by calling him "to collect a debt that he did not owe." Complaint at ¶ 182. The Traffic Court determined that Plaintiff owed a debt to the Hawai'i Judiciary. The Hawai'i Judiciary referred this information to MSB.

Plaintiff's claim of criminal invasion of privacy is simply nonsensical. It essentially alleges that MSB "invaded" Plaintiff's "privacy" by "divulg[ing]" Plaintiff's "account information" to Plaintiff. Plaintiff's DUI Fine is not a private secret; it is a matter of public record. <u>See</u> Complaint at attached Exhibit "A." Furthermore, Plaintiff was presumably aware of his DUI Fine and knows his own phone number. Accordingly, there was nothing private to "divulge" to Plaintiff.

Based on the foregoing, Plaintiff lacks standing and has also failed to state a claim for criminal harassment under HRS section 711-1106 and criminal invasion of privacy under HRS section 711-1111(h) upon which relief can be granted.

K.     <u>Plaintiff Fails to State a Claim for Intrusion Upon Seclusion</u>

Count Nine (Intrusion Upon Seclusion) is a state law claim which Hawai'i does not recognize.

The closest State tort is "invasion of privacy." First, Plaintiff does not have a claim for invasion of privacy under Hawai'i law because Hawaii's sole case establishing common law tortious invasion of privacy specifically declined to

extend the tort's boundaries beyond protection for the "appropriation of name or picture for commercial purposes." Fergerstrom v. Hawaiian Ocean View Estates, 50 Haw. 374, 378, 441 P.2d 141, 144 (1968) (noting that whether the tort applies to other factual situations "remain[s] to be decided"). There have been no state court cases addressing right of privacy since Fergerstrom, and certainly none addressing the scenario Plaintiff claims constitutes an "intrusion" upon his "seclusion."

The federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Pursuant to 28 U.S.C. section 1367(a), the federal district courts only have supplemental jurisdiction over claims over which they do not have original jurisdiction when those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As this Court has recognized, however, "[t]here can be no supplemental jurisdiction over state law claims unless there was an initial basis for federal jurisdiction." Horowitz, 2014 U.S. Dist. LEXIS 33913, at *25. Thus, "[w]hen a federal district court dismisses a case for lack of subject matter jurisdiction, there is no valid claim within the court's

original jurisdiction to trigger 18 U.S.C. § 1367(a)'s grant of supplemental jurisdiction over state law claims." Id.

Accordingly, if this Court dismisses Plaintiff's TCPA-based claims, then MSB respectfully asks that this Court also dismiss Plaintiff's claim for "intrusion upon seclusion," in addition to all of Plaintiff's other state law-based claims.

V.    CONCLUSION

For all the foregoing reasons, MSB respectfully requests that this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Rooker-Feldman; dismiss Plaintiff's Complaint for failure to join a necessary and indispensable party as determined at FRCP Rule 19; and/or dismiss Plaintiff's Complaint for failure to state a claim under FRCP Rule 12(b)(6) and/or for lack of supplemental jurisdiction over Plaintiff's state law claims.

DATED:  Honolulu, Hawai'i,_____JUN 0 4 2014_____.

DAVID J. MINKIN
COURTNEY K. SUE-AKO

Attorneys for Defendant
MUNICIPAL SERVICES BUREAU

301301.6                                   35