Contract No. J13163

AGREEMENT FOR SERVICES

THIS AGREEMENT, effective as of _January 23,_ 20 _13_ , is made

between the Judiciary, State of Hawai'i, hereinafter referred to as the "JUDICIARY," by its

Administrative Director of the Courts, and Gila LLC, dba Municipal Services Bureau,

hereinafter "CONTRACTOR," whose address is 8325 Tuscany Way, Austin, Texas  78754.

RECITALS

A.  The JUDICIARY is in need of the services described in this Agreement and its

attachments.

B.  Due to CONTRACTOR'S experience and special knowledge, it is not practical or

advantageous to procure the services required under this Agreement through competitive means.

C.  The procurement of CONTRACTOR'S services has been approved as an exemption

from Hawai'i Revised Statutes (HRS) chapter 103D by competitive means pursuant to Hawai'i

Administrative Rules § 3-120-4.

D.  CONTRACTOR is agreeable to providing the services.

E.  A notice of exemption from HRS chapter 103D was posted on an internet site

accessible to the public for seven days, and no objections were filed.

F.  The JUDICIARY is authorized to enter into this Agreement pursuant to HRS § 601-2.

NOW, THEREFORE, in consideration of the mutual promises hereinafter set forth, the

parties agree as follows:

1

**MSB000004**

1. Scope of Services. CONTRACTOR shall, in a proper and satisfactory manner as determined by the JUDICIARY, provide all of the services set forth in Attachment 1, Scope of Services, attached hereto and made a part of this Agreement.

2. Time of Performance. The services of the CONTRACTOR shall commence on January 1, 2013 and end on March 31, 2013, unless the time of performance is amended by the mutual agreement of the parties in writing or the Agreement is terminated prior to March 31, 2013.

3. Compensation. CONTRACTOR shall be compensated for services rendered and costs incurred under this Agreement according to Attachment 2, Compensation and Payment Schedule, attached hereto and made a part of this Agreement.

4. Standards of Conduct Declaration. The Standards of Conduct Declaration by CONTRACTOR, set forth in Attachment 3, is hereby made a part of this Agreement.

5. Other Terms and Conditions. The General Conditions, set forth in Attachment 4, and the Special Conditions (if any) set forth in Attachment 5, are hereby made a part of this Agreement. In the event of a conflict between the General Conditions and the Special Conditions, the Special Conditions shall control.

2

MSB000005

IN WITNESS WHEREOF, the parties execute this Agreement by their signatures, on the dates below, to be effective as of the date first above written.

THE JUDICIARY, STATE OF HAWAI'I

By: _Rodney A. Maile_
    Rodney A. Maile
    Administrative Director of the Courts

Date: **JAN 2 3 2013**

GILA LLC dba MUNICIPAL SERVICES BUREAU

By: _____

Its _CEO_____

Date: 1/23/2013

APPROVED AS TO FORM:

_____
Judiciary Staff Attorney

3

MSB000006

## CONTRACTOR'S ACKNOWLEDGMENT

STATE OF TEXAS          )

                                  )    ss.

COUNTY OF _Travis_      )

On this _23_ day of _January_, 20_13_, before me personally appeared _Bruce Cummings_, to me personally known, who being by me duly sworn, did say that he/she is the _CEO_ of _Gila LLC d/b/a Municipal Services Bureau_, the CONTRACTOR named in the foregoing instrument, and that he/she is authorized to sign said instrument on behalf of the CONTRACTOR, and acknowledges that he/she executed said instrument as the free act and deed of CONTRACTOR.

Doc. Date: _1/23/2013_      # of Pages: _4_

Doc. Description: _Agreement for Services_

Notary Public, State of Texas

Print/Type Name: _Beatriz Villanueva_

BEATRIZ VILLANUEVA
Notary Public, State of Texas
My Commission Expires
February 13, 2016

Date: _01/23/2013_

My Commission Expires: _02/13/2016_

4

**MSB000007**

Attachment 1

## SCOPE OF SERVICES

MSB shall provide the services for the Collection of Delinquent Accounts Owed to the Judiciary, State of Hawaii as set forth herein. The Judiciary will refer for collection only judgment debts owed to the State of Hawaii. These include court ordered penalties, fines, sanctions, fees, surcharges, costs and other monetary sanctions imposed by the courts.

A.     Defendant Contact. MSB will mail notices, telephone or otherwise contact those individuals who the Court has identified to MSB as having outstanding and unpaid fines, fees or similar items payable to the Court (these individuals are referred to herein as the "Defendants") in order to attempt to notify Defendants of their obligation to the Court. The Court will provide the name and last known address of the Defendants, all information regarding the date(s) of the alleged violation(s), the date judgment was entered against the Defendants in the Court having jurisdiction over the matter or the date the citation was filed, and the amount of any such fine(s). The Court, to the extent available, will also supply MSB with any other information about a Defendant such as driver license number, social security number and telephone number. When appropriate, MSB will attempt to locate Defendants when the last known address is invalid. The information supplied to MSB by the Court must be in a format acceptable to MSB and shall be provided not less frequently than monthly.

B.     Correct Information. MSB will rely completely on the Court to provide correct information about the Defendants' existing cases and, specifically, about any dollar amount in question and the Court will immediately update and correct any information it has provided to MSB. In particular, the Court will immediately notify MSB of any payment or other satisfaction of judgment made directly to the Court or any other action affecting the amount or timing of monies owed by the Defendants to the Court.

