IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

REED SAILOLA,                    )  Civ. No. 13-00544 HG-RLP
                                 )
          Plaintiff,             )
                                 )
      vs.                        )
                                 )
MUNICIPAL SERVICES BUREAU;       )
JOHN DOES 1-50,                  )
                                 )
          Defendant.             )
─────────────────────────────────)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MUNICIPAL SERVICES BUREAU'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 25) WITH LEAVE TO AMEND**

Plaintiff Sailola's Complaint alleges Defendant Municipal Services Bureau violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act and various Hawaii state laws when it contacted him to recover a fine that had been stayed pending appeal.

Defendant Municipal Services Bureau seeks judgment on the pleadings.  Defendant asserts that Plaintiff's claims are barred by the Rooker-Feldman doctrine.  Defendant also argues that the State of Hawaii Judiciary is a necessary party to Plaintiff's suit.

1

Defendant also moves to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant's Motion for Judgment on the Pleadings is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is permitted **LEAVE TO AMEND** his Complaint consistent with this Order.

### PROCEDURAL HISTORY

On October 18, 2013, Plaintiff Reed Sailola filed a Complaint.  (ECF No. 1).

On November 27, 2013, Defendant filed an Answer.  (ECF No. 10).

On June 4, 2014, Defendant filed DEFENDANT MUNICIPAL SERVICES BUREAU'S MOTION FOR JUDGMENT ON THE PLEADINGS.  (ECF No. 25).

On June 19, 2014, Plaintiff filed PLAINTIFF REED SAILOLA'S MEMORANDUM IN OPPOSITION TO DEFENDANT MUNICIPAL SERVICES BUREAU'S MOTION FOR JUDGMENT ON THE PLEADINGS.  (ECF No. 28).

On July 2, 2014, Defendant filed DEFENDANT MUNICIPAL SERVICES BUREAU'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS.  (ECF No. 30).

On July 8, 2014, a hearing was held on Defendant's Motion for Judgment on the Pleadings.  (ECF No. 35).

## BACKGROUND

The Complaint states that on December 6, 2012, Plaintiff Reed Sailola ("Plaintiff Sailola") was convicted in the District Court of the First Circuit, State of Hawaii, for Operating a Vehicle Under the Influence of an Intoxicant. (Complaint at ¶ 9, Ex. A, ECF No. 1).  Plaintiff was sentenced to pay a fine and other fees.  (Ex. A, ECF No. 1; Ex. 2 at pp. 2-3, ECF No. 28).

Plaintiff claims that his entire sentence was stayed by the District Court due to his appeal of his conviction.  (Ex. 2 at p. 4, ECF No. 28).

The Complaint alleges that Defendant Municipal Services Bureau ("Defendant MSB") is a collection agency that collects fines and fees on behalf of the State of Hawaii Judiciary. (Complaint at ¶¶ 13, 18, ECF No. 1).

The Complaint alleges violations of the federal Telephone Consumer Protection Act pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) and nine state law causes of action. (Complaint at pp. 19-39, ECF No. 1).  Plaintiff Sailola seeks declaratory judgment, statutory damages for each phone call,

actual damages, fees and costs, and injunctive relief.  (<u>Id.</u> at pp. 39-40).

Defendant's Motion for Judgment on the Pleadings (ECF No. 25) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is permitted **LEAVE TO AMEND** his Complaint consistent with this Order.

## STANDARD OF REVIEW

### Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) for Failure to State a Claim

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed.  Judgment on the pleadings "is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009).  For a Rule 12(c) motion, all material allegations contained in the nonmoving party's pleadings are accepted as true, while the allegations made by the moving party that have been denied are assumed to be false.  <u>Hal Roach Studios v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989).

The district court's review is generally limited to the contents of the complaint.  If the court reviews matters

outside the pleading, the motion is treated as one for summary judgment. See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004); Fed. R. Civ. P. 12(c).  The court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

**Application of the Fed. R. Civ. P. 12(b)(6) Standard**

When a Rule 12(c) motion raises the defense of failure to state a claim, the standard governing the motion is the same as that governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).  Rule 12(b)(6) allows dismissal where a Complaint fails "to state a claim upon which relief can be granted."  The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2).

