McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN        3639-0
COURTNEY K. SUE-AKO   9803-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293
minkin@m4law.com
sue-ako@m4law.com

Attorneys for Defendant
MUNICIPAL SERVICES BUREAU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REED SAILOLA,<br><br>        Plaintiff,<br><br>vs.<br><br>MUNICIPAL SERVICES BUREAU and JOHN DOES 1-50,<br><br>        Defendants. | CIVIL NO. 13-00544 HG RLP<br><br>DEFENDANT MUNICIPAL SERVICES BUREAU'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF, FILED ON AUGUST 14, 2014; CERTIFICATE OF SERVICE |

310726.3

DEFENDANT MUNICIPAL SERVICES BUREAU'S ANSWER
TO FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF, FILED ON AUGUST 14, 2014

Defendant Municipal Services Bureau ("Defendant"), by and through its counsel, McCorriston Miller Mukai MacKinnon LLP, hereby submits the following as its Answer to Plaintiff Reed Sailola's First Amended Complaint for Damages, Declaratory Relief, and Injunctive Relief ("Amended Complaint"), filed on August 14, 2014:

FIRST DEFENSE

1. The Amended Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

2. In response to Paragraph 1 of the Amended Complaint, Defendant states that the Amended Complaint speaks for itself, and on that basis, Defendant further denies all remaining allegations.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 2, 4, 5, 8, 25, 57, 61, 62, 63, 64, and 161 of the Amended Complaint and thus, those allegations are denied.

4. Defendant denies the allegations in Paragraphs 3, 27, 28, 30, 31, 50, 51, 54, 58, 59, 60, 65, 66, 68, 126, 128, 129, 132, 133, 138, 139, 140, 141, 142,

143, 144, 145, 148, 153, 154, 162, 163, 164, 165, 170, 171, 172, 173, 174, 176, 178, 180, 181, 182, 183, 184, 186, 187, 189, 190, 191, 192, 193, 194, 195, 196, 198, 199, 200, 201, 203, 204, 206, 207, and 208 of the Amended Complaint.

5.  Defendant admits the allegations contained in Paragraphs 6, 7, 9, 15, 16, 32, 33, 34, 35, 37, 38, 39, 40, 41, 44, 135, 150, 167, and 169 of the Amended Complaint.

6.  In response to Paragraphs 17, 18, 19, 26, 36, 42, 46, 134, 149, 160, 166, 168, 185, 188, 202, 205, and 209 of the Amended Complaint, Defendant states that the allegations therein state legal conclusions, and on that basis deny the allegations.

7.  In response to Paragraphs 10, 11, 12, 13, 14, 20, 21, 22, 23, 67, and 197 of the Amended Complaint, Defendant states that the exhibit speaks for itself, and on that basis, Defendant further denies all remaining allegations.

8.  In response to Paragraph 24 of the Amended Complaint, Defendant admits only that the Honolulu District Court docket is available to the public and can be viewed by searching Plaintiff's name and/or case on the Hawai'i State Judiciary's ("Judiciary") eKokua website, as demonstrated in Exhibit Six of the Amended Complaint. Defendant denies all remaining allegations, and further notes that transcripts and audio recordings of proceedings are not available to the public through the Judiciary's eKokua website.

9.  In response to Paragraph 29 of the Amended Complaint, Defendant assumes that Plaintiff intends to refer to Exhibit Eight of the Amended Complaint and states that the exhibit speaks for itself, and on that basis, Defendant further denies all remaining allegations.

10. In response to Paragraphs 43, 45, 47, 48, 49, 52, 53, 55, and 56 of the Amended Complaint, Defendant assumes that Plaintiff intends to refer to Exhibit 9 of the Amended Complaint and states that the exhibit speaks for itself, and on that basis, Defendant further denies all remaining allegations.

11. In response to Paragraphs 130 and 175 of the Amended Complaint, Defendant assumes that Plaintiff intends to refer to Exhibit Ten of the Amended Complaint and states that the exhibit speaks for itself, and on that basis, Defendant further denies all remaining allegations.

