IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| REED SAILOLA, | ) | CIVIL NO.  13-00544 HG RLP |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION |
| vs. | ) | |
| | ) | |
| MUNICIPAL SERVICES BUREAU and | ) | |
| JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Defendant Municipal Services Bureau ("MSB"), by and through its

attorneys, McCorriston Miller Mukai MacKinnon LLP, respectfully moves this

Court for an order amending the Rule 16 Scheduling Order, filed January 21, 2014,

to extend the September 3, 2014 deadline for the parties to file dispositive motions

and setting the trial date.  Specifically, MSB requests that the deadline for filing

dispositive motions be extended, and that the trial date be reset to accommodate for

the later dispositive motions deadline.  The dispositive motions deadline is

currently set for September 3, 2014, and trial is currently set for February 3, 2015.

However, MSB has only responded to Plaintiff's recently filed First Amended Complaint less than a week ago.  Furthermore, further discovery may provide a basis for dispositive motions, which may serve to narrow issues for trial.

II.   PROCEDURAL BACKGROUND

Plaintiff Reed Sailola ("Plaintiff") originally filed his action on October 18, 2013.[1]  MSB filed its Answer to Plaintiff's Complaint on November 27, 2013.  The Court issued its Rule 16 Scheduling Order on January 28, 2014.

On June 4, 2014, MSB filed a Motion for Judgment on the Pleadings. Plaintiff filed his Memorandum in Opposition to MSB's Motion for Judgment on the Pleadings on June 19, 2014.  MSB filed its Reply on July 2, 2014.  The matter was heard by The Honorable Helen W. Gillmor on July 8, 2014.  Pursuant to that hearing and by order of the Court, four out of nine of Plaintiff's original claims were dismissed with prejudice; three were dismissed with leave to amend; and Plaintiff was ordered to file an Amended Complaint by August 15, 2014.

Plaintiff filed his First Amended Complaint approximately three weeks ago on August 16, 2014.  MSB filed its Answer to Plaintiff's First Amended Complaint on August 28, 2014.

---

[1] MSB respectfully requests that this Court take judicial notice of the filings and pleadings in this matter because the nature of these documents and their proposed uses make them appropriate for judicial notice under Rule 201 of the Federal Rules of Evidence, and a court may take judicial notice of undisputed "matters of public record."  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

The parties have exchanged discovery requests.  More recently, on or around August 21, 2014, Plaintiff served several discovery requests on MSB, including requests to take the depositions of MSB employees.  The dates for these depositions are set for this coming October on the 20th, 21st, 22nd, and 23rd.  MSB also plans to issue further discovery requests, which may reveal information suitable for a dispositive motion based on recent developments in case law applicable to this Court.  Pursuant to the current Scheduling Order, the discovery deadline is December 5, 2014.

On September 3, 2014, counsel for MSB contacted Plaintiff's counsel and inquired whether Plaintiff would be willing to stipulate to amend the Rule 16 Scheduling Order to extend the dispositive motions deadline and continue the trial date.  See Declaration of Courtney K. Sue-Ako ("Sue-Ako Decl.") at ¶ 4.  However, by telephone call and e-mail, Plaintiff's counsel advised that MSB's request was "denied."  Id.; see also Exhibit "A."  MSB accordingly was forced to file a motion seeking amendment of the Rule 16 Scheduling Order.  By doing so, MSB does not in any way seek to prejudice Plaintiff.  See Sue-Ako Decl. at ¶ 6.

III.   LEGAL STANDARD

Rule 16 of the Federal Rules of Civil Procedure ("FRCP") allows a district judge to modify the scheduling in a case upon a showing of good cause and with the judge's consent.  FRCP Rule 16(b)(4).  The "good cause" inquiry "focuses on

3

the diligence of the party seeking to modify the scheduling order." JJCO, Inc. v. Isuzu Motors Am., Inc., 2009 U.S. Dist. LEXIS 81781, *4 (D. Haw. Sept. 9, 2009); see also Zivkovic v. S. Cal. Edison Co., 201 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension'" (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 2002)).  Although the Court "does not take lightly the strictures of scheduling orders," the Court must also "take[] seriously its responsibility to apply pretrial requirements with 'intelligent flexibility, taking into full consideration the exigencies of each situation.'" Tran v. Captain Glyn, Inc., 909 F. Supp. 727, 731 (D. Haw. 1995) (citing Davis v. Duplantis, 448 F.2d 918, 921 (5th Cir. 1971)).

IV.    ARGUMENT

MSB seeks to reset the deadline to file dispositive motions, which is currently set for September 3, 2014; and to continue the date for trial, which is currently set for February 3, 2015.  Good cause is shown because MSB has been diligent in its defense by issuing discovery requests as well as filing a Motion for Judgment on the Pleadings, which resulted in Plaintiff's First Amended Complaint.

A.   Plaintiff's First Amended Complaint, Filed Approximately Three Weeks Ago, Makes New and Substantial Factual Allegations to Which MSB has not had a Reasonable Opportunity to Respond.

