IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REED SAILOLA, ) | CIVIL NO. 13-00544 HG RLP |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION |
| vs. ) | |
| ) | |
| MUNICIPAL SERVICES BUREAU and ) | |
| JOHN DOES 1-50, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Defendant Municipal Services Bureau ("MSB") hereby seeks an order staying all discovery herein pending the determination of Defendant's Motion to Stay All Proceedings ("Motion to Stay Proceedings") and Defendant's Motion for Entry of Confidential and Protective Order ("Motion for Protective Order"), which are currently pending before this Honorable Court.

It is important to first highlight that Plaintiff Reed Sailola ("Plaintiff") has failed to properly notice the proposed depositions and site inspection in Austin, Texas.

Second, the Motion to Stay Proceedings seeks a stay pending resolution of two petitions before the Federal Communications Commission ("FCC"), the

agency charged with promulgating rules and regulations governing the Telephone Consumer Protection Act ("TCPA"). See In re Petition for Rulemaking of ACA Int'l, CG Dkt. No. 02-278 (Jan. 31, 2014) (questioning whether the TCPA applies to non-telemarketing activities and asks the FCC to determine whether certain types of equipment fall within the ambit of the definition of "automatic telephone dialing system" as defined by the TCPA); In re Santander Consumer USA, Inc.'s Petition for Declaratory Ruling, CG Dkt. No. 02-278 (July 10, 2014) (asking the FCC to answer whether prior express consent may be revoked in the context of non-telemarketing activities; and, if it may, then to provide guidance on the proper form of revocation). Both petitions seek to resolve legal questions that are before this Court in Plaintiff's Amended Complaint filed on August 16, 2014. If the Motion to Stay Proceedings is granted, Plaintiffs will not be entitled to any discovery. The discovery stay requested herein will therefore avoid wasting the parties' resources if the Motion to Stay Proceedings is granted, and will not unduly delay the proceedings herein if it is not.

Finally, the Motion for Protective Order seeks reasonable protections to ensure that confidential, proprietary, trade secret, and/or commercially sensitive information are protected from being disclosed except pursuant to the conditions for handling, obtaining, and using such information as specified in the Protective Order. It is wholly appropriate and reasonable for MSB to require such protections

before being subjected to Plaintiff's counsel's investigation. Thus, until these outstanding issues can be resolved, a stay of discovery is appropriate in this matter.

II.  **STATEMENT OF PERTINENT FACTS**

In his Amended Complaint, Plaintiff alleges that MSB has violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), by calling his cellular phone via an "automatic telephone dialing system" ("ATDS") to collect upon an outstanding judgment owed to the Judiciary of the State of Hawai'i ("Judiciary").[1] MSB is a third party collector that assists governmental entities, such as the Hawai'i Judiciary, to collect monetary amounts, such as fines, fees, and other debt owed to a governmental entity. It obtained Plaintiff's cellular phone number directly from the Hawai'i Judiciary.[2]

On August 21, 2014, Defendants received via e-mail from Plaintiff's counsel *unsigned copies* of four discovery requests: (1) Request for a Rule 24 Inspection of Defendant Municipal Services Bureau's Austin, Texas Collection Center and Corporate Headquarters; (2) Notice of Deposition of Municipal Services Bureau

---

[1]  Plaintiff also alleges that MSB violated Hawai'i State law.

[2]  Factual matters concerning MSB's activities are declared to in Paragraphs 6 through 9 of the Declaration of Aaron Million, which is attached to ECF Doc. No. 59, MSB's Motion to Stay All Proceedings, filed October 15, 2014. MSB respectfully requests that this Court take judicial notice of the Declaration of Aaron Million, because it is a part of this Court's own records. See Chandler v. United States, 378 F.2d 906, 909-10 (9th Cir. 1967) (it is an "established rule" that a federal district court "can take judicial notice of its own records[.]").

313443.1                                3

Though Its Designated Witnesses Pursuant to Fed. Rule Civ. P., Rule 30(b)(6); (3) Notice of Deposition of "temicia.hickson", "crystal.perry", "latonya.roy", "matthew.davis" and "yolanda.gonzalez"; and (4) Notice of Deposition of "michael.dorn", "aaron.million" and "victoria.guerrero" (collectively referred to hereinafter as Plaintiff's "Discovery Requests").[3] Declaration of Courtney K. Sue-Ako ("Sue-Ako Decl.") at ¶ 5; see also Exhibit "A."

Plaintiff's Discovery Requests are broad, effectively seeking information that are confidential and proprietary. For example, Plaintiff seeks to question MSB's Rule 30(b)(6) representative about "MSB's policies and procedures regarding collection telephone calls" and "MSB's collection practices, procedures, methods, techniques and strategies used by RCM [sic] in their efforts to collect money from any person." Exhibit "A." As another example, in their request for a site inspection, Plaintiff's counsel would like to inspect:

1. The work areas and work stations, and/or former work areas and work stations of each of the collectors who communicated with Plaintiff;
2. The collection management offices of the managers of the Defendants;
3. The physical phone systems, computer systems, and other manual or electronic systems used to conduct collection activities with the premises occupied by Defendant's employees or agents in their capacity as collectors with Defendant [MSB], or former facilities thereof;

---

[3] Counsel for MSB has yet to receive executed copies of the Discovery Requests. Sue-Ako Decl. at ¶ 5.

313443.1                                           4

4. The personnel files of each of Defendant's employees who attempted collection on Plaintiff's alleged account;

. . . .

7. Equipment, processes, or other electronic or manual methods whereby management and supervisory personnel employed by Defendant [MSB] listen in, intercept, record, or otherwise monitor any and all collection calls made by individual collectors at the address listed above;

8. Any and all time records, time clocks, electronic time keeping devices, computer systems, or other electronic or manual systems used designed for an employee to track the working hours of individual collectors, including but not limited to those that attempted collection on Plaintiff's alleged account.

Exhibit "A."

MSB has in good faith attempted to confer with Plaintiff to resolve the dispute without court action. See Sue-Ako Decl. at ¶ 6; see also Exhibit "B." On October 1, 2014, Plaintiff rejected MSB's standard Confidentiality and Protective Order. See Sue-Ako Decl. at ¶ 8; see also Exhibit "C."

That same day, MSB filed a Motion for Entry of Confidentiality and Protective Order. Docket No. 54. This Honorable Court has yet to rule on that motion. See Sue-Ako Decl. at ¶¶ 10-11. Instead of postponing the proposed site inspection and depositions until resolution of the issue of the protective order, Plaintiff's counsel have "booked" their travel itinerary for site inspections and depositions in Texas. See Exhibit D. According to Plaintiff's counsel, they will be

attending the "upcoming depositions in Austin from October 20 through October 23." Exhibit D.

On October 15, 2014, MSB filed its Motion to Stay Proceedings seeking a stay of the entire proceeding pending resolution of two FCC petitions that have a direct bearing on the legal issues presented in this case.

While this Honorable Court decides Defendant's Motion for Protective Order and Defendant's Motion to Stay Proceedings, it is imperative that this Court halt discovery and prevent Plaintiff's from moving forward with their improperly noticed and unduly burdensome site inspection and depositions.

III.   DISCUSSION

    A.   <u>The Court Should Stay Discovery Because Plaintiff Failed to Properly Notice the Depositions and Site Inspection</u>

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 26(g)(1)(B) provides, in relevant part:

> "Every . . . discovery request . . . must be signed by at least one attorney of record in the attorney's own name[.] . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and believe formed after a reasonable inquiry . . . with respect to a discovery request . . . it is . . . (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonably nor unduly burdensome or

expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."

FRCP Rule 26(g)(2) provides, in relevant part: "Other parties have no duty to act on an unsigned . . . request . . . until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

In this case, on August 21, 2014, Plaintiff's counsel sent an e-mail to Defendant's counsel that had attached to it *unsigned copies* of the following: (1) Request for a Rule 24 Inspection of Defendant Municipal Services Bureau's Austin, Texas Collection Center and Corporate Headquarters; (2) Notice of Deposition of Municipal Services Bureau Though Its Designated Witnesses Pursuant to Fed. Rule Civ. P., Rule 30(b)(6); (3) Notice of Deposition of "temicia.hickson", "crystal.perry", "latonya.roy", "matthew.davis" and "yolanda.gonzalez"; and (4) Notice of Deposition of "michael.dorn", "aaron.million" and "victoria.guerrero". See Exhibit "A." Counsel for MSB have not received any signed copies of these documents from Plaintiff's counsel. See Sue-Ako Decl. at ¶ 5. Therefore, pursuant to FRCP Rule 26(g)(2), Defendant has no duty to act upon such requests. Because of this procedural error, we respectfully ask that this Court stay the proposed site inspection and deposition that

are apparently scheduled for early next week: October 20, 2014 through October 23, 2014.

>   B.  The Court Should Stay Discovery Pending Resolution of the Motion to Stay Proceedings

Federal Rules of Civil Procedure ("FRCP") Rules 26(a), (b), (c) and (d) provide the Court authority to stay part or all of the discovery process for good cause shown. In this case, good cause exists to stay all discovery, at least until this Court rules on the Motion to Stay Proceedings.

Given the potential dispositive nature of the Motion to Stay Proceedings, it would be unduly burdensome and wasteful to force MSB to respond to discovery until the Motion to Stay Proceedings are ruled upon. See 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2040, at 521 (2nd ed. 1994) (noting that under the "principle of judicial parsimony," "when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided"). Staying discovery pending the outcome of the Motion for Protective Order and the Motion to Stay Proceedings accords with the underlying purpose of the FRCP, which is to be "construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." FRCP Rule 1. The Court retains broad discretion over discovery matters in furthering this goal. See Scroggins v.

Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976) ("We have constantly emphasized the broad discretion which a district judge may properly exercise in discovery matters.").

Accordingly, the Ninth Circuit has held that a stay of discovery is appropriate. For example, in Alaska Cargo Transport, Inc. v. Alaska Railroad Corp., 5 F.3d 378 (9th Cir. 1993), that court held that a district court's order granting a motion to stay discovery was not an abuse of discretion. Similarly, in Scroggins, the court held that there was "no possible abuse of discretion" in a district court's order to stay general discovery until the court could determine whether the case would be resolved at the summary judgment stage. Scroggins, 534 F.2d at 1133. Another court has observed:

> A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation. . . . [T]he court's management of discovery at the claim construction stage may serve the salutary goals of speed and economy, and is appropriate in cases in which the dispute may be resolved at this stage without compromise of justice.

Vivid Techs., Inc. v. American Science & Eng'g, Inc., 200 F.3d 795, 803-04 (Fed. Cir. 1999) (citing FRCP 16(b), (c); 26(b); 42(b)); see also Jackson v. Northern Telecom, Inc., 1990 WL 39311, at *1 (E.D. Pa. Mar. 30, 1990) (granting motion to stay discovery "in the interest of judicial economy and with a view toward preventing possibly unnecessary and expensive discovery").

Consideration of the FCC's position from its determination of the two petitions, as raised in the Motion to Stay Proceedings, will not require the court's evaluation of any evidence that would be available through discovery. Indeed, if the FCC rules that the definition of dialing equipment subject to the TCPA requires <u>current</u> ability to generate and dial random or sequential numbers, Plaintiffs' TCPA claim against MSB would be resolved. Similarly, if the FCC rules that prior express consent to receive non-telemarketing calls cannot be revoked, or must be revoked using certain methods to be effective, Plaintiff will again have no TCPA claim against MSB.[4]

### C. The Court Should Stay Discovery Pending Resolution of Motion for Protective Order

This Court should stay discovery pending resolution of the Motion for Protective Order because MSB's information must be protected from public dissemination. Indeed, Plaintiff's proposed site inspection and depositions of MSB employees will likely involve disclosure of confidential, personal, and sensitive

---

[4] However, even if that were not the case, the Court could limit any discovery taken prior to its ruling on the Motion to Stay Proceedings to those discrete issues necessary for a determination on that motion. See <u>Vivid Techs.</u>, 200 F.3d at 804 ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"); <u>Enplanar, Inc. v. Marsh</u>, 11 F.3d 1284 (5th Cir. 1994), (upholding denial of merits-related discovery pending change of venue motion ruling); <u>McDonnell Douglas Corp. v. Polin</u>, 429 F.2d 30 (3rd Cir. 1970) (discovery limited to information relevant to motion to transfer until motion ruled upon).

information, as well as MSB's own proprietary and commercially sensitive information.

Since 1991, MSB has assisted governmental entities, like the Judiciary, to maintain revenue by providing third-party collection services for fees, fines, debts, and other monetary obligations. In order to collect those monies on its clients' behalf, MSB receives personal and highly sensitive information, such as telephone numbers of individuals who owe money to the relevant governmental entity. MSB's Protective Order seeks to protect, among other privileged and confidential information, the personal information of those various individuals.

Furthermore, as a third party collector, MSB utilizes various means and methods of collection techniques. These means and methods are commercially sensitive information and public dissemination may place MSB at a commercially competitive disadvantage in the third party collector market or cause MSB financial injury. All of the above confidential, personal, and commercially sensitive information must be protected from improper disclosure.

Moreover, MSB is contractually required to maintain the confidentiality of the information received from the Judiciary. Specifically, the Judiciary requires MSB to "treat all information pertaining to judgment debtors, and in particular social security numbers and birth dates, home addresses and phone numbers,

obtained by the Contractor through its performance under the contract, as confidential information to the extent that confidential treatment is provided under State and federal law." See Exhibit "G" at 12, § 3.3.6. MSB is required to maintain confidentiality of "[a]ll financial information and individual identifiers," even if MSB institutes legal action to pursue delinquent payments on the Judiciary's behalf. See Exhibit "G" at 9, § 3.2.12.

Respectfully, this Court should, with its broad inherent authority over discovery, stay discovery pending resolution of the Motion for Protective Order. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) (citing, inter alia, Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)).

\

\

\

\

V.  CONCLUSION

Based on the foregoing, MSB respectfully requests that the Court grant the instant Motion and stay discovery pending resolution of Defendant's Motion for Protective Order and Motion to Stay Proceedings.

DATED: Honolulu, Hawai'i, October 16, 2014.

DAVID J. MINKIN
COURTNEY K. SUE-AKO
A. LEE RIGBY (*pro hac vice*)

Attorneys for Defendant
MUNICIPAL SERVICES BUREAU