IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REED SAILOLA, | ) | CIVIL NO. 13-00544 HG-RLP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART MUNICIPAL |
| vs. | ) | SERVICES BUREAU'S MOTION FOR |
| | ) | ENTRY OF CONFIDENTIALITY AND |
| MUNICIPAL SERVICES BUREAU; JOHN DOES 1-10, | ) | PROTECTIVE ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER GRANTING IN PART AND DENYING IN PART MUNICIPAL SERVICES
BUREAU'S MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is Defendant Municipal Services Bureau's Motion for Entry of Confidentiality and Protective Order, filed October 1, 2014 ("Motion"). ECF No. 54. Plaintiff filed his Opposition to the Motion on October 15, 2014. ECF No. 57. Defendant Municipal Services Bureau ("MSB") filed its Reply on October 29, 2014. ECF No. 68. Pursuant to Local Rule 7.2(d), the Court elected to decide the Motion without a hearing. ECF No. 55. After careful consideration of the submissions of the parties and the relevant legal authority, the Court GRANTS IN PART and DENIES IN PART the Motion.

DISCUSSION

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c) confers

"broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Veterans for Common Sense v. Shinseki, 644 F.3d 845, 888 (9th Cir. 2011) ("'[B]road discretion is vested in the trial court to permit or deny discovery.'") (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The burden is on the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery. See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Id. at 1211; see also In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011).

Here, Defendant MSB asks the Court to enter a "blanket" protective order that allows the parties to designate material produced in discovery as confidential and limits the disclosure of such material. Blanket protective orders are routinely entered in civil litigation, generally at the joint request of the parties. As other district courts in this circuit have recognized, "the use of blanket protective orders conserves judicial resources -- and taxpayer money -- by eliminating the

requirement that a party move for a protective order every time that party produces documents they contend are confidential." Van v. Wal-Mart Stores, Inc., No. C 08-5296 PSG, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document.").

      Here, the Court finds that Defendant MSB has demonstrated that discovery in this action will require the disclosure of confidential information and that harm may result if that confidential information is not protected from public disclosure.  Defendant MSB provides third-party collection services for monies owed by individuals to various governmental entities, including the Judiciary for the State of Hawaii, which is at issue in this case.  ECF No. 54-1 at 3-4.  The personal information of those individuals, which is collected by Defendant MSB, is entitled to protection from public disclosure. Additionally, Plaintiff has sought discovery of information related to Defendant MSB's debt collection techniques and Defendant MSB's employees.  ECF NO. 54-2 ¶ 9.  Defendant MSB contends that its debt collection techniques are commercially sensitive information, the disclosure of which would place Defendant MSB at a competitive disadvantage.  ECF No. 54-1 at 4. Based on the material that Defendant MSB is likely to produce in

discovery, good cause exists to enter an appropriate protective order limiting the disclosure of confidential information. However, the Court has carefully reviewed the proposed protective order submitted by Defendant MSB and finds that several proposed provisions are not appropriate or necessary for this litigation.

First, the Court rejects Defendant MSB's request to define confidential information as "classified information." See ECF No. 54-3. The term "classified" does not appear in the Federal Rules of Civil Procedure, and that term is not appropriate for use in these proceedings. Information subject to protection under the protective order shall be referred to as "confidential information."

Second, the proposed protective order permits disclosure of confidential information to persons who have "signed a document agreeing to be bound by the terms of this Protective Order." Id. at 2. However, Defendant MSB's proposed protective order does not provide a form of this "document." Defendant MSB shall prepare a proposed form that will be attached as an exhibit to the protective order.

Third, the Court denies Defendant MSB's request to include correspondence and other communications between the parties or with non-parties within the scope of "confidential information" based solely on an "expectation that the information would not become generally available to the public." Id. at 4.

4

Correspondence and other communications between the parties or with non-parties shall only be designated as "confidential information" if that correspondence or communication qualifies for protection under Federal Rule of Civil Procedure 26(c).

Fourth, Defendant MSB has not shown that information that Defendant MSB defines as "for counsel only," "attorneys' eyes only," and "ultrasensitive information," is likely to be produced in this litigation. Proprietary business information, which is likely to be produced in this action, is already included in the definition of confidential information. Accordingly, there is no need for the protective order in this action to address such additional categories of information.

Fifth, pursuant to Local Rule 83.12(a), the protective order shall not require the Clerk to maintain any document under seal. Instead, the parties must comply with the requirements of Local Rule 83.12(a) if they wish to file any documents under seal.

Sixth, Defendant MSB has failed to demonstrate that the provision regarding a party's responsibility for the failure of third parties to comply with the protective order and the provision regarding waiver of attorney-client privilege and work product doctrine are necessary in this action.

Defendant MSB shall make the above modifications and submit a revised proposed protective order no later November 13,

2014.  Such submission shall comply with the requirements of Local Rule 100.8.1 and Local Rule 100.8.2.  Because the Court only grants in part the relief requested, the Court declines to apportion the reasonable expenses in connection with this Motion.  See Fed. R. Civ. P. 26(a)(5).

## CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendant Municipal Services Bureau's Motion for Entry of Confidentiality and Protective Order.  Defendant Municipal Services Bureau shall submit a revised proposed protective order in accordance with this Order no later than November 13, 2014.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, NOVEMBER 7, 2014.

Richard L. Puglisi
United States Magistrate Judge

**SAILOLA V. MUNICIPAL SERVICES BUREAU, ET AL., CIVIL NO. 13-00544 HG-RLP, ORDER GRANTING IN PART AND DENYING IN PART MUNICIPAL SERVICES BUREAU'S MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER**