IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REED SAILOLA, | ) | Civil No. 13-00544  HG-RLP |
| | ) | |
| Plaintiff, | ) | **CONFIDENTIALITY AND** |
| | ) | **PROTECTIVE ORDER** |
| vs. | ) | |
| | ) | |
| MUNICIPAL SERVICES BUREAU | ) | |
| and JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the

November 7, 2014 Order Granting in Part an Denying in Part Municipal Services

Bureau's Motion for Entry of Confidentiality and Protective Order, the Court finds

good cause to enter the following Confidentiality and Protective Order ("Protective

Order"):

**1.     Confidential Information**

"Confidential Information" means any information of any type,

kind, or character that is designated as "Confidential" by any of the supplying or

receiving persons, whether it be a document, information contained in a document,

information revealed during a deposition, information revealed in an interrogatory

answer, or otherwise.

**2.   Qualified Persons**

"Qualified Persons" means:

a.    For Confidential Information:

    i.    retained counsel for the parties in this litigation and their respective staff;

    ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Confidential Information to such person, have signed a document (*see* Exhibit A hereto) agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

    iv.    the party, if a natural person;

    v.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document (*see* Exhibit A) agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    vi.    litigation vendors, court reporters, and other litigation support personnel;

    vii.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and

who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

b.  Such other person as this court may designate after notice and an opportunity to be heard.

### 3.  Designation Criteria

a.  ***Non-Confidential Information.***  Confidential Information shall not include information that either:

i.  is in the public domain at the time of disclosure, as evidenced by a written document;

ii.  becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii.  the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv.  lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.  ***Confidential Information.***  A party shall designate as

Confidential Information only such information that the party in good faith

believes in fact is confidential.  Information that is generally available to the

public, such as public filings, catalogues, advertising materials, and the like, shall

not be designated as Confidential Information.  Information and documents that

may be designated as Confidential Information include, but are not limited to, trade

secrets, confidential or proprietary financial information, operational data, business

plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

### 4.      Use of Confidential Information

All Confidential Information provided by any party or non-party in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 5.      Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential."  In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.  Originals shall be preserved for inspection.

### 6.      Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a non-party may be designated by any party as Confidential

Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Confidential Information for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a non-party witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

7.     **Disclosure to Qualified Persons**

a.     ***To Whom.***  Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information.

b.     ***Retention of Copies During this Litigation.***  Copies of Confidential Information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts.  Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made.  Copies of documents and exhibits containing Confidential Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

8.     **Unintentional Disclosures**

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the

receiving party.  If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9.     Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as Confidential Information during inspection.  At the time of copying for the receiving parties, Confidential Information shall be marked prominently "Confidential" by the producing party.

### 10.     Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure.  Nor shall anything in this order prevent any counsel of record from utilizing Confidential Information in the examination or cross- examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information.

**11.     Challenging the Designation**

a.     *Confidential Information.*  A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential Information.  The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the court orders otherwise.  Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

b.     *Qualified Persons.*  In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or,

in the event particular Confidential Information is requested subsequent to the

designation of the Qualified Person, 14 days from service of the request to move

the court for an order denying the disposed person (a) status as a Qualified Person,

or (b) access to particular Confidential Information.  The objecting person shall

have the burden of demonstrating that disclosure to the disputed person would

expose the objecting party to the risk of serious harm.  Upon the timely filing of

such a motion, no disclosure of Confidential Information shall be made to the

disputed person unless and until the court enters an order preserving the

designation.

## 12.    Manner of Use in Proceedings

In the event a party wishes to use any Confidential Information in

affidavits, declarations, briefs, memoranda of law, or other papers filed in this

litigation, the party shall do one of the following:  (1) with the consent of the

producing party, file only a redacted copy of the information; (2) where appro-

priate (*e.g.*, in connection with discovery and evidentiary motions) provide the

information solely for *in camera* review; or (3) file such information under seal

with the court consistent with the sealing requirements of the court (as further set

forth above).

## 13.    Filing Under Seal

Notwithstanding anything else in this Order, the Clerk of Court shall

not be required to maintain any document under seal unless the parties first comply

with L.R. 83.12 and this Court issues an order permitting the document or information to be filed under seal.

### 14.   Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subpara-graph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Information.

### 15.   Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party

or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 17. Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, NOVEMBER 13, 2014.



Richard L. Puglisi
United States Magistrate Judge

---

CONFIDENTIALITY AND PROTECTIVE ORDER; *Sailola v. Municipal Services Bureau, et al.*, Civil No. 13-00544 HG-RLP

## AGREEMENT TO BE BOUND BY
## CONFIDENTIALITY AND PROTECTIVE ORDER

The undersigned, _____, (print or type name), hereby acknowledges that he/she received a copy of the *Confidentiality and Protective Order* entered in the action entitled *Sailola v. Municipal Services Bureau, et al.*, Civil No. 13-00544 HG-RLP, pending in the United States District Court for the District of Hawaii, has read same and I agree to (1) be bound by all of the provisions thereof and (2) submit to the jurisdiction of the United States District Court for the District of Hawaii solely for matters relating to this protective order (such as enforcement, interpretation, or sanctions).

I agree to abide by the *Protective Order* and not to reveal or otherwise communicate to anyone, or use any of, the information designated as "Confidential" that is disclosed to me, except in accordance with the terms of such *Protective Order*.  I acknowledge that any violation of the *Protective Order* may be punishable by contempt of court or result in civil liability, or both.


_____          _____
DATE                                     SIGNATURE

**EXHIBIT A**