IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REED SAILOLA, | ) CIVIL NO. 13-00544 HG-RLP |
|  | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANT |
|  | ) MUNICIPAL SERVICES BUREAU'S |
| vs. | ) MOTION TO STAY ALL PROCEEDINGS |
|  | ) AND MOTION TO STAY DISCOVERY |
| MUNICIPAL SERVICES BUREAU; JOHN | ) |
| DOES 1-10, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

ORDER DENYING DEFENDANT MUNICIPAL SERVICES BUREAU'S
MOTION TO STAY ALL PROCEEDINGS AND MOTION TO STAY DISCOVERY

Two motions are before the Court: 1) Defendant Municipal Services Bureau's ("MSB") Motion to Stay All Proceedings, filed on October 15, 2014; and 2) Defendant MSB's Motion to Stay Discovery, filed on October 16, 2014. ECF Nos. 59, 61. Plaintiff filed Oppositions to both Motions. ECF Nos. 67, 69. Defendant MSB filed its Replies on November 12 and 13, 2014. ECF Nos. 77, 79. Pursuant to Local Rule 7.2(d), the Court elected to decide the Motions without a hearing. ECF Nos. 60, 63. After careful consideration of the submissions of the parties and the relevant legal authority, the Court DENIES the Motions.

BACKGROUND

Defendant MSB provides third-party collection services for monies owed by individuals to various governmental entities, including the Judiciary for the State of Hawaii. Plaintiff alleges that Defendant MSB violated the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), and various Hawaii state laws when Defendant MSB contacted Plaintiff to recover a fine owed to the Judiciary for the State of Hawaii that had been stayed pending appeal.  Specifically, Plaintiff alleges that Defendant MSB violated the TCPA when it called Plaintiff's cellular telephone, without his express consent, on numerous occasions using an automatic telephone dialing system and using an artificial or prerecorded voice.

In the Motion to Stay All Proceedings, Defendant MSB seeks a stay of all proceedings until after the Federal Communications Commission ("FCC") rules on two pending petitions in unrelated matters.  In the Motion to Stay Discovery, Defendant MSB asks the Court to stay all discovery until after the Court issues its decision on the Motion to Stay All Proceedings.

## DISCUSSION

**I. Defendant MSB's Motion to Stay All Proceedings is DENIED.**

Defendant MSB asks the Court to stay all proceedings in this action on two alternative bases.  First, Defendant MSB asks the Court to stay this action based on the primary jurisdiction doctrine.  Second, Defendant MSB asks the Court for a stay based on the Court's inherent power.  As discussed in detail below, the Court DENIES Defendant's Motion to Stay All Proceedings.

### A.  The Primary Jurisdiction Doctrine

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008).  Under the primary jurisdiction doctrine, "a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch."  Id. (citing Syntek Semiconductor Co. v. Microchip Tech. Inc., 307 F.3d 775, 780 (9th Cir. 2002)).  The primary jurisdiction doctrine applies "where (1) the issue is not within the conventional experiences of judges, (2) the issue involves technical or policy considerations within the agency's particular field of expertise, (3) the issue is particularly within the agency's discretion, or (4) there exists a substantial danger of inconsistent rulings." Maronyan v. Toyota Motor Sales, U.S.A., Inc., 658 F.3d 1038, 1048-49 (9th Cir. 2011) (quoting Brown v. MCI WorldCom Network Servs., Inc., 277 F.3d 1166, 1172–73 (9th Cir. 2002)).

Defendant MSB argues that this action should be stayed pending the FCC's decision on two pending petitions in unrelated matters:  In re Petition for Rulemaking of ACA International, CG

Dkt. No. 02-278 (Jan. 31, 2014) ("ACA Petition") and <u>In re Santander Consumer USA, Inc.'s Petition for Declaratory Ruling</u>, CG Dkt. No. 02-278 (July 10, 2014) ("Santander Petition") (collectively "the Petitions").  Defendant MSB asserts that the FCC's decision on the Petitions will be instructive to this Court because the Petitions address three issues that are determinative to this litigation:  1. Whether debt-related calls are within the scope of the TCPA; 2.  What constitutes an automatic telephone dialing system under the TCPA; and 3.  Whether an individual can revoke prior express consent.  <u>See</u> ECF No. 59-1 at 6, 21.  As discussed in detail below, a stay pending the FCC's decisions on the Petitions is not warranted under the primary jurisdiction doctrine.

**1.   Whether Debt-Related Calls are Within the Scope of the TCPA.**

Defendant MSB argues that the Court should stay these proceedings because the Petitions address whether the TCPA applies to non-telemarketing activity.  ECF No. 59-1 at 6.  The Court rejects this argument because this issue has been routinely decided by judges, does not involve technical or policy considerations, and is not likely to lead to inconsistent rulings.  The law is clear that debt-related calls are within the scope of the TCPA.  The FCC has determined that "debt collectors can be responsible for any violation of the TCPA."  <u>Blair v. CBE</u>

Grp. Inc., 13-cv-00134, 2013 WL 2029155, at *3 (S.D. Cal. May 13, 2013) (citing In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd 559, 562 (F.C.C. 2007)). Also, courts have consistently held that debt collection calls are subject to liability under the TCPA. See, e.g., Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1045 (9th Cir. 2012) (affirming preliminary injunction against a debt collector defendant); Iniguez v. The CBE Grp., 969 F. Supp. 2d 1241, 1247 (E.D. Cal. 2013) ("There is no exception for debt collectors in the statute. . . . The TCPA therefore applies to debt collectors and they may be liable for offending calls."); see also Mims v. Arrow Fin. Servs., 132 S. Ct. 740, 746 (2012) (holding that federal and state courts have concurrent jurisdiction over private TCPA actions in a case involving a debt collection agency). Because the law is well-settled that debt collectors may be liable under the TCPA, a stay is not warranted on this ground.

**2. What Constitutes an Automatic Telephone Dialing System Under the TCPA.**

Defendant MSB next argues that this Court should stay these proceedings because the Petitions address the issue of what constitutes an automatic telephone dialing system ("ATDS") under the TCPA. See ECF NO. 59-1 at 6. Specifically, Defendant MSB asserts that the FCC's decision on the ACA Petition will clarify whether dialing equipment must have a "present capacity" rather

than a "theoretical capacity" to generate and dial random or sequential numbers to be considered an ATDS under the TCPA. Id. Defendant MSB asserts that the dialing system that it uses "does not have the present ability to store or produce telephone numbers to be called using a random or sequential number generator." ECF No. 59-9, Decl. of Aaron Million, Director of Collection Services for MSB, ¶ 14. The Court finds that a stay is not warranted on this ground because the issue of defining "capacity" has been addressed by the Ninth Circuit and is not particularly within the FCC's discretion.

The TCPA defines an ADTS as "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In Satterfield v. Simon & Schuster, Inc., the Ninth Circuit found that the statutory definition of an "ATDS" was "clear and unambiguous." 569 F.3d 946, 951 (9th Cir. 2009). In evaluating dialing equipment under the TCPA, the Ninth Circuit stated "the statute's clear language mandates that the focus must be on whether the equipment has the capacity 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" Id. The Court concluded that "a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do so." Id. In Meyer v.

Portfolio Recovery Associates, LLC, the Ninth Circuit reiterated its holding in Satterfield and rejected the defendant's argument that its equipment was not an ADTS because the equipment "[did] not have the present capacity to store or produce numbers using a random or sequential number generator." 707 F.3d 1036, 1043 (9th Cir. 2012).

Based on these Ninth Circuit decisions, other district courts in this circuit have denied similar motions to stay because the interpretation of "capacity" does "not require the FCC's policy expertise or specialized knowledge" and is "safely within the conventional experience of judges." Pimental v. Google, Inc., No. 11-cv-02585-YGR, 2012 WL 1458179, at *3 (N.D. Cal. Apr. 26, 2012) (denying motion to stay in a case involving the interpretation of the terms "prior express consent" and "capacity"); see also Jordan v. Nationstar Mortg. LLC, Case No. 14-cv-00787-WHO, 2014 WL 5359000, at *8 (N.D. Cal. Oct. 20, 2014) ("The interpretation of 'capacity' is within the Ninth Circuit's experience, does not involve technical expertise, and does not impose a substantial danger of inconsistent rulings."); Knapp-Ellis v. Stellar Recovery, Inc., No. 2:13-cv-01967-RSM, 2014 WL 5023632, at *2 (W.D. Wash. Oct. 8, 2014) (denying motion to stay because, among other reasons, courts in the Ninth Circuit have interpreted the term "capacity" and the term does not require the FCC's technical or policy expertise). The Court

agrees with the reasoning of these decisions and finds that the interpretation of "capacity" is within the conventional experience of the court and does not involve an issue that is particularly within the FCC's discretion.  Accordingly, a stay is not warranted on this ground.

### 3. Whether an Individual Can Revoke Prior Consent.

Defendant MSB argues that this Court should stay these proceedings until the FCC issues its decision on the Santander Petition, which addresses the issue of whether individuals can revoke prior express consent under the TCPA.  See ECF No. 59-1 at 21.  A stay is not warranted on this ground because the issue of revocation of prior express consent does not appear to be applicable to the facts of this case.

The Santander Petition asks the FCC to rule that express consent cannot be revoked or to set forth specific requirements for allowing revocation of consent.  See ECF No. 59-6 at 3.  Here, Plaintiff alleges that he "does not recall ever providing his cellular telephone number to the State of Hawaii, law enforcement officials, the courts for Hawaii, or Defendant" and states that he "never gave express consent for any of the above referred entities to call his cellular telephone." Compl. ¶¶ 48-49; 104-06.  Defendant MSB points to two traffic citations that are unrelated to the underlying debt to argue that Plaintiff provided consent.  See ECF No. 77 at 3 (citing ECF No. 67-7 at 19, 21).  The issue in this litigation appears to be

8

whether providing a telephone number for an unrelated transaction constitutes prior express consent for a future transaction under the TCPA.  This is not the same issue that is pending before the FCC in the ACA Petition or in the Santander Petition.  Defendant MSB does not point to any portion of the Petitions that address this issue.  Defendant MSB has failed to show that the revocation of prior express consent is at issue in this litigation.  Accordingly, a stay on this ground is unwarranted.

### B.   The Court's Inherent Powers

Alternatively, Defendant MSB asks the Court to stay this action pursuant to the Court's inherent powers.  A court has broad discretion to stay proceedings incident to the court's power to control its own docket. Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  The court must weigh "the competing interests which will be affected" in deciding whether to grant a motion to stay, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).  The Court finds that the potentially substantial delay in waiting for the FCC to issue a ruling on the pending

Petitions outweighs the minimal benefit that the FCC's rulings would have in resolving the issues in this case.  See Maronyan, 658 F.3d at 1049.  Defendant MSB will not be prejudiced by this case proceeding because any new FCC ruling that is issued while this case is proceeding can be addressed through the appropriate motion.

**II.   Defendant MSB's Motion to Stay Discovery is DENIED.**

Defendant MSB clarified in its Reply that it only seeks a stay of discovery pending this Court's decision on its Motion to Stay All Proceedings.  See ECF No. 79 at 2.  Because the Court has denied Defendant MSB's Motion to Stay All Proceedings, Defendant MSB's Motion to Stay Discovery is DENIED AS MOOT.

CONCLUSION

The Court DENIES Defendant Municipal Services Bureau's Motion to Stay All Proceedings and Motion to Stay Discovery.

IT IS SO ORDERED.

DATED HONOLULU, HAWAII, NOVEMBER 19, 2014.



Richard L. Puglisi
United States Magistrate Judge

**SAILOLA V. MUNICIPAL SERVICES BUREAU, ET AL.; CIVIL NO. 13-00544 HG-RLP; ORDER DENYING DEFENDANT MUNICIPAL SERVICES BUREAU'S MOTION TO STAY ALL PROCEEDINGS AND MOTION TO STAY DISCOVERY**