```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

REED SAILOLA,                     )  CIVIL NO. 13-00544 HG-RLP
                                  )
             Plaintiff,           )  ORDER REGARDING DISCOVERY LETTER
                                  )  BRIEFS
        vs.                       )
                                  )
MUNICIPAL SERVICES BUREAU, ET     )
AL.,                              )
                                  )
             Defendants.          )
_____   )
```

ORDER REGARDING DISCOVERY LETTER BRIEFS

The parties submitted letter briefs requesting expedited discovery assistance pursuant to Local Rule 37.1, on November 18, 2014. In this action, Plaintiff alleges that Defendant Municipal Services Bureau ("MSB") violated the Telephone Consumer Protection Act ("TCPA") and various Hawaii state laws when Defendant MSB contacted Plaintiff to recover a fine owed to the Judiciary for the State of Hawaii that had been stayed pending appeal. Defendant MSB provides third-party collection services to various governmental entities, including the Judiciary for the State of Hawaii. Plaintiff alleges that Defendant MSB violated the TCPA when it called Plaintiff's cellular telephone, without his express consent, on numerous occasions using an automatic telephone dialing system and using an artificial or prerecorded voice.

Plaintiff served his Amended Request for a Rule 34 Inspection of Defendant Municipal Services Bureau's Austin, Texas

Collection Center and Corporate Headquarters on November 10, 2014 ("Rule 34 Request"). The Rule 34 Request is the subject of a pending Motion for Protective Order filed by Defendant MSB on November 14, 2014. See ECF No. 81. Despite the fact that Defendant MSB's pending motion asks the Court to prevent or limit the inspection, Plaintiff's counsel arrived at Defendant MSB's premises on the noticed date and were denied access to the premises.

In the present request for discovery assistance, Plaintiff asks the Court to order Defendant MSB to allow the inspection to proceed immediately. The Court DENIES Plaintiff's request. As noted above, the Rule 34 Request is the subject of a pending motion for protective order, which has not been fully briefed. Although the Court understands that Plaintiff's counsel is currently conducting other discovery in Texas, where Defendant MSB is headquartered, it is undisputed that Plaintiff's counsel was informed prior to traveling to Texas that they would not be permitted to conduct an inspection in light of the pending motion for protective order. Pursuant to Rule 37(d)(2), a party's failure to respond to a request for inspection is excused if that party has a pending motion for protective order. See Fed. R. Civ. P. 37(d)(2). After Plaintiff and Defendant MSB were unable to resolve their dispute regarding the scope of the inspection, Defendant MSB expeditiously moved for a protective order regarding the Rule 34 Request, filing its motion four days after

the Rule 34 Request was issued.  Plaintiff has not demonstrated any immediate need for the inspection.  There is no indication that there are time sensitive discovery materials sought or any threat of spoilation of evidence.  The discovery deadline in this action is March 6, 2015, which provides time for Plaintiff to proceed with any inspection if allowed after the Court decides the pending motion for protective order in the normal course.  Plaintiff's request is DENIED.

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAII, NOVEMBER 20, 2014.



Richard L. Puglisi
United States Magistrate Judge

**SAILOLA V. MUNICIPAL SERVICES BUREAU, ET AL.; CIVIL NO. 13-00544 HG-RLP; ORDER REGARDING DISCOVERY LETTER BRIEFS**

3