RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

JUSTIN A. BRACKETT (HI Bar No. 9954)
1136 Union Mall, Suite # 805
Honolulu, HI  96813
Telephone: (808) 545-4040
Email:  justinbrackettlaw@gmail.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REED SAILOLA, | ) |
| | ) CASE NO. 1:13-CV-00544 HG-RLP |
| Plaintiff, | ) |
| vs. | ) PLAINTIFF REED SAILOLA'S EX |
| | ) PARTE MOTION TO SUBMIT |
| GILA, LLC d/b/a MUNICIPAL | ) DOCUMENTS *IN CAMERA* OR |
| SERVICES BUREAU | ) UNDER SEAL; DECLARATION OF |
| | ) JUSTIN BRACKETT; ORDER |
| Defendants. | ) GRANTING PLAINTIFF REED |
| | ) SAILOLA'S EX PARTE MOTION TO |
| | ) SUBMIT DOCUMENTS UNDER |
| | ) SEAL; CERTIFICATE OF SERVICE |
| | ) |
| | ) HEARING: |
| | ) Date:      _____ |
| | ) Time:     _____ |
| | ) |
| _____ | ) |

1

### PLAINTIFF REED SAILOLA'S *EX PARTE* MOTION TO SUBMIT DOCUMENTS *IN CAMERA* OR UNDER SEAL

Plaintiff Reed Sailola ("Mr. Sailola" or "Plaintiff"), by and through its attorneys Richard L. Holcomb and Justin A. Brackett, hereby moves this Honorable Court, *ex parte*, pursuant to paragraph 12 of the "Confidentiality and Protective Order" issued on November 13, 2014 (Dkt. No. 78) to submit as exhibits: (1) Excerpts from the Deposition of Defendant's Rule 30(b)(6) Representative, Aaron Million, on November 20, 2014; and (2) Excerpts from the Interaction Dialer for Administrators Classroom Manual Created by Interactive Intelligence, Inc.  Said submissions are requested solely for purpose of being Exhibits K and L to Plaintiff's Motion for Summary Judgment and are requested to be allowed by the Court through *in camera* review until said time when this Court rules as to whether said documents shall be designated as confidential. Alternatively, Mr. Sailola hereby moves this Honorable Court to allow it to file said exhibits under seal with the court pursuant to Fed. R. Civ. Pro. 26(c) and Local Rule 83.12, and hereby requests an Order permitting the Plaintiff to submit the exhibits <u>under seal</u>.  These exhibits are both in relation to the Plaintiff's Motion for Summary Judgment filed December 3, 2014, and are designated as Exhibits K and L thereto.

Specifically, Mr. Sailola requests that the exhibits, which have been designated as "CONFIDENTIAL" by Defendant or its counsel pursuant to the

Confidentiality and Protective Order, not be made available to the public at this time on the grounds of the Defendant's designation of said exhibits as confidential, and/or pursuant to paragraphs 12 and 13 of the Confidentiality and Protective Order (Dkt. No. 78). Out of an abundance of caution and in effort to comply with paragraphs 12 and 13 of the Confidentiality and Protective Order, Mr. Sailola files this Motion.

## Background

This Honorable Court signed and filed a document titled "Confidentiality and Protective Order" on November 13, 2014 which asserts (in pertinent part):

> Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential."

See Document 78, paragraph 5 - Marking of Documents.

> All Confidential Information provided by any party or non-party in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

See Document 78, paragraph 4 - Use of Confidential Information.

Defendant has since marked every document it has produced as "Confidential" and has even proposed to mark its entire building as "Confidential" (See attached Exhibit A, pg. 3). Defendant is not trying to be limited by Fed. R. Civ. Pro. 26 or Local Rule 83.12. It is instead maintaining its litigation strategy of

limiting Mr. Sailola's access to relevant information and his ability to file said information with the Court to support his claims. Defendant has so far filed a Motion to Amend Scheduling Order and to Reset Trial Date on September 3, 2014 (Dkt. No. 44), a Motion for Protective Order on October 1, 2014 (Dkt. No. 54), a Motion to Stay All Proceedings on October 15, 2014 (Dkt. No. 59), a Motion to Stay Discovery on October 16, 2014 (Dkt. No. 61), an *Ex Parte* Motion to Shorten Time to hear Motion to Stay Discovery on October 16, 2014 (Dkt. No. 62), a second Motion for Protective Order on November 14, 2014 (Dkt. No. 81), and a Letter Brief in opposition to Plaintiff's Amended Request for Rule 34 Inspection (Exhibit A). Defendant believes it can deem everything as confidential to keep relevant information from being seen in a dispositive motion or at trial.

## Legal Standard

The Ninth Circuit has addressed public access to judicial records in Kamakana v. City & County of Honolulu. When dealing with a request for seal in regards to a dispositive motion, the Kamakana Court found:

> We acknowledged explicitly in *San Jose Mercury News*, 187 F.3d at 1102, and later confirmed in *Foltz*, 331 F.3d at 1136, that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judg- ment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Valley Broadcasting*, 798 F.2d at 1294; *accord Foltz,* 331 F.3d at 1135-36 (noting that " 'summary judgment adju- dicates

3

>substantive rights and serves as a substitute for trial' ") (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The . . . 'compelling reasons' standard continues to apply.") (internal citations omitted).

447 F.3d 1172, 1180 (9th Cir. 2006).

Furthermore, the Ninth Circuit articulated:

>In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1180.

The documents now being submitted *in camera* or under seal include a transcript of the deposition of Defendant's Rule 30(b)(6) Corporate Representative (Exhibit K to the Motion for Summary Judgment) and a classroom manual for Defendant's "Interaction Dialer" (Exhibit L to the Motion for Summary Judgment). They are not being produced to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. They are being filed to shed light on the facts of this case and assist the Court in making a proper determination

in regards to Mr. Sailola's Motion for Summary Judgment. There is no compelling reason they should remain under seal, other than the November 13, 2014 Confidentiality and Protective Order. (Dkt. No. 78).

This Honorable Court directed all parties to be sparing with their designation of documents or items as confidential when it ordered in its November 7, 2014 Order Granting in Part and Denying in Part Municipal Services Bureau's Motion for Entry of Confidentiality and Protective Order:

> Third, the Court denies Defendant MSB's request to include correspondence and other communications between the parties or with non-parties within the scope of "confidential information" based solely on an "expectation that the information would not become generally available to the public." Correspondence and other communications between the parties or with non-parties shall only be designated as "confidential information" if that correspondence or communication qualifies for protection under Federal Rule of Civil Procedure 26(c).

See Document 75, pg. 4-5.

Federal Rule of Civil Procedure 26(c) provides (in pertinent part):

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. Pro. 26(c).

## Discussion

Mr. Sailola contends that excerpts from the Interaction Dialer for Administrators Classroom Manual created by Interactive Intelligence, Inc. is not a trade secret of Defendant as it is a document produced by a third-party who is not involved in this litigation. Furthermore, it is a document from 2009 which pertains to an older model of the dialer than said third party now markets, produces and sales. It is not being proffered to cause Defendant annoyance, embarrassment, oppression, or undue burden or expense. Furthermore, it does not include a trade secret or other confidential research, development, or commercial information of the Defendant, and does not fall within any of the other provision of Fed. R. Civ. Pro. 26(c). It should never have been marked as confidential by Defendant, but it was. Mr. Sailola now seeks to have it filed as an exhibit to his Motion for Summary Judgment as it provides very relevant, important information about his

case and specifically, the Defendant's use of an automated telephone dialing system.

Finally, the excerpts of the transcript of the deposition of Defendant's Rule 30(b)(6) Corporate Representative that Mr. Sailola wishes to file as an exhibit to his Motion for Summary Judgment can, and will be, scrubbed for any personal, private information of the deponent or any third-parties as well as any trade secrets. The redacted transcript excerpts will be produced for review and approval by the opposing party or reviewed by the Court prior to filing them publicly. Unfortunately, this information must now be held under seal or viewed in camera pursuant to paragraph 6 of the November 13, 2014 Confidentiality and Protective Order which provides: "All deposition transcripts shall be treated as Confidential Information for a period of 30 days after initial receipt of the transcript." (Dkt. No. 78, p. 5). The deposition occurred on November 20, 2014, less than thirty days ago.[1] Upon conclusion of the thirty-day moratorium or further Order of this Court, Mr. Sailola requests this document be allowed as Exhibit K to his Motion for Summary Judgment.

---

[1] In spite of the Court's November 13, 2014 Confidentiality and Protective Order demanding that all deposition transcripts shall be treated as Confidential Information for a period of 30 days after initial receipt of the transcript, Defendant filed an excerpt of the transcript from the November 17, 2014 deposition of Michael Dorn as Document 95-6 on December 3, 2014.

3

Accordingly, Plaintiff respectfully submits his *ex parte* motion to submit these documents *in camera* or for an Order permitting it to file under seal:

(1)     Excerpts from the deposition of Defendant's Rule 30(b)(6) representative, Aaron Million, on November 20, 2014 (Exhibit K to the Plaintiff's Motion for Summary Judgment); and

(2)     Excerpts from the Interaction Dialer for Administrators Classroom Manual created by Interactive Intelligence, Inc. (Exhibit L to the Plaintiff's Motion for Summary Judgment).

A complete version of the exhibits will be submitted to the Court with this *ex parte* motion in a marked and sealed envelope in order that this Honorable Court may conduct an *in camera* review of said documents to determine whether the documents will be filed under seal. A complete version of the exhibits will be submitted to Defendant's counsel so that Defendant will have a full and fair opportunity to respond to Mr. Sailola's Motion for Summary Judgment.

This *Ex Parte* Motion is made pursuant to Rules 6 and 7 of the Federal Rules of Civil Procedure and Rules 6.2, 7.2, and 83.12 of the Local Rules of Practice of the United States District Court for the District of Hawaii, and is based upon the records herein, exhibit attached hereto, and the declaration in support thereof. A proposed Order is attached hereto.

    DATED:  Honolulu, Hawaii; December 3, 2014.

                                             */s/Justin A. Brackett*
                                             Justin A. Brackett (#9954)