C.     Accounts Returned. The Court will allow MSB a minimum of 365 days to contact a Defendant about his/her/its account. This time period will begin with the first day of the following month in which the account was referred to MSB. During this 365 day period, the Court agrees not to contact Defendants or otherwise attempt to collect monies for those Defendants whose accounts have been referred to MSB, though nothing contained herein shall limit or otherwise restrict the Court's ability to accept monies forwarded or otherwise directly paid by any Defendant to the Court. Upon written request by the Court, MSB will cease contacting a Defendant whose account remains outstanding at the time of the written request. Upon written request by the Court, MSB will return any Defendant's account to the Court.

**MSB000008**

D.      Defendants Referred to the Court.  In the event MSB receives a request from a Defendant to resolve their obligation in a method other than by payment (i.e., a notification of bankruptcy or other extenuating circumstances), MSB will refer those Defendants who wish to resolve their obligation with the Court other than by payment to the person designated by the Court to respond to the Defendant's request.

E.      Valid Debts.  The Court agrees that Defendant accounts placed with MSB for collection will be valid and legally enforceable debts and not disputed or subject to any bankruptcy proceeding unless otherwise disclosed in writing to MSB by the Court.

MSB000009

Attachment 2

## COMPENSATION AND PAYMENT SCHEDULE

As compensation for the work to be performed by the Contractor, the Judiciary agrees to compensate Contractor according to the following fee schedule: 21.21% add-on fee to be added to the amount due resulting in a 17.5%  amount retained by the Contractor as its payment

MSB000010

## SECURITY ADDENDUM

This Security Addendum is executed by and between the Judiciary, State of Hawai'i ("JUDICIARY"), and Gila, LLC, dba Municipal Services Bureau ("CONTRACTOR"), and is made a part of the Agreement for Services ("Agreement").

WHEREAS, in performing services under the Agreement, CONTRACTOR will have access to individual personal information, including social security numbers (hereinafter "sensitive data"); and

WHEREAS, JUDICIARY requires CONTRACTOR to implement and maintain appropriate safeguards for the confidentiality and security of sensitive data.

NOW THEREFORE, JUDICIARY and CONTRACTOR agree to the following requirements:

1. CONTRACTOR shall meet and/or exceed state and federal information and security standards for sensitive data.

2. CONTRACTOR shall implement administrative, physical, and technical safeguards that reasonably and appropriately safeguard sensitive data to prevent unauthorized use or access to such data. Sensitive data shall be maintained in a secured environment with reasonable security controls, including but not limited to, firewalls, antivirus software, intrusion detection systems, penetration testing, and security patches and upgrades.

3. The security of any sensitive data transferred from the JUDICIARY to CONTRACTOR by electronic means shall be protected by encryption under the current Advanced Encryption Standard (AES).

1

MSB000011

4.  Access to sensitive data shall be password protected and shall be strictly limited to individuals who need access to the data to perform functions and services under the Agreement. All individuals given access to sensitive data shall have been subject to a criminal history background check.

5.  CONTRACTOR shall inform employees with access to sensitive data that such data is confidential. CONTRACTOR shall provide initial and periodic refresher security training to all employees who have access to sensitive data. CONTRACTOR shall also conduct periodic security risk assessments of its security procedures.

6.  CONTRACTOR shall restrict downloading or transferring of sensitive data to other computers or electronic devices or media except as necessary to perform the functions and services under the Agreement. Any sensitive data that is downloaded or transferred shall be encrypted as provided in paragraph 3 above.

7.  CONTRACTOR shall ensure that any agent, including a subcontractor, that is given access to any sensitive data has reasonable and appropriate safeguards to protect the sensitive data, and agrees to the same terms and conditions set forth in this Addendum.

8.  Hawaii Revised Statutes chapter 487N requires businesses and government agencies that maintain and collect personal information (e.g., person's name combined with a social security number) to provide notice of any security breach of that information. In the event of any security breach of sensitive data, CONTRACTOR agrees to notify JUDICIARY within twenty-four (24) hours of discovery of the breach. CONTRACTOR further agrees to comply with all

2

**MSB000012**

notification actions and/or assist JUDICIARY with all notification actions required by law and by JUDICIARY policy.

9. Hawaii Revised Statutes chapter 487N requires businesses and government agencies that maintain and possess personal information to take reasonable measures to protect against unauthorized access to or use of the information in connection with or after its disposal. Once JUDICIARY and CONTRACTOR determine that CONTRACTOR may dispose of the sensitive data, CONTRACTOR shall destroy such data as required by law and by JUDICIARY policy.

IN WITNESS WHEREOF, the parties execute this Security Addendum by their signatures, on the dates below.

THE JUDICIARY, STATE OF HAWAII

By: _____
Rodney A. Maile
Administrative Director of the Courts

Date: JAN 2 3 2013 _____

CONTRACTOR
By: _____
Date: 1/23/2013 _____

APPROVED AS TO FORM:

_____
Judiciary Staff Attorney

3

MSB000013

Attachment 3

## STANDARDS OF CONDUCT DECLARATION

For the purposes of this declaration:

"Employee" means any nominated, appointed, or elected officer or employee of the JUDICIARY, including members of boards, commissions, and committees, and employees under contract to the JUDICIARY or of a constitutional convention, but excluding legislators, delegates to the constitutional convention, justices and judges.

"Controlling interest" means an interest in a business or other undertaking which is sufficient in fact to control, whether the interest is greater or less than fifty per cent.

On behalf of _Gila LLC   dibla Municipal Services Bureau_, CONTRACTOR, the undersigned does declare, under penalty of perjury, as follows:

1.    CONTRACTOR _(is)  (is not)_  a legislator or an employee or a business in which a legislator or an employee has a controlling interest.*

2.    CONTRACTOR has not been assisted or represented by a legislator or employee for a fee or other compensation to obtain this Agreement and will not be assisted or represented by a legislator or employee for a fee or other compensation in the performance of the Agreement, if the legislator or employee had been involved in the development or award of the Agreement.

3.    CONTRACTOR has not been assisted or represented for a fee or other compensation in the award of this Agreement by a JUDICIARY employee or, in the case of the Legislature, by a legislator.

4.    CONTRACTOR has not been represented or assisted personally on matters related to the Agreement by a person who has been an employee of the JUDICIARY within the preceding two (2) years and who participated while in state office or employment on the matter with which the Agreement is directly concerned.

5.    CONTRACTOR has not been represented or assisted on matters related to this Agreement, for a fee or other consideration by an individual who, within the past twelve (12) months, has been a JUDICIARY employee or in the case of the Legislature, a legislator.

6.    CONTRACTOR has not been represented or assisted in the award of this Agreement for a fee or other consideration by an individual who, a) within in past twelve (12) months, served as a JUDICIARY employee or in the case of the Legislature, a legislator, and b) participated while an employee or legislator on matters related to this Agreement.

MSB000014

CONTRACTOR understands that the Agreement to which this document is attached is voidable on behalf of the JUDICIARY if this Agreement was entered into in violation of any provision of chapter 84, Hawaii Revised Statutes, commonly referred to as the Code of Ethics, including the provision which are the source of the declarations above. Additionally, any fee, compensation, gift, or profit received by any person as a result of a violation of the Code of Ethics may be recovered by JUDICIARY.

DATED: Honolulu, Hawaii, _____, 20____

CONTRACTOR

By _____

Its _____

(Title)

*Reminder: If "is" is circled, JUDICIARY, under section 84-15, Hawaii Revised Statutes, to file with the State Ethics Commission, 10 days before the Agreement is entered into, a written justification as to why the Agreement was not required to be competitively bid.

MSB000015

GENERAL CONDITIONS
GOVERNING CONTRACTS WITH THE JUDICIARY,
STATE OF HAWAIʻI FOR GOODS AND SERVICES
February 2001

<u>Table of Contents</u>

1.   Administration of Contract by "the Judiciary." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-1

2.   Relationship of Parties; Independent Contractor Status and Responsibilities, Including Tax Responsibilities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-1

3.   Personnel Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-2

4.   Nondiscrimination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-2

5.   Subcontracts, Assignments, and Successors in Interest. . . . . . . . . . . . . . . . . . . . . . . GC-3

6.   Conflicts of Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-3

7.   Contract Modifications. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-3

8.   Price Adjustment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-4
     8.1    Price adjustment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-4
     8.2.   Submission of cost or pricing data. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-5

9.   Suspension of Contract. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-5
     9.1    Notice of suspension. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-5
     9.2    Cancellation or expiration of the order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-5

10.  Termination for Default. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-5
     10.1   Notice of termination for default; obligations of parties in the event of termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-5
     10.2   Compensation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-6
     10.3   Additional rights and remedies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-6
     10.4   Nonperformance or delayed performance for unforeseeable reasons beyond Contractor's control. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-6

11.  Termination for Convenience. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-7
     11.1   Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-7
     11.2   Compensation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-7

12.  Termination for Lack of Funds. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-8

13.  Contractor's Obligations in the Event of Termination. . . . . . . . . . . . . . . . . . . . . . . GC-8

JUD (02/01)

**MSB000016**

13.1   Right to goods and work product. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-8
13.2   Preservation of Judiciary property. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-8
13.3   Contractor liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-8
13.4   Performance termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-9

14.   Indemnification and Defense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-9

15.   Compliance with Laws. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-9

16.   Liquidated Damages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-9

17.   Judiciary's Right of Offset. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-9

18.   Disputes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-10

19.   Confidentiality of Material. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-10

20.   Ownership Rights and Copyright. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-10

21.   Patented Article. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-10

22.   Publicity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-10

23.   Liens and Warranties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-10

24.   Travel Costs and Expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-11

25.   Payment Procedures; Final Payment; Tax Clearance. . . . . . . . . . . . . . . . . . . . . GC-11
25.1   Original invoices required. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-11
25.2   Subject to available funds. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-11
25.3   Final payment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-11

26.   Federal Funds. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-11

27.   Governing Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-11

28.   Notices. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-12

29.   Severability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-12

30.   Waiver. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-12

31.   Managed Process Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GC-12

JUD (02/01)

MSB000017

GENERAL CONDITIONS
GOVERNING AGREEMENTS WITH THE JUDICIARY,
STATE OF HAWAI'I, FOR GOODS AND SERVICES

1.    <u>Administration of Contract by "the Judiciary."</u>  The Administrative Director of the Courts or designee (hereinafter "Judiciary") shall coordinate all services to be performed under the contract, and decide all questions which may arise as to: performance of this contract; interpretation of any term, condition, or provision of the contract; applicability and interpretation of any law or rule that may affect performance under the contract; and compensation.  Any questions regarding performance of the contract shall be directed to the Judiciary for resolution.

2.    <u>Relationship of Parties; Independent Contractor Status and Responsibilities, Including Tax Responsibilities.</u>

2.1    In the performance of services required under this contract, Contractor is an "independent contractor," with the authority and responsibility to control and direct the performance and details of the work and services required under this contract; however, Judiciary shall have a general right to inspect work and services in progress to determine whether, in Judiciary's opinion, the work and services are being performed by Contractor in compliance with this contract.  Unless otherwise provided by special provision, it is understood that Judiciary does not agree to use Contractor exclusively, and that Contractor is free to contract its services to other individuals or entities while under contract with Judiciary.

2.2    Contractor and Contractor's employees and agents are not by reason of this contract, agents or employees of Judiciary for any purpose, and neither Contractor nor Contractor's employees and agents shall be entitled to claim or receive from Judiciary any vacation, sick leave, retirement, workers' compensation, unemployment insurance, or other benefits provided to Judiciary employees.

2.3    Contractor shall be responsible for the accuracy, completeness, and adequacy of its performance under this contract.  Contractor intentionally, voluntarily, and knowingly assumes the sole and entire liability to Contractor's employees and agents, and to any individual not a party to this contract, for all loss, damage, or injury caused by Contractor, or Contractor's employees or agents in the course of their employment or agency.

2.4    Contractor shall pay all applicable federal, state, and county taxes and fees which may become due and owing by Contractor by reason of this contract, including but not limited to (i) income taxes, (ii) employment-related fees, assessments, and taxes, (iii) general excise taxes and (iv) use taxes.

2.5    Contractor shall obtain and keep in force all licenses, permits, and certificates required by reason of this contract.

JUD (02/01)

MSB000018

2.6   If required by chapter 237, Hawai'i Revised Statutes (HRS), Contractor shall obtain a general excise tax license from the Department of Taxation, State of Hawai'i, and shall comply with all requirements thereof.  Pursuant to section 103D-328, HRS, no contracts of $25,000 or more shall be binding or effective until Contractor secures and Judiciary receives a tax clearance from the Director of Taxation, State of Hawai'i, and the Internal Revenue Service, showing that all tax returns due have been filed, and all taxes, interest, and penalties levied against Contractor or accrued under the tax laws of the State of Hawai'i and the Internal Revenue Code have been paid.  Contractor shall also be solely responsible for meeting all requirements necessary to obtain the tax clearance certificate required for final payment under section 103D-328, HRS, and paragraph 25.3 of these General Conditions.

2.7   Contractor shall secure and retain all employee-related insurance coverage for Contractor and Contractor's employees and agents that is required by law.

3.   Personnel Requirements.

3.1   Contractor shall secure, at Contractor's expense, all personnel required to perform the services required by this contract.

3.2   Contractor shall ensure that Contractor's employees or agents are experienced and fully qualified to engage in the activities and services required under this contract. Contractor and Contractor's employees or agents shall comply with all applicable licensing and operating requirements required by federal, state, or county law, and shall meet accreditation and other generally accepted standards of quality in the applicable field of activity.

4.   Nondiscrimination.  Persons performing work under this contract, including Contractor's employees, agents, or subcontractors, shall not violate any federal, state, or county anti-discrimination law, including but not limited to:

(a)   Chapter 378, HRS (prohibits employment discrimination based on race, sex, sexual orientation, age, religion, color, ancestry, disability, marital status, or arrest and court record);

(b)   Title VII of the Civil Rights Act of 1964 (Title VII) (prohibits employment discrimination based on race, color, religion, sex, or national origin);

(c)   The Equal Pay Act of 1963 (EPA) (protects men and women who perform substantially equal work in the same establishment from sex-based wage discrimination);

(d)   The Age Discrimination in Employment Act of 1967 (ADEA) (protects individuals who are 40 years of age or older); and

GC-2

JUD (02/01)

MSB000019

(e)     Title I of the Americans with Disabilities Act of 1990 (ADA) (prohibits employment discrimination against qualified individuals with disabilities in the private and public sectors).

5.     <u>Subcontracts, Assignments, and Successors in Interest.</u>   Contractor shall not assign or subcontract any of Contractor's duties, obligations, or interests under this Agreement without Judiciary's prior written consent. No assignment shall be effective for procurements of $25,000 or more unless Contractor's assignee submits to Judiciary bulk sales certificate, if required by section 273-43, HRS, or if a bulk sales certificate is not required, a tax clearance certificate from the Director of Taxation, State of Hawai'i, and the Internal Revenue Service, showing that all tax returns due have been filed, and all taxes, interest, and penalties levied against Contractor's assignee or accrued under the tax laws of the State of Hawai'i and the Internal Revenue Code have been paid. No assignment by Contractor of its right to compensation under this contract shall be effective unless and until the assignment is approved by Judiciary.

When in the best interest of Judiciary, a successor in interest may be recognized in an assignment agreement in which Judiciary, Contractor and the assignee or transferee (hereinafter referred to as the "Assignee") agree that:

(a)     The Assignee assumes all of Contractor's obligations;

(b)     Contractor remains liable for all obligations under this contract and waives all rights under this contract against Judiciary upon the effective date of the assignment; and

(c)     Contractor continues to furnish, and the Assignee also furnishes, all required bonds.

6.     <u>Conflicts of Interest.</u>   Contractor represents that neither Contractor, nor any employee, agent, or immediate family member of Contractor, presently has any direct or indirect "financial" or "controlling interest," as those terms are defined in section 84-3, HRS, that would or might violate the provisions of section 84-15, HRS with respect to Contractor's performance under this contract. Furthermore, no such interest shall be acquired while Contractor is a party to this contract.

7.     <u>Contract Modifications.</u>

7.1     <u>In writing.</u>   No modification, alteration, amendment, change, or extension of any term, provision, or condition of this contract shall be made without written amendment to this contract, signed by both Contractor and Judiciary.

7.2     <u>Change of name.</u>   If Contractor desires to change the name in which it holds this contract with Judiciary, Judiciary, upon receipt of an acceptable document indicating the change of name (for example, a certified file-marked copy of an amendment to Contractor's articles of incorporation), may enter into an amendment to this contract with Contractor to effect this change of name. The

JUD (02/01)
**MSB000020**

amendment to this contract changing the Contractor's name shall specifically indicate that no other terms and conditions of this contract are thereby changed and that the bond, if any, will remain in effect under the changed name. Further, such amendment must be approved by the surety company that issued the bond.

7.3   Adjustments of price or time for performance. If agreed-upon modifications to the contract increase or decrease Contractor's cost of, or the time required for, performance of any of the work under this contract, an adjustment shall be made and the contract shall be modified in writing to reflect that adjustment. Any adjustment in contract price made pursuant to this clause shall be determined, where applicable, in accordance with the price adjustment clause of this contract (see paragraph 8 below) or as negotiated between Judiciary and Contractor.

7.4   Claim barred after final payment. No claim by Contractor for an adjustment under the contract shall be considered unless a written agreement of modification was made prior to final payment under this contract.

7.5   Tax clearance. If modification, alteration, amendment, or change causes the contract price to exceed $25,000, Judiciary may, at its discretion, require Contractor to submit, at the time it requests modification, alteration, amendment, change, or extension of any term, provision, or condition of this contract, a tax clearance from the Director of Taxation, State of Hawai'i, and the Internal Revenue Service, showing that all tax returns due have been filed, and all taxes, interest, and penalties levied against Contractor or accrued under the tax laws of the State of Hawai'i and the Internal Revenue Code have been paid.

8.   Price Adjustment.

8.1   Price adjustment. Any adjustment in the contract price pursuant to a provision in this contract shall be made in one or more of the following ways:

(a)   By agreement on a fixed price adjustment before commencement of the pertinent performance or as soon thereafter as practicable;

(b)   By unit prices specified in this contract or subsequently agreed upon;

(c)   By the costs attributable to the event or situation covered by the provision, plus appropriate profit or fee, all as specified in this contract or subsequently agreed upon;

(d)   In such other manner as the parties may mutually agree; or in the absence of agreement between the parties, by a unilateral determination by Judiciary of the costs attributable to the event or situation covered by the provision, plus appropriate profit or fee, all as computed by Judiciary in accordance with generally accepted accounting principles and applicable sections of chapters 3-123 and 3-126, Hawai'i Administrative Rules (HAR).

JUD (02/01)

MSB000021

8.2.   <u>Submission of cost or pricing data.</u>  Contractor shall provide cost or pricing data for any price adjustments subject to the provisions of subchapter 15, chapter   3-122, HAR.

9.   <u>Suspension of Contract.</u>

9.1   <u>Notice of suspension.</u>  Judiciary reserves the right at any time and for any reason to suspend all or part of this contract, for a reasonable period, not to exceed sixty days, unless the parties agree to a longer period.  Judiciary shall provide Contractor with written notice of the suspension order, which shall set forth the date upon which the suspension shall take effect, the date of its expiration, and all applicable instructions.  Upon receipt of said order, Contractor shall immediately comply with the order and suspend all work under this contract as specified in the order.  Contractor shall take all reasonable steps to mitigate costs and adverse impact to the work specified in this contract during the suspension period.  Before the order expires, Judiciary shall either:

(a)   Cancel the suspension order;

(b)   Extend the suspension order for a specific time period not to exceed thirty (30) days; or

(c)   Terminate the contract as provided in the termination for default provision or the termination for convenience provision of this document, covered in paragraphs 10 and 11, below.

9.2   <u>Cancellation or expiration of the order.</u>  Contractor shall resume performance once a suspension order issued under this section is  canceled or expires.  If, as a result of the suspension of performance, there is a financial or schedule impact upon this contract, an appropriate adjustment may be made. Any adjustment shall be set forth in writing (see paragraph 7.3, above).  After a suspension order has been canceled or expires, Contractor shall provide any request for adjustment to Judiciary within thirty (30) days after resuming work performance.

10.   <u>Termination for Default.</u>

10.1   <u>Notice of termination for default; obligations of parties in the event of termination.</u>  If, for any reason, Contractor breaches this contract by failing to satisfactorily fulfill or perform any obligations, promises, terms, or conditions, and having been given reasonable notice of and opportunity to cure such default, fails to take satisfactory corrective action within the time specified by Judiciary, Judiciary may terminate this contract, in whole or in part, by giving written notice to Contractor specifying the date for termination.  Judiciary shall endeavor to provide such notice at least seven (7) calendar days before the effective date of termination.  In the event of termination in whole or in part, Judiciary may procure similar goods or services in a manner and upon terms it deems appropriate, and Contractor shall be liable for excess costs incurred by Judiciary in procuring similar goods or services as a result

JUD (02/01)
MSB000022

of Contractor's default.  Contractor shall continue to perform those parts of this contract, if any, that have not been terminated, and shall take timely and necessary action to protect and preserve property in the possession of Contractor in which Judiciary has an interest.

10.2   <u>Compensation.</u>  Payment for completed goods delivered and accepted by Judiciary shall be at the agreement price.  Payment for the protection and preservation of property shall be in an amount agreed upon by Contractor and Judiciary; if the parties fail to agree, Judiciary shall set an amount subject to Contractor's rights under chapter 3-126, HAR.  Judiciary may withhold from amounts due Contractor such sums as Judiciary deems to be necessary to protect Judiciary from loss because of outstanding liens or claims of former lien holders and to reimburse Judiciary for the excess costs incurred in procuring similar goods and services.

10.3   <u>Additional rights and remedies.</u>  The rights and remedies provided in this paragraph are in addition to any other rights and remedies provided by law or under this contract.

10.4   <u>Nonperformance or delayed performance for unforeseeable reasons beyond Contractor's control.</u>  Contractor shall not be in default if it can demonstrate that each of the following have occurred:

   (a)   Contractor could not perform either the terms of or according to the schedule set forth in this contract for reasons such as: acts of God; acts of a public enemy; fires; floods; epidemics; quarantine restrictions; strikes or other labor disputes; freight embargoes; or unusually severe weather; and

   (b)   Upon occurrence of events similar to those set forth above, Contractor notified Judiciary within ten (10) calendar days of the triggering event(s); and

   (c)   Upon determining that it would not be able to perform either the terms of or according to the schedule set forth in this contract, Contractor promptly notified Judiciary, and requested reasonable modification of the contract terms or schedule pursuant to Judiciary's modification provision, set forth in paragraph 7, above.

   (d)   If the failure to perform is caused by the failure of a subcontractor to perform or to make progress, and if such failure arises out of causes similar to those set forth above, Contractor shall not be deemed to be in default, unless the goods or services to be furnished by the subcontractor were obtainable from other sources in sufficient time to permit Contractor to meet the contract requirements.

11.   <u>Termination for Convenience.</u>

JUD (02/01)
MSB000023

11.1   <u>Notice.</u> Judiciary may terminate this contract in whole or in part without statement of cause at any time by giving written notice to Contractor of such termination at least thirty (30) calendar days before the effective date of such termination. The notice shall specify the part(s) of this contract being terminated and the effective termination date.

11.2   <u>Compensation.</u> Within thirty (30) calendar days of the effective date of the termination of this contract Contractor shall compile and submit to Judiciary an accounting of the work performed up to the date of termination. Judiciary may consider the following claims in determining reasonable compensation owed to Contractor for work performed up to the date of termination:

(a)   Contract prices for goods or services accepted under this contract;

(b)   Costs incurred in preparing to perform and performing the terminated portion of the work under this contract plus a five (5) percent markup on the actual direct cost of the terminated portion of the work. Such markup shall not include anticipatory profit or consequential damages, less amounts paid or to be paid for accepted goods or services; provided that if it appears that Contractor would have sustained a loss if the entire contract would have been completed, no markup shall be allowed or included and the amount of compensation shall be reduced to reflect the anticipated rate of loss.

(c)   Costs of settling and paying claims arising out of the termination of subcontracts or orders pursuant to paragraph 13.4, below;

(d)   Reasonable administrative (e.g., accounting, legal and clerical) costs incurred by Contractor for preparing settlement claims and supporting data needed for terminating subcontracts pursuant to the terminated portion of this contract.

(e)   Reasonable storage, transportation, and other costs associated with protecting or disposing of property allocable to the terminated portions of this contract.

The total sum to be paid to Contractor shall not exceed the total contract price, less any payments previously made to Contractor, the proceeds from any sales of goods or manufacturing materials, and the contract price for work not terminated.

12.   <u>Termination for Lack of Funds.</u> Pursuant to section 103D-309, HRS, except in certain instances, no contract entered into between Judiciary and Contractor shall be binding unless the Judiciary Financial Services Administrator certifies that there is an available unexpended appropriation or balance of any appropriation over and above all outstanding contracts sufficient to cover the amount required by the contract.

If this contract calls for performance or payment in more than one fiscal year, the fiscal year

IJD (02/01)
MSB000024

being July 1 to June 30, the Judiciary Financial Services Administrator may certify only that portion of the total funds required for this contract that is available in the current fiscal year.  In the event that sufficient funds are not appropriated to cover payments due in future fiscal years, Judiciary shall not be obligated to pay the net remainder of the payments remaining unpaid beyond the end of the current fiscal year.  All contracts partially funded shall be enforceable only to the extent to which funds have been certified as available.  Judiciary agrees to notify Contractor of such non-allocation at the earliest possible time.  No penalty shall accrue to Judiciary in the event this provision is exercised.  This provision shall not be construed so as to permit Judiciary to terminate this contract in order to acquire similar goods or services from a third party.

13.   <u>Contractor's Obligations in the Event of Termination.</u>

13.1   <u>Right to goods and work product.</u>  If this contract is terminated for any reason, or expires pursuant to its terms, Contractor may be required to transfer and deliver to Judiciary in the manner and to the extent directed by Judiciary:

(a)   All finished or unfinished material prepared by Contractor; and

(b)   All material, if any, provided to Contractor by Judiciary.

For purposes of this contract, "material" shall include, but is not limited to, goods, parts, tools, dies, jigs, fixtures, information, data, reports, summaries, tables, maps, charts, photographs, films, graphs, studies, recommendations, program concepts, titles, scripts, working papers, files, models, audiotapes, videotapes, computer tapes, cassettes, diskettes, documents, and records developed, prepared, or conceived by Contractor in connection with this contract, or furnished to Contractor by Judiciary.  The term does not include material owned by Contractor solely for Contractor's own use and which have only an ancillary relationship to the services provided through this contract.

13.2   <u>Preservation of Judiciary property.</u>  Contractor shall, upon Judiciary's direction, protect and preserve property in Contractor's possession in which Judiciary has an interest.  If Judiciary does not exercise this right, Contractor shall use best efforts to sell such goods and manufacturing materials.  Contractor shall immediately remit the proceeds and corresponding documentation of such sales to Judiciary.

13.3   <u>Contractor liability.</u>  If this contract is terminated for cause, Contractor shall not be relieved of liability to Judiciary for damages sustained because of any breach by Contractor of this contract.  In such event, Judiciary may retain any amounts which may be due and owing to Contractor until such time as the exact amount of damages due Judiciary from Contractor has been determined.  Judiciary may also set off any damages so determined against the amounts retained.

13.4   <u>Performance termination.</u>  Upon termination of this contract, Contractor shall stop performance on the date specified, terminate any outstanding orders and subcontracts applicable to the  terminated portion of this contract, and shall incur no

ITD (02/01)
**MSB000025**

further commitments or obligations in connection with the terminated performance. Contractor shall settle all liabilities and claims arising out of the termination of subcontracts and orders generating from the terminated performance. Judiciary may direct Contractor to assign Contractor's right, title, and interest under terminated orders or subcontracts to Judiciary or a third party. Contractor shall continue to comply with those aspects of this contract not terminated.

14. Indemnification and Defense. Contractor shall defend, indemnify, and hold harmless Judiciary and its officers, employees, and agents from and against all liability, loss, damage, cost, and expense, including attorneys' fees, and all claims, suits, and demands arising out of or resulting from the acts or omissions of Contractor or Contractor's employees, officers, agents, or subcontractors under this contract. The provisions of this paragraph shall remain in full force and effect notwithstanding the expiration or early termination of this contract.

15. Compliance with Laws. Contractor shall comply with all federal, state, and county laws, ordinances, codes, rules, and regulations, as the same may be amended from time to time, that in any way affect Contractor's performance of this contract.

16. Liquidated Damages. When it is difficult to determine with reasonable accuracy the amount of damage Judiciary will sustain due to delays caused by Contractor's late or nonperformance, this paragraph may apply.

When Contractor is given notice of delay or nonperformance as specified in paragraph 10.1 of these General Conditions, and fails to cure in the time specified, Contractor shall pay Judiciary the amount, if any, of liquidated damages set forth in the special provisions of this contract per calendar day, from the date set for cure until (i) Judiciary obtains similar goods or services, or both, if the contract is terminated for default, or (ii) Contractor provides the goods or services, or both, if the contract is not terminated for default (i.e., the contract is not terminated but has been suspended for non-performance.) If Contractor's delay or nonperformance is based upon the provisions set forth in paragraph 10.4 of these General Conditions, Contractor shall not be assessed liquidated damages.

17. Judiciary's Right of Offset. For any contract over $25,000, Judiciary may offset against any monies Judiciary owes Contractor under the contract, any amount owed to Judiciary by Contractor under this contract, any other contracts, or any law. Judiciary shall notify Contractor in writing of any offset and the nature of such offset. For purposes of this paragraph, amounts owed by Contractor to Judiciary shall not include debts or obligations which have been liquidated, agreed to by Contractor, and are covered by an installment payment or other settlement plan approved by Judiciary, provided, however, that Contractor shall be entitled to such exclusion only to the extent that Contractor is current with, and not delinquent on, any payments or obligations owed to Judiciary under such payment or other settlement plan.

18. Disputes. All disputes arising under this contract shall be resolved in the manner set forth in section 103D-703, HRS and chapter 126, HAR. Contractor shall not sue Judiciary concerning any disputes arising under this contract until after Judiciary rejects Contractor's written request seeking informal resolution of the dispute, or until ninety (90) days after

Judiciary's receipt of the written request, whichever comes first.  Contractor shall not
suspend performance while Judiciary reviews Contractor's written request, unless directed
to do so in writing by Judiciary.

19.    Confidentiality of Material.

19.1    All material given to or made available to Contractor by virtue of this contract,
which is identified as proprietary or confidential information, shall be safeguarded
by Contractor and shall not be disclosed to any individual or organization without
Judiciary's prior written approval.

19.2    All information, data, or other material provided by Contractor to Judiciary shall be
subject to the Uniform Information Practices Act, chapter 92F, HRS.

20.    Ownership Rights and Copyright.  Unless otherwise specified in the special provisions of
this contract, Judiciary shall have complete ownership of all material, both finished and
unfinished, which is developed, prepared, assembled, or conceived by Contractor pursuant
to this contract, and all such material shall be considered "works made for hire."  All such
material shall be delivered to Judiciary upon expiration or termination of this contract.
Judiciary, in its sole discretion, shall have the exclusive right to copyright any product,
concept, or material developed, prepared, assembled, or conceived by Contractor pursuant
to this contract.

21.    Patented Article.  Contractor shall defend and hold Judiciary harmless against all demands,
claims, actions, or liabilities arising from the use of any patented article, patented process,
or patented appliance used in connection with this contract.  Any royalties due or becoming
due for the use of any patented article, process, or appliance shall be paid by Contractor and
shall be deemed to be included within the proposal amount and contract price.

22.    Publicity.  Contractor shall not, in any of its brochures, advertisements, or other publicity,
refer to Judiciary, or any office, or officer thereof, or to the services provided pursuant to
this contract in any way that creates an appearance that Judiciary endorses Contractor.  All
media contacts with Contractor about this contract shall be referred to Judiciary.

23.    Liens and Warranties.  Goods purchased under this contract shall be provided free of all
liens and include all applicable warranties, including any warranties described in this
contract.

24.    Travel Costs and Expenses.  Any travel costs and expenses reasonably and necessarily
incurred by Contractor and its employees, agents, and subcontractors in the performance of
this contract which Judiciary is obligated to directly pay or reimburse Contractor for under
this contract shall be subject to the following requirements:

24.1    Any air travel shall be at coach class air fare, unless travel at a higher class will
result in an overall cost-savings to Judiciary;

24.2    Ground transportation costs shall not exceed the cost of renting an intermediate-

GC-10

sized vehicle;

24.3   Subsistence allowance (e.g., lodging, meals, etc.) shall not exceed the applicable daily authorized rate for interisland or out-of-state travel, as set forth in the Judiciary's Financial Administration Manual;

24.4   If travel is undertaken by Contractor for more than one customer or client, Contractor shall charge Judiciary for only Judiciary's proportionate share of all subsistence and transportation costs.

25.   Payment Procedures; Final Payment; Tax Clearance.

25.1   Original invoices required.  All payments under this contract shall be made only upon submission by Contractor of original invoices in triplicate (1 original plus 2 copies) specifying the amount due and certifying that services requested under this contract have been performed by Contractor according to this contract. Remuneration shall be made in accordance with section 103-10, HRS.

25.2   Subject to available funds.  Payments to Contractor are subject to availability of funds.  All payments shall be made in accordance with and subject to chapter 40, HRS.

25.3   Final payment.  Final payment under this contract shall be subject to section 103D-328, HRS, which requires for procurements of $25,000 or more, a tax clearance from the Director of Taxation, State of Hawai'i, and the Internal Revenue Service, showing that all tax returns due have been filed, and all taxes, interest, and penalties levied against Contractor or accrued under state or federal law have been paid.

26.   Federal Funds.  If this contract is payable in whole or in part from federal funds, Contractor agrees that, as to the portion of the compensation under this contract to be payable from federal funds, Contractor shall be paid only from such federal funds received from the federal government, and shall not be paid from any other funds.

27.   Governing Law.  The validity of this contract and any of its terms or provisions, as well as the rights and duties of the parties to this contract, shall be governed by the laws of the State of Hawai'i.  Any action at law or in equity to enforce or interpret the provisions of this contract shall be brought in a court of competent jurisdiction in Hawai'i.

28.   Notices.  Any written notice required to be given by a party to this contract shall be (a) delivered personally, or (b) sent by United States first class mail, postage prepaid, to the Judiciary Contract & Purchasing Branch, 1111 Alakea Street, 6th Floor, Kauikeaouli Hale, Honolulu, Hawai'i 96813, or to Contractor at Contractor's address as indicated in this contract.  A notice shall be deemed to have been received by the recipient three (3) days after mailing or at the time of actual receipt, whichever is earlier.  Contractor is responsible for notifying Judiciary in writing of any change of address.

29.   Severability.  In the event that any provision of this contract is declared invalid or

JUD (02/01)
MSB000028

unenforceable by a court, such invalidity or unenforceability shall not affect the validity or enforceability of the remaining terms of this contract.

30. <u>Waiver.</u> The failure of Judiciary to insist upon strict compliance with any term, provision or condition of this contract shall not be deemed to constitute a waiver or relinquishment of Judiciary's right to enforce the same in accordance with this contract.

31. <u>Managed Process Review.</u> Any contract for goods, services, or construction entered into after July 20, 1998 and prior to July 1, 2001 with an expiration date beyond June 30, 2001, shall, during its term, be subject to a single review by the State, or county, where applicable, pursuant to the managed process in Part III, section 6 of Act 230, Session Laws of Hawaiʻi, 1998. Pursuant to the managed process review, this contract may be canceled, renegotiated, continued, or extended by the State or county, where applicable. This contract shall continue to be exempt from civil service laws, merit principles, and collective bargaining laws for the duration of the contract even if a managed process is not implemented.

JUD (02/01)
MSB000029