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are

insufficient to defeat a motion to dismiss. Id.  The Court

need not accept as true allegations that contradict matters

properly subject to judicial notice or allegations

contradicting the exhibits attached to the complaint.

Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th

Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme

Court addressed the pleading standards under the Federal Rules

of Civil Procedure in the anti-trust context.  550 U.S. 544

(2007).  The Supreme Court stated that Rule 8 of the Federal

Rules of Civil Procedure "requires more than labels and

conclusions, and a formulaic recitation of the elements of a

cause of action," and that "[f]actual allegations must be

enough to raise a right to relief above the speculative

level."  Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court

clarified that the principles announced in Twombly are

applicable in all civil cases.  129 S.Ct. 1937 (2009).  The

Court stated that "the pleading standard Rule 8 announces does

not require 'detailed factual allegations,' but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me-

accusation."  Id. at 1949 (citing Twombly, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim
to relief that is plausible on its face.  Id. (quoting
Twombly, 550 U.S. at 570).  A claim has facial plausibility
when the plaintiff pleads factual content that allows the
court to draw the reasonable inference that the defendant is
liable for the misconduct alleged.  Id. (citing Twombly, 550
U.S. at 556).  The plausibility standard is not akin to a
"probability requirement," but it asks for more than a sheer
possibility that a defendant has acted unlawfully.  Id.
(quoting Twombly, 550 U.S. at 556).  Where a complaint pleads
facts that are "merely consistent with" a defendant's
liability, it "stops short of the line between possibility and
plausibility of 'entitlement to relief.'"  Id. (quoting
Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of
underlying facts to give fair notice and to enable the
opposing party to defend itself effectively" and "must
plausibly suggest an entitlement to relief, such that it is
not unfair to require the opposing party to be subjected to
the expense of discovery and continued litigation." AE ex
rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir.
2012) (internal quotations omitted).

**ANALYSIS**

**I.    The <u>Rooker-Feldman</u> Doctrine Does Not Bar Plaintiff's Complaint**

Pursuant to the <u>Rooker-Feldman</u> doctrine, federal district courts lack subject matter jurisdiction to exercise appellate review over final state court judgments. <u>Henrichs v. Valley View Development</u>, 474 F.3d 609, 613 (9th Cir. 2007) (citing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482-86 (1983)).

The <u>Rooker-Feldman</u> doctrine precludes a district court from reviewing state court judgments because the federal authority to review a state court judgment lies exclusively with the United States Supreme Court. <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 292 (2005).

The Ninth Circuit Court of Appeals has clarified the narrow scope of the <u>Rooker-Feldman</u> doctrine. First, a district court must determine whether the action contains an impermissible appeal of a state court decision. <u>Bell v. City of Boise</u>, 709 F.3d 890, 896 (9th Cir. 2013) (citing <u>Noel v. Hall</u>, 341 F.3d 1148, 1158 (9th Cir. 2003)). The impermissible appeal may be either direct or de facto. To constitute a de facto appeal, "a plaintiff must seek not only to set aside a

state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." Maldonado v. Harris, 370 F.3d 945, 950-51 (9th Cir. 2004) (quoting Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004)).

A district court must pay close attention to the relief sought by the federal-court plaintiff to determine whether an action functions as a de facto appeal. Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003)).

The district court is not required to determine whether or not the state court fully and fairly adjudicated the constitutional claim. Bianchi, 334 F.3d at 900. "Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.'" Id. at 901 (quoting Kenmen Eng'g v. City of Union, 314 F.3d 468, 478 (10th Cir. 2002)). A complaint challenging a state court's factual or legal conclusion constitutes a forbidden de facto appeal under Rooker-Feldman. See Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1030 (9th Cir. 2005).

If a district court determines that a plaintiff seeks to bring a de facto appeal, the court's second step in the Rooker-Feldman analysis is to determine if the issue before the federal court is "inextricably intertwined" with the state court judicial decision.  Bell, 890 F.3d at 897.  If the federal action does not contain a forbidden de facto appeal, the Rooker-Feldman inquiry ends.  Id.

Plaintiff Sailola's Complaint does not contain an impermissible appeal of a state court decision.  Plaintiff's Complaint does not seek review of the Hawaii state court decision finding him guilty of Driving Under the Influence of an Intoxicant and ordering him to pay fees and fines as a result of his conviction.  Plaintiff also does not seek review of the Hawaii state court decision granting him a stay of his sentence.  To the contrary, Plaintiff is seeking to rely on the state court's decision granting him a stay of his sentence.  Plaintiff is not seeking to "undo" a state court judgment.  Bianchi, 334 F.3d at 901.

In Partington v. Gedan, the Ninth Circuit Court of Appeals determined that the federal district court lacked subject matter jurisdiction to review a decision by the Hawaii Supreme Court ordering Partington to pay a $50 fine.  961 F.2d 852, 857 (9th Cir. 1992).  Partington filed suit in federal

10

district court and named the justices of that Hawaii Supreme
Court as defendants.  Id.  Partington asserted in his federal
complaint that the Hawaii Supreme Court justices violated his
"constitutional rights by levying and collecting the fine."
Id.  The Ninth Circuit Court of Appeals explained that the
Rooker-Feldman doctrine barred review of Partington's federal
complaint challenging the Hawaii Supreme Court's imposition of
a fine because he improperly sought review of a state court
judgment in federal court.  Id. at 864.

Here, Plaintiff Sailola claims that Defendant MSB
violated federal and state laws when it attempted to obtain
payment from him.  Plaintiff claims that when Defendant MSB
contacted him in July and August of 2013, he did not yet owe
any fines or fees related to his December 6, 2012 state court
criminal conviction. Plaintiff's Complaint does not challenge
the District Court for the First Circuit, State of Hawaii's
factual or legal conclusions.  Manufactured Home Communities,
Inc., 420 F.3d at 1030.  Unlike the plaintiff in Partington,
Plaintiff Sailola's federal complaint does not challenge the
Hawaii state court's decision ordering him to pay a fine.

Defendant has not established that Plaintiff Sailola has
filed a direct or de facto appeal of a state court judgment.

Bell, 890 F.3d at 897.   The Rooker-Feldman doctrine does not
preclude Plaintiff's suit.

Defendant's Motion for Judgment on the Pleadings (ECF No.
25) for lack of subject matter jurisdiction pursuant to the
Rooker-Feldman doctrine is **DENIED**.

## II.   The State of Hawaii Judiciary Is Not a Necessary Party

Pursuant to Federal Rule of Civil Procedure 12(b)(7), an
action may be dismissed for failure to join a necessary party
under Federal Rule of Civil Procedure 19.

A necessary party[1] is defined by Federal Rule of Civil
Procedure 19.   Rule 19 provides:

A person who is subject to service of process and whose
joinder will not deprive the court of subject-matter
jurisdiction must be joined as a party if:

(A)   in that person's absence, the court cannot accord
complete relief among existing parties; or

---

[1] The 2007 amendment to Rule 19 changed the language of
the rule, eliminating the term "indispensable" and replacing
"necessary" with "required."   The advisory committee notes
indicate that the 2007 amendments to the civil rules were
merely stylistic.   Fed. R. Civ. P. 19 advisory committee's
note (2007); Republic of the Philippines v. Pimentel, 553 U.S.
851 (2008).   Because the traditional terms are terms of art
used by courts and commentators and because the parties have
used the traditional terms in their briefs, for clarity the
Court does the same here.

(B)  that person claims an interest relating to the
subject of the action and is so situated that
disposing of the action in the person's absence may:

(i)  as a practical matter impair or impede the
person's ability to protect the interest; or

(ii)     leave an existing party subject to a
substantial risk of incurring double,
multiple, or otherwise inconsistent
obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The Court has discretion, upon consideration of the facts
of the case and policy underlying Rule 19(a), to determine
whether a non-party should be joined.  See Bakia v. Cnty of
Los Angeles, 687 F.2d 299, 301 (9th Cir. 1982).  The Court's
determination of whether a party should be joined is uniquely
influenced by the facts of the case.  E.E.O.C. v. Peabody
Western Coal Co., 610 F.3d 7070, 1081 (9th Cir. 2010).  The
policies underlying Rule 19(a) "include plaintiff's right to
decide whom he shall sue, avoiding multiple litigation,
providing the parties with complete and effective relief in a
single action, protecting the absentee, and fairness to the
other party."  Bakia, 687 F.3d at 301.

13

## A.   The Court Can Accord Complete Relief in the Absence of the Hawaii Judiciary

Defendant MSB asserts that the State of Hawaii Judiciary is a necessary party.  Defendant contends that Plaintiff will not find complete relief because the Hawaii Judiciary "presumably will still attempt to collect the DUI Fine which, as far as it is concerned, is still owed."  (Def.'s Motion at p. 14, ECF No. 25).

A creditor is not a necessary or indispensable party to an action against a collection agency where there is no dispute over the debt between the plaintiff and the creditor. Pittman v. J.J Mac Intyre Co. Of Nevada, 969 F.Supp 609, 613 (D. Nev. 1997). Plaintiff's Complaint does not seek relief from any obligations he may have to the Hawaii Judiciary. Plaintiff does not dispute that he may owe the Hawaii Judiciary a fine and fees related to his criminal conviction in the future.  Plaintiff does not request that his sentence be expunged.

Plaintiff seeks statutory fines and damages from Defendant MSB for its collection efforts.  Plaintiff may obtain complete relief from Defendant MSB in the absence of the Hawaii Judiciary.  Defendant MSB has not established that

14

the Hawaii Judiciary is a necessary party pursuant to Rule 19(a)(1)(A).

**B.   The Hawaii Judiciary's Absence Will Not Interfere With Its Interest Or Subject Defendant MSB to Inconsistent Obligations**

Defendant MSB claims that the State of Hawaii Judiciary is a necessary party because it has an interest in the action as it may be held vicariously liable for Defendant MSB's actions.

Plaintiff's primary argument is that Defendant MSB violated the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) when it used an auto-dialing system to place calls to his cellular phone without permission.  Plaintiff claims that Defendant MSB contacted him about a debt that he did not yet owe.  Defendant MSB maintains that the Hawaii Judiciary provided the information to collect Plaintiff's fines and fees.  The Hawaii Judiciary is not a necessary party on the basis that Defendant MSB may be required to obtain evidence from it.  Johnson v. Smithsonian Inst., 189 F.3d 180, 188 (2d Cir. 1999).  Plaintiff's cause of action is not dependent on whether he owes fines and fees to the Hawaii Judiciary.  Plaintiff Sailola contends that Defendant MSB violated the TCPA for its

15

collection efforts regardless of whether he owed the debt at the time or whether he will owe the debt in the future.

Any potential liability the Hawaii Judiciary has for Defendant MSB's collection efforts does not render it a necessary party.  The possibility of related third-party liability does not require the joinder of those parties to a single suit.  <u>Temple v. Synthes Corp.</u>, 498 U.S. 5, 7 (1990) (finding that joint tortfeasors need not be joined as parties to an action); <u>Interscope Records v. Duty</u>, 2006 WL 988086, *2 (D. Ariz. Apr. 14, 2006) (holding that a possible claim against a third-party for contribution did not render the nonparty necessary).  Rule 19 requires a legally protected interest, and not merely a financial interest or interest of convenience.  <u>Axiom Worldwide, Inc. v. Becerra</u>, 2009 WL 1347398, *4 (M.D. Fla. May 13, 2009) (finding that an interest in vicarious liability does not render a nonparty necessary).


Defendant MSB claims the joinder of the Hawaii Judiciary is necessary to allow it to protect its future interests in recovering court fees and fines. "Speculation about the occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or

16

indispensable parties under Rule 19." <u>Northrop Corp. V. McDonnell Douglas Corp.</u>, 705 F.2d 1030, 1046 (9th Cir. 1983).

Defendant MSB claims that its collection efforts are directed by the Hawaii Judiciary. Defendant MSB argues that it will be subject to multiple or inconsistent obligations if the Hawaii Judiciary is not joined. Defendant MSB is obligated to comply with federal and state laws that apply to collection agencies. The outcome of Plaintiff's suit does not alter Defendant MSB's obligations.

The Complaint does not contend that the Hawaii Judiciary is responsible for Defendant MSB's alleged misconduct in its collection efforts. <u>Gonzalez v. Law Firm of Sam Chandra, APC</u>, 2013 WL 4758944, *3, (E.D. Wash. Sept. 4, 2013). Plaintiff's Complaint does not challenge Defendant MSB's contract with the Hawaii Judiciary. <u>Disabled Rights Action Committee v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 881 (9th Cir. 2004). The Hawaii Judiciary is not a necessary party by virtue of its contractual relationship with Defendant MSB. <u>Id.</u>

Defendant's Motion for Judgment on the Pleadings (ECF No. 25) for failure to join a necessary party pursuant to Rule 19 is **DENIED**.

III.    **Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6)**

17

**Count I:   Violations of the Telephone Consumer Protection Act**

The Telephone Consumer Protection Act ("TCPA") was enacted to protect individual consumers from receiving intrusive and unwanted telemarketing calls.  <u>Mims v. Arrow Fin. Servs., LLC</u>, 132 S.Ct. 740, 745 (2012).  The TCPA provides for a private right of action for persons affected by violations of its provisions and authorizes an award of $500.00 in statutory damages for each violation.  47 U.S.C. § 227(b)(3); <u>Mims</u>, 132 S.Ct at 749-50.

The TCPA distinguishes between calls made to cellular telephones and calls made to residential land-lines.

To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that:

(1)      defendant made a call to plaintiff's cellular telephone;

(2)   defendant placed the call "using an automatic telephone dialing system or leaving an artificial or prerecorded voice";

(3)   defendant made the call without prior consent of the plaintiff.

47 U.S.C. § 227(b)(1)(A)(iii); <u>Peatrowsky v. Persolve</u>, 2014 WL 1215061, *4 (D. Nev. Mar. 24, 2014).

18

For calls made to residential land-lines, the TCPA prohibits initiating any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B).  The TCPA recognizes a number of exceptions to the prohibition on calls to residential lines, including an exception for calls that are not commercial or are not solicitations.  47 C.F.R. § 64.1200(a)(2).

The TCPA does not provide for the same exceptions to calls made to a cellular phone.  Blair v. CBE Group Inc., 2013 WL 4677026, *4-5 (S.D. Cal. Oct. 17, 2013).  "The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent." Id. (citing Gager v. Dell Financial Services, LLC, 727 F.3d 265, 273 (3rd Cir. 2013)).

The Complaint sufficiently alleges a claim against Defendant MSB for violating the TCPA.  First, Plaintiff contends that Defendant MSB made calls to his cellular telephone.  (Complaint at ¶¶ 102, 107, 109, ECF No. 1).

Second, Plaintiff asserts that Defendant MSB made the calls using an automatic telephone dialing system.  (Id. at ¶ 28, 101-02, 107, 109, 111, 114).

Finally, Plaintiff alleges that he "does not recall ever providing his cellular telephone number to the State of Hawaii, law enforcement officials, the courts for Hawaii, or Defendant" and states he "never gave express consent for any of the above referenced entities to call his cellular telephone." (Id. at ¶¶ 48-49; 104-06).

Defendant MSB's defense that Plaintiff provided express consent to receive the calls attempts to go to the merits of Plaintiff's claim.  "The 'express consent' provision, however, is not an element of a TCPA plaintiff's *prima facie* case, but rather is an affirmative defense for which the defendant bears the burden of proof." Shupe v. JP Morgan Chase Bank of Arizona, 2012 WL 1344820, *4 (D. Ariz. Mar. 14, 2012) (citing In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 565 (2008)).

The allegations contained in the Complaint are sufficient to state a claim pursuant to the TCPA.  Blair, 2013 2029155 at *4; Peatrowsky, 2014 WL 1215061 *4.

Defendant's Motion for Judgment on the Pleadings for violations of the TCPA, alleged in Count I of the Complaint, is **DENIED**.

**Count II:      Violations of Section 443B of Hawaii
               Revised Statutes**

20

Plaintiff alleges that Defendant MSB violated a number of provisions contained in Section 443B of Hawaii Revised Statutes ("HRS") relating to collection agencies.

The Hawaii Supreme Court has explained that in order for a plaintiff to bring a private action pursuant to HRS § 443B, the plaintiff must satisfy the threshold requirements of HRS § 480-13(b). Flores v. Rawlings Co, LLC, 177 P.3d 341, 350 (Haw. 2008). HRS § 480-13(b) provides for damages for "any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by section 480-2." A plaintiff filing suit pursuant to HRS § 443B must demonstrate that he is a "consumer" within the meaning of the HRS § 480-13. Flores, 177 P.3d at 350.

The Hawaii Supreme Court relied on Section 443B-20 to determine that a plaintiff must be a "consumer." Id. at 352. HRS § 443B-20 states that any violation of chapter HRS § 443B, which regulates collection agencies, constitutes an unfair or deceptive act or practice in the conduct of any trade or commerce for the purpose of section 480-2. Flores, 177 P.3d at 350; HRS § 443B-20. The Hawaii Supreme Court concluded that "[b]y deeming violations of HRS chapter 443B an unfair or deceptive act or practice for the purposes of HRS § 480-2, it is evident that the legislature wished to have chapter 443B be

21

enforceable in the same manner as other unfair trade practices under chapter 480." <u>Flores</u>, 177 P.3d at 352.

"Consumer" is defined by statute to mean:

A natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in personal investment.

HRS § 480-1.  The Hawaii Supreme Court has concluded that, in the context of an action against a collection agency, "the determination of whether the individual seeking suit is a 'consumer' should rest on whether the underlying transaction which gave rise to the obligation was for a good or service that is 'primarily for personal, family, or household purposes.'" <u>Flores</u>, 177 P.3d at 352.

Here, Plaintiff Sailola is not a "consumer" for purposes of his claims pursuant to HRS § 443B.  Plaintiff is not seeking suit based on an underlying transaction that gave rise to his obligation for his personal, family, or household purpose. <u>Flores</u>, 177 P.3d at 352.  Plaintiff's obligation is a result of a criminal conviction.  The Hawaii Supreme Court decision in <u>Flores</u> is clear that only a consumer whose obligation stems from an underlying transaction for a personal good or service may bring a private cause of action for violations of HRS § 443B.  Plaintiff cannot state a claim

22

pursuant to HRS § 443B because his obligation does not stem from an underlying consumer transaction.

Defendant's Motion for Judgment on the Pleadings seeking to dismiss violations of HRS § 443B, alleged in Count II of the Complaint, is **GRANTED**.  Count II for violations of HRS § 443B is **DISMISSED WITH PREJUDICE**.

### Count III: Negligence Per Se

Hawaii law does not recognize a negligence per se cause of action for violation of a statutory standard.  <u>Aana v. Pioneer Hi-Bred Intern., Inc.</u>, Civ. No. 12-0231LEK-BMK, 965 F.Supp.2d 1157, 1175 (D. Haw. 2013).

The Hawaii Supreme Court has stated that "noncompliance with an established statutory standard is not necessarily conclusive on the issue of negligence ... but is merely evidence of negligence."  <u>Camara v. Agsalud</u>, 685 P.2d 794, 798 (Haw. 1984) (citing <u>Pickering v. State</u>, 557 P.2d 125, 127 (Haw. 1976) and <u>Michel v. Valdastri, Ltd.</u>, 575 P.2d 1299 (Haw. 1978)).

Defendant's Motion for Judgment on the Pleadings seeking to dismiss Plaintiff's claim for negligence per se, alleged in Count III of the Complaint, is **GRANTED**.  Count III for negligence per se is **DISMISSED WITH PREJUDICE**.

**Count IV:        Negligence**

A successful negligence claim must satisfy the following four elements: (1) a duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the actor's part to conform to the standard required; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. Ono v. Applegate, 612 P.2d 533, 538 (Haw. 1980).

The Complaint has not stated sufficient facts to establish the duty of care Defendant MSB is alleged to have violated.  Plaintiff has not established that creditors have a duty of care to debtors sounding in negligence. McCarty v. GCP Mgmt., LLC, Civ. No. 10-0133JMS-KSC, 2010 WL 4812763, *6 (D. Haw. Nov. 17, 2010).

The statutory standards provided in HRS § 443B do not apply to Defendant MSB's attempts to collect court fees and fines.  Plaintiff has not demonstrated that the TCPA provides a duty of care sufficient for a negligence cause of action. Plaintiff's recourse for violations of the TCPA is the statutory remedies themselves.

24

The Complaint does not sufficiently identify any other duty that Defendant MSB violated in order to state a claim for negligence.

The Complaint does not provide sufficient particularity with respect to the injuries that Plaintiff suffered on account of Defendant MSB's actions.  Plaintiff claims that Defendant's "actions or omissions did cause and proximately cause the physical and mental injury to Mr. Sailola." (Complaint at ¶ 170, ECF No. 1).  Plaintiff's statement is conclusory and does not establish that he suffered an actionable injury.

Defendant's Motion for Judgment on the Pleadings seeking to dismiss Plaintiff's claim for negligence, alleged in Count IV of the Complaint, is **GRANTED**.  Count IV for negligence is **DISMISSED WITH LEAVE TO AMEND**.

**Count V:  Intentional Infliction of Emotional Distress**

The elements of intentional infliction of emotional distress ("IIED") pursuant to Hawaii law, are: (1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.  Enoka v. AIG Hawaii Ins. Co., Inc., 128 P.3d 850, 872 (Haw. 2006).  The

term "outrageous" has been construed to mean "without just cause or excuse and beyond all bounds of decency." Id. (citing Lee v. Aiu, 936 P.2d 655, 670 n.12 (Haw. 1997)). Acting with tortious or criminal intent, or intent to inflict emotional distress, does not necessarily rise to the levels of outrageousness required for an IIED claim. Soone v. Kyo-Ya Co., Ltd., 353 F.Supp.2d 1107, 1116 (D. Haw. 2005) (citing Ross v. Stouffer Hotel Co. Ltd., 879 P.2d 1037, 1048 (Haw. 1994)).

The term "extreme emotional distress" includes, "inter alia, mental suffering, mental anguish, nervous shock, and other highly unpleasant mental reactions." Enoka, 128 P.3d at 872 (internal quotations omitted).

Plaintiff asserts that Defendant MSB called him more than twenty-two times in two months. Plaintiff claims that the calls placed by Defendant MSB sought to collect money that he did not owe. Plaintiff alleges that he has continued to receive calls despite informing Defendant MSB that he did not owe the debt. The Complaint states that Defendant MSB "acted intentionally or recklessly." (Complaint at ¶ 175, ECF No. 1). Plaintiff claims that he suffered "extreme mental and/or emotional distress" because of Defendant's "series of abusive collection calls." (Id. at ¶¶ 177, 178).

26

Plaintiff has not pled sufficient facts to establish that Defendant MSB's actions were outrageous and "beyond all bounds of decency." Enoka, 128 P.3d at 872. In Keiter v. Penn. Mut. Ins. Co., 900 F.Supp. 1339, 1348 (D. Haw. 1995), the court explained that "[i]f courts do not in clear cases exercise their review of such claims in the first instance, the standard of outrageous will be expanded into an unreviewable jury question, diluting the importance of the cause of action and available relief." Plaintiff Sailola has not alleged any facts that would make Defendant MSB's attempt to collect fines and fees "outrageous." Johnson v. Assoc. of Apartment Owners of Ke Aina Kai Townhomes, Civ. No. 06-0106HG-KSC, 2006 WL 7136685, *5 (D. Haw. Aug. 25, 2006).

Defendant's Motion for Judgment on the Pleadings seeking to dismiss Plaintiff's claim for intentional infliction of emotional distress, alleged in Count V of the Complaint is **GRANTED**. Count V for intentional infliction of emotional distress is **DISMISSED WITH LEAVE TO AMEND**.

**Count VI:      Negligent Training and/or Supervision**

Under Hawaii law, a claim for negligent training or supervision "may only be found where an employee is acting outside of the scope of his or her employment." Freeland v.

27

County of Maui, Civ. No. 11-0617ACK-KS, 2013 WL 6528831, *24
(D. Haw. 2013) (citing Dairy Rd. Partners v. Island Ins. Co.,
Ltd., 992 P.2d 93 (Haw. 2000) and Wong-Leong v. Hawaiian
Indep. Refinery, Inc., 879 P.2d 538 (Haw. 1994) (adopting the
test for negligent supervision set forth in Restatement
(Second) of Torts § 317, requiring that the employee be acting
outside the scope of his employment)).

The Complaint contains insufficient facts for a claim for
negligent training or supervision.  The Complaint does not
identify any of Defendant MSB's individual employees.
Plaintiff does not contend that any of Defendant's employees
acted outside the scope of his or her employment.

Defendant's Motion for Judgment on the Pleadings seeking
to dismiss Plaintiff's claim for negligence training or
supervision, alleged in Count VI of the Complaint, is **GRANTED**.
Count VI for negligent training or supervision is **DISMISSED
WITH LEAVE TO AMEND.**

**Counts VII and VIII: Harassment and Invasion of Privacy**

Counts VII and VIII of Plaintiff's Complaint seek relief
pursuant to Hawaii's criminal code for Harassment and Invasion
of Privacy.  The Complaint cites HRS § 711-1106 for harassment
and HRS § 711-1111(h) for invasion of privacy.

Plaintiff Sailola, as a private citizen, lacks standing to bring claims under criminal statutes. <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) (finding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); <u>Larry v. Uyehara</u>, 270 Fed. Appx. 557, 558 (9th Cir. 2008) (finding that the district court "properly dismissed this action because Larry lacks standing to initiate a criminal prosecution").

Defendant's Motion for Judgment on the Pleadings seeking to dismiss Plaintiff's criminal claims for harassment and invasion of privacy, alleged in Counts VII and VIII of the Complaint, is **GRANTED**.  Counts VII and VIII for criminal harassment and invasion of privacy are **DISMISSED WITH PREJUDICE**.

**Count IX:       Intrusion Upon Seclusion**

A claim for unreasonable intrusion into the seclusion of another consists of three elements: (1) intentional intrusion, physically or otherwise, (2) upon the solitude or seclusion of another or his private affairs or concerns, (3) that would be highly offensive to a reasonable person. <u>Taylor v. Franko</u>, Civ. No. 09-0002JMS-RLP, 2011 WL 2118270, *7 (D. Haw. May 2, 2011) (citing Restatement (Second) of Torts § 652B (1977)).

29

"Whether an act of intrusion is highly offensive is an objective inquiry." <u>Black v. City & Cnty of Honolulu</u>, Civ. Nos. 97-1086SPK, 98-0295DAE, 112 F.Supp.2d 1041, 1053 (D. Haw. 2000).  There is no bright line rule delineating what kind of intrusion is highly offense as each case must be taken on its facts.  <u>Id.</u>

Plaintiff claims that Defendant MSB intentionally intruded into his personal privacy when it attempted to collect a debt from him that he did not owe.  (Complaint at ¶¶ 193-96, ECF No. 1).  Plaintiff claims that Defendant MSB acted unreasonably by using false and deceptive practices and by making "threats to take action that they were not legally entitled to make." (<u>Id.</u> at ¶ 195).  Plaintiff asserts that Defendant MSB's communications misrepresented the status of his criminal conviction and attempted to induce him to forfeit his legal right to appeal his conviction.  (<u>Id.</u> at ¶¶ 35, 41, 91-92, 98-99).

Plaintiff has stated sufficient facts to state a plausible claim for intrusion upon seclusion.  Defendant's Motion for Judgment on the Pleadings seeking to dismiss Plaintiff's claim for intrusion upon seclusion, alleged in Count IX of the Complaint, is **DENIED**.

CONCLUSION

Defendant Municipal Services Bureau's Motion for Judgment on the Pleadings (ECF No. 25) is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff is granted **LEAVE TO AMEND**.  Plaintiff may file an Amended Complaint by August 15, 2014.  The Amended Complaint must conform to the rulings contained in this Order.

Plaintiff's claims are not barred by the Rooker-Feldman doctrine.

The State of Hawaii Judiciary is not a necessary party to Plaintiff's suit.


Plaintiff has stated the following claims:

**Count I:**      **Violations of the Telephone Consumer Protection Act**

**Count IX:**       **Intrusion Upon Seclusion**


The following claims are **DISMISSED WITH LEAVE TO AMEND:**

**Count IV:**       **Negligence**

**Count V:**      **Intentional Infliction of Emotional Distress**

**Count VI:**       **Negligent Training and/or Negligent Supervision**

The following claims are **DISMISSED WITH PREJUDICE:**

**Count II:**          **Violations of HRS § 443B**

**Count III:**    **Negligence Per Se**

**Count VII:**    **Harassment**

**Count VIII:**    **Invasion of Privacy**

IT IS SO ORDERED.


DATED:        Honolulu, Hawaii, July 9, 2014.




      /s/ Helen Gillmor
      _____

      Helen Gillmor
      United States District Judge


Reed Sailola v. Municipal Services Bureau; John Does 1-50;
Civ. No. 13-0544 HG-RLP; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MUNICIPAL SERVICES BUREAU'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 25) WITH LEAVE TO AMEND**