12. In response to Paragraphs 146, 147, 151, 152, 155, 156, 157, 158, and 159 of the Amended Complaint, Defendant assumes that Plaintiff intends to refer to Exhibit Eleven of the Amended Complaint and states that the exhibit speaks for itself, and on that basis, Defendant further denies all remaining allegations.

13. In response to Paragraph 69 of the Amended Complaint, Defendant admits that on July 3, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 69.

14. In response to Paragraph 70 of the Amended Complaint, Defendant admits that on July 5, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 70.

15. In response to Paragraph 71 of the Complaint, Defendant admits that on July 6, 2013, Defendant and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 71.

16. In response to Paragraph 72 of the Amended Complaint, Defendant admits that on July 8, 2013, Defendant made a telephone call and left a voice message on Plaintiff's telephone, but denies all remaining allegations of Paragraph 72.

17. In response to Paragraph 73 of the Amended Complaint, Defendant admits that on July 8, 2013, Defendant made a telephone call and left a message on Plaintiff's telephone, but denies all remaining allegations of Paragraph 73.

18. In response to Paragraph 74 of the Complaint, Defendant admits that on July 13, 2013, Defendant attempted a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 74.

19. In response to Paragraph 75 of the Complaint, Defendant admits that on July 15, 2013 made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 75.

20. In response to Paragraph 76 of the Complaint, Defendant admits that on July 16, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 76.

21. In response to Paragraph 77 of the Complaint, Defendant admits that on July 17, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 77.

22. In response to Paragraph 78 of the Complaint, Defendant admits that on July 18, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 78.

23. In response to Paragraph 79 of the Complaint, Defendant admits that on July 19, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 79.

24. In response to Paragraph 80 of the Complaint, Defendant admits that on July 22, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 80.

25. In response to Paragraph 81 of the Complaint, Defendant admits that on July 23, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 81.

26. In response to Paragraph 82 of the Complaint, Defendant admits that on July 24, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 82.

27. In response to Paragraph 83 of the Complaint, Defendant admits that on July 25, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 83.

28. In response to Paragraph 84 of the Complaint, Defendant admits that on July 26, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 84.

29. In response to Paragraph 85 of the Complaint, Defendant admits that on July 29, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 85.

30. In response to Paragraph 86 of the Complaint, Defendant admits that on July 30, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 86.

31. In response to Paragraph 87 of the Complaint, Defendant admits that on August 1, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 87.

32. In response to Paragraph 88 of the Complaint, Defendant admits that on August 3, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 88.

33. In response to Paragraph 89 of the Complaint, Defendant admits that on August 5, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 89.

34. In response to Paragraph 90 of the Complaint, Defendant admits that on August 6, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 90.

35. In response to Paragraph 91 of the Amended Complaint, Defendant admits that on August 7, 2013, Defendant, made a telephone call to Plaintiff's telephone, but denies all remaining allegations of Paragraph 91.

36. In response to Paragraph 92 of the Amended Complaint, Defendant admits that on August 8, 2013 made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 92.

37. In response to Paragraph 93 of the Amended Complaint, Defendant admits that on August 9, 2013, Defendant made a telephone call to Plaintiff's telephone, but denies all remaining allegations of Paragraph 93.

38.     In response to Paragraph 94 of the Amended Complaint, Defendant admits that on August 12, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 94.

39.     In response to Paragraph 95 of the Amended Complaint, Defendant admits that on August 13, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 95.

40.     In response to Paragraph 96 of the Amended Complaint, Defendant admits that on August 14, 2013, Defendant made a telephone call to Plaintiff's telephone, but denies all remaining allegations of Paragraph 96.

41.     In response to Paragraph 97 of the Amended Complaint, Defendant admits that on August 15, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 97.

42.     In response to Paragraph 98 of the Amended Complaint, Defendant admits that on August 21, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 98.

43.     In response to Paragraph 99 of the Amended Complaint, Defendant admits that on August 22, 2013, Defendant made a telephone call and left a voice

message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 99.

44. In response to Paragraph 100 of the Amended Complaint, Defendant admits that on August 26, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 100.

45. In response to Paragraph 101 of the Amended Complaint, Defendant admits that on August 28, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 101.

46. In response to Paragraph 102 of the Amended Complaint, Defendant admits that on August 30, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 102.

47. In response to Paragraph 103 of the Amended Complaint, Defendant admits that on August 31, 2013, Defendant made a telephone call and left a voice message on Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 103.

48. In response to Paragraph 104 of the Amended Complaint, Defendant admits that on September 4, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 104.

49.     In response to Paragraph 105 of the Amended Complaint, Defendant admits that on September 5, 2013, Defendant, made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 105.

50.     In response to Paragraph 106 of the Amended Complaint, Defendant admits that on September 6, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 106.

51.     In response to Paragraph 107 of the Amended Complaint, Defendant admits that on September 9, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 107.

52.     In response to Paragraph 108 of the Amended Complaint, Defendant admits that on September 12, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 108.

53.     In response to Paragraph 109 of the Amended Complaint, Defendant admits that on September 13, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 109.

54.     In response to Paragraph 110 of the Amended Complaint, Defendant admits that on September 18, 2013, Defendant, made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 110.

55. In response to Paragraph 111 of the Amended Complaint, Defendant admits that on September 19, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 111.

56. In response to Paragraph 112 of the Amended Complaint, Defendant admits that on September 20, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 112.

57. In response to Paragraph 113 of the Amended Complaint, Defendant admits that on September 25, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 113.

58. In response to Paragraph 114 of the Amended Complaint, Defendant admits that on September 26, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 114.

59. In response to Paragraph 115 of the Amended Complaint, Defendant admits that on September 27, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 115.

60. In response to Paragraph 116 of the Amended Complaint, Defendant admits that on September 28, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 116.

61. In response to Paragraph 117 of the Amended Complaint, Defendant admits that on September 30, 2013, Defendant attempted to make a telephone call to Plaintiff's telephone, but denies all remaining allegations of Paragraph 117.

62. In response to Paragraph 118 of the Amended Complaint, Defendant admits that on October 3, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 118.

63. In response to Paragraph 119 of the Amended Complaint, Defendant admits that on October 4, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 119.

64. In response to Paragraph 120 of the Amended Complaint, Defendant admits that on October 7, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 120.

65. In response to Paragraph 121 of the Amended Complaint, Defendant admits that on October 8, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 121.

66. In response to Paragraph 122 of the Amended Complaint, Defendant admits that on October 9, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 122.

67. In response to Paragraph 123 of the Amended Complaint, Defendant admits that on October 14, 2013, Defendant attempted to make a telephone call to Plaintiff's telephone, but denies all remaining allegations of Paragraph 123.

68. In response to Paragraph 124 of the Amended Complaint, Defendant admits that on October 22, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 124.

69. In response to Paragraph 125 of the Amended Complaint, Defendant admits that on October 24, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 125.

70. In response to Paragraph 127 of the Amended Complaint, Defendant admits that on November 2, 2013, Defendant made a telephone call to Mr. Sailola's telephone, but denies all remaining allegations of Paragraph 127.

71. In response to Paragraph 131 of the Amended Complaint, Defendant admits that Defendant left voicemails for Mr. Sailola, but denies all remaining allegations of Paragraph 131.

72. In response to Paragraph 136 of the Amended Complaint, Defendant admits that the telephone number 1-800-295-2851 is a telephone number of Defendant, or was an active telephone number for Defendant, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

73. In response to Paragraph 137 of the Amended Complaint, Defendant admits that on July 16, 2013, Defendant made a telephone call to Plaintiff's telephone, but denies all remaining allegations of Paragraph 137.

74. In response to Paragraph 177 of the Amended Complaint, Defendant admits that Defendant admits that Defendant left messages on Mr. Sailola's voicemail, but denies all remaining allegations of Paragraph 177.

75. In response to Paragraph 179 of the Amended Complaint, Defendant admits that Defendant continued to call Plaintiff after a telephone conversation with Plaintiff that occurred on July 8, 2013, but denies all remaining allegations if Paragraph 179.

76. Each and every other allegation not heretofore specifically answered is denied.

## THIRD DEFENSE

77. Plaintiff has failed to join parties indispensable and necessary under Rule 19 of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

78. Plaintiff's claims fail based on the doctrine of res judicata.

## FIFTH DEFENSE

79. Plaintiff's claims fail based on the doctrine of collateral estoppel.

## SIXTH DEFENSE

80. Plaintiff's claims fail based on the doctrine of judicial estoppel.

## SEVENTH DEFENSE

81. The Complaint fails to state a claim against Defendant in that Plaintiff has based his claims upon alleged violations of 47 U.S.C. § 227, *et seq.*, and Hawaii Revised Statutes § 443B, *et seq.*, but all actions by Defendant are fully compliant with those statutes.

## EIGHTH DEFENSE

82. Plaintiff suffered no damage from any act of Defendant and is therefore not entitled to any award of damages or attorneys' fees or costs.

## NINTH DEFENSE

83. Plaintiff failed to mitigate his damages, if any.

## TENTH DEFENSE

84. Any damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions or omissions of Plaintiff and does not give rise to any liability of the part of Defendant.

## ELEVENTH DEFENSE

85. Plaintiff's claims are barred because Defendant had no duty to verify the debt at issue.

## TWELFTH DEFENSE

86. Plaintiff's claims are barred by the statute of limitations.

## THIRTEENTH DEFENSE

87. Plaintiff's Complaint fails to present a justifiable controversy between Plaintiff and Defendant.

## FOURTEENTH DEFENSE

88. Plaintiff lacks standing to assert the claims set forth in his Complaint.

## FIFTEENTH DEFENSE

89. The Court lacks subject matter jurisdiction over the Complaint pursuant to the Rooker-Feldman doctrine.

## SIXTEENTH DEFENSE

90. Plaintiff provided his prior consent to be called at the telephone number provided, which he did not revoke; alternatively, Defendant had a good faith belief that Plaintiff had provided his consent, and reasonably relied on information provided by the Hawai'i State Judiciary.

## SEVENTEENTH DEFENSE

91. Defendant hereby gives notice that it reserves the right to assert other affirmative defenses, including, without limitation, any provided for under Rule 8(c) of the Federal Rules of Civil Procedure, the propriety or applicability of which

may be disclosed through future discovery and investigation of Plaintiff's Complaint.

WHEREFORE, Defendant prays as follows:

A.   That the Complaint filed herein be dismissed.

B.   That Defendant be awarded its costs and attorneys' fees.

C.   That the Court award such other relief as it may deem just and proper under the circumstances.

DATED: Honolulu, Hawai'i, _____ AUG 2 8 2014 _____.

_____
DAVID J. MINKIN
COURTNEY K. SUE-AKO

Attorneys for Defendant
MUNICIPAL SERVICES BUREAU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REED SAILOLA, | ) | CIVIL NO. 13-00544 HG RLP |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| MUNICIPAL SERVICES BUREAU and JOHN DOES 1-50, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on this date, a true and correct copy of the foregoing document was duly served upon the following individuals via electronic court filing (ECF), hand delivery (HD) or by mailing said copy, postage prepaid, first class, in a United States post office at Honolulu, Hawaii (M), in the manner indicated, addressed as set forth below:

      RICHARD HOLCOMB, ESQ.    (ECF)
      rholcomblaw@live.com
      BRIAN J. BRAZIER, ESQ.
      brianbrazier@gmail.com
      1136 Union Mall, Suite 808
      Honolulu, Hawai'i 96813

      Attorneys for Plaintiffs

DATED: Honolulu, Hawai'i, _____AUG 2 8 2014_____.

      _____
      DAVID J. MINKIN
      COURTNEY K. SUE-AKO

      Attorneys for Defendant
      MUNICIPAL SERVICES BUREAU