Plaintiff's First Amended Complaint was filed pursuant to the Court's Order Granting in Part and Denying in Part Defendant Municipal Services Bureau's Motion for Judgment on the Pleadings (ECF No. 25) with Leave to Amend, filed July 9, 2014 ("MJOP Order").  In the MJOP Order, the Court found that Plaintiff had stated claims as to Count I, "Violations of the Telephone Consumer Protection Act," and Count IX, "Intrusion Upon Seclusion."  However, the Court dismissed with leave the amend Count IV, "Negligence"; Count V, "Intentional Infliction of Emotional Distress"; and Count VI, "Negligent Training and/or Negligent Supervision."  Finally, the Court dismissed with prejudice Count II, "Violation of HRS § 443B"; Count III, "Negligence Per Se"; Count VII, "Harassment"; and Count VIII, "Invasion of Privacy."

In response to the Court's MJOP Order, Plaintiff's First Amended Complaint claims five causes of action as well as additional factual allegations. Plaintiff's stated causes of action are now as follows:  Count I, "Violations of the Telephone Consumer Protection Act"; Count II, "Negligence"; Count III, "Intentional Infliction of Emotional Distress"; Count VI, "Negligent Training and/or Negligent Supervision"; and Count V, "Intrusion Upon Seclusion."

Each of these claims, with the exception of Count V, "Intrusion Upon Seclusion," have been amended substantively and bring new factual allegations that MSB has not previously had an opportunity to respond to or address, except in its Answer to Plaintiff's First Amended Complaint, which was filed less than a week ago on August 28, 2014:

- "Violations of the Telephone Consumer Protection Act" has been amended to include additional alleged telephone calls placed to Plaintiff's cell phone. Amended Complaint at ¶¶ 167-184.

- "Negligence" has been amended to state additional alleged "duties" owed by MSB to Plaintiff, including the "duty to refrain from attempting to collect money that was not due," to "ascertain whether the money it sought to collect was due and owing," and to "not to mislead [Plaintiff] regarding his still pending criminal case and/or the consequences of his paying the money MSB sought to collect." Amended Complaint at ¶ 185. The claim also now alleges that Plaintiff "suffered actual damages." Amended Complaint at ¶ 191.

- "Intentional Infliction of Emotional Distress" has been amended substantively to allege numerous instances of "outrageous" conduct by MSB. Amended Complaint at ¶ 192. The claim also alleges that Plaintiff "has suffered shock, mental anguish, and confusion over [MSB's] actions and misrepresentations," including "a loss of his driver's license due to [MSB's] failure to correct its conduct even after having been notified that it or its principle was acting without authority."

- "Negligent Training and/or Negligent Supervision" alleges that the "scope of employment" of MSB's employees is defined by MSB's contract with the Hawaiʻi State Judiciary; and that "[a]t least one of Defendant's employees, whose actual identity remains unknown, acted outside of the scope of his or her employment when, despite notice that [Plaintiff] had availed himself of [MSB's] own principle's laws, the employee(s) continued to harass [Plaintiff] and misrepresent his rights." The claim also alleges that this unknown employee

"specifically misrepresented those laws and [Plaintiff's] rights pursuant to those laws in an attempt to collect money that they knew or should have known was not due." Amended Complaint at ¶¶ 197-199.

Plaintiff additionally included numerous new factual allegations to the claims as well as to his alleged factual background, including, for example, an entire section dedicated to allegations of actual damages "suffered . . . as a result of Defendant's conduct," such as "lost . . . use of his cellular telephone and the time of service, which [Plaintiff] had purchased," and "physical, mental, and/or emotional injury as a result of [MSB's] outrageous conduct." See Amended Complaint at ¶¶ 162-65.

B.   Good Cause is Shown by MSB's Diligence, and Because MSB Could Not have Reasonably Filed a Dispositive Motion to Plaintiff's First Amended Complaint

MSB has been diligent in its defense leading up to the filing of this Motion. Its diligence includes filing a Motion for Judgment on the Pleadings, which led to Plaintiff's First Amended Complaint and the new allegations contained therein. See Sue-Ako Decl. at ¶ 7. Accordingly, "good cause" is shown.

Furthermore, Plaintiff's pending discovery requests, and MSB's own planned additional discovery, are likely to lead to further information that will be a basis for a dispositive motion based on recent case law applicable to this Court. See Sue-Ako Decl. at ¶¶ 8-9. However, Plaintiff's current requested deposition dates will not occur until late October. See Sue-Ako Decl. at ¶ 8.

MSB believes that matters revealed in discovery may provide a basis for a dispositive motion on Plaintiff's First Amended Complaint, particularly based on recent case law that is applicable to this Court.  See Sue-Ako Decl. at ¶ 9. However, given the short time frame between the filing of Plaintiff's First Amended Complaint approximately three weeks ago on August 14, 2014, and the current dispositive motions deadline, MSB could not reasonably prepare its discovery requests or a timely dispositive motion.  See Sue-Ako Decl. at ¶ 10. MSB sought Plaintiff's stipulation to amend the Scheduling Order, but was refused, forcing MSB to file a motion.  See Sue-Ako Decl. at ¶ 4.  MSB does not in any way seek to prejudice Plaintiff.  See Sue-Ako Decl. at ¶ 6.

V.    CONCLUSION

Based on the foregoing, MSB respectfully requests that the Court grant the instant Motion and modify the Rule 16 Scheduling Order to amend the deadline for dispositive motions.

DATED:  Honolulu, Hawai'i, September 3, 2014.

/s/ David J. Minkin
DAVID J. MINKIN
COURTNEY K. SUE-AKO

Attorneys for Defendant
MUNICIPAL SERVICES BUREAU