IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REED SAILOLA, | ) CIVIL NO. 13-00544 HG-RLP |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR PROTECTIVE ORDER RE |
| vs. | ) PLAINTIFF'S REQUEST FOR A RULE |
| | ) 34 INSPECTION AND 30(b)(6) |
| GILA, LLC D/B/A MUNICIPAL SERVICES BUREAU, | ) DEPOSITION NOTICE |
| | ) |
| Defendant. | ) |

ORDER GRANTING DEFENDANT MUNICIPAL SERVICES BUREAU'S
MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S REQUEST
FOR A RULE 34 INSPECTION AND 30(b)(6) DEPOSITION NOTICE

Before the Court is Defendant Gila LLC d/b/a Municipal Service Bureau's ("MSB") Motion for Protective Order Re Plaintiff's Request for a Rule 34 Inspection and 30(b)(6) Deposition Notice, filed on November 14, 2014 ("Motion").  ECF No. 81.  Plaintiff filed his Opposition to the Motion on November 28, 2014.  ECF No. 91.  Defendant MSB filed its Reply on December 12, 2014.  ECF No. 107.  Pursuant to Local Rule 7.2(d), the Court elected to decide the Motion without a hearing.  ECF No. 82. After careful consideration of the submissions of the parties and the relevant legal authority, the Court GRANTS the Motion.

BACKGROUND

Defendant MSB provides third-party collection services for monies owed by individuals to various governmental entities, including the Judiciary for the State of Hawaii.  Plaintiff alleges that Defendant MSB violated the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), and various Hawaii state laws when Defendant MSB contacted Plaintiff to recover a fine owed to the Judiciary for the State of Hawaii that had been stayed pending appeal.  Specifically, Plaintiff alleges that Defendant MSB violated the TCPA and committed various torts when it called Plaintiff's cellular telephone, without his express consent, on numerous occasions using an automatic telephone dialing system and using an artificial or prerecorded voice.

In the present Motion, Defendant MSB seeks a protective order related to Plaintiff's Amended Request for a Rule 34 Inspection of Defendant MSB's Austin, Texas Collection Center and Corporate Headquarters, dated November 10, 2014 ("Rule 34 Request for Inspection") and two topics listed in Plaintiff's Amended Notice of Deposition of Municipal Services Bureau Through Its Designated Witness Pursuant to Fed. Rule Civ. P. Rule 30(b)(6), dated November 12, 2014 ("Rule 30(b)(6) Deposition Notice").

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  A court may,

for good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure." Fed. R. Civ. P. 26(c).  To establish "good cause," a party seeking a protective order for discovery materials must "present a factual showing of a particular and specific need for the protective order." Welsh v. City and Cnty. of S.F., 887 F. Supp. 1293, 1297 (N.D. Cal. 1995). "Under the liberal discovery principles of the Federal Rules," a party seeking a protective order "carr[ies] a heavy burden of showing why discovery [should be] denied." See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

### I. Rule 34 Request for Inspection

Federal Rule of Civil Procedure 34 provides that a party may enter upon property that is in the possession or control of another party "for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." Fed. R. Civ. P. 34.  The scope of discoverable material under Rule 26(b) includes "any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having

knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). However, the court may limit any discovery that "is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). Each request listed in Plaintiff's Rule 34 Request for Inspection is addressed below.

    Request for Inspection No. 1

  Plaintiff requests to inspect the "work areas and work stations, and/or former work areas and work station of each of the collectors who communicated with Plaintiff." ECF No. 81-3 at 3. Plaintiff does not provide any explanation regarding what information he is seeking from an inspection of these work areas and based on the allegations in this action, the Court is unable to discern any discoverable information that could be obtained from such an inspection. There are no allegations in Plaintiff's Second Amended Complaint related to the work areas or work stations of Defendant MSB's employees and it is unclear how an inspection of these areas is relevant to Plaintiff's tort or TCPA claims. Plaintiff argues that he is entitled to discover the layout of Defendant MSB's collection facilities "to determine other witnesses who may have overheard and may be able to testify as to the communication(s) with Mr. Sailola." ECF No. 91 at 7.

Information regarding the layout of Defendant MSB's collection facilities during the relevant time period, from July to August 2013, can be obtained from Defendant MSB through interrogatories, document requests, and depositions -- sources that are "more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). Additionally, this Request is improper because it fails to specify the manner of inspection, instead it merely states that Plaintiff and his attorneys want to "inspect" these areas. See Fed. R. Civ. P. 34(b)(1)(B). There is no indication in the Request for Inspection whether Plaintiff and his counsel are seeking to take photographs, videotape the work areas and work stations, access computers, examine the documents on the desk, the contents of drawers, or files at the work areas. Defendant MSB has established good cause to grant its request for a protective order as to Request for Inspection No. 1.

Request for Inspection No. 2

Plaintiff requests to inspect the "collection management offices of the managers of the Defendants." ECF No. 81-3 at 3. Plaintiff does not provide any explanation regarding what information he is seeking related to Defendant MSB's management offices. As with the prior request, given the tort and TCPA claim alleged in the Second Amended Complaint, the Court is unable to discern any discoverable information that could be obtained from an inspection of Defendant MSB's management

offices. Also, this Request for Inspection is improper because it fails to specify the manner of inspection, stating only that Plaintiff and his attorneys wish to "inspect" these areas. See Fed. R. Civ. P. 34(b)(1)(B). Defendant MSB has established good cause to grant its request for a protective order as to Request for Inspection No. 2.

>        Request for Inspection No. 3

Plaintiff seeks to inspect the "physical phone system, computer systems, and other manual or electronic systems used to conduct collection activities within the premises occupied by Defendant's employees or agents in their capacity as collectors for Defendant [MSB], or former facilities thereof." ECF No. 81-3 at 3. Although the subject matter of this Request for Inspection is relevant to Plaintiff's TCPA claims, Plaintiff again fails to specify the manner of inspection, instead stating that Plaintiff and his attorneys seek to "inspect" these systems. See Fed. R. Civ. P. 34(b)(1)(B). It would be burdensome to require Defendant MSB to allow Plaintiff and his counsel to have unfettered access to all of Defendant MSB's phone systems, computer systems, and other electronic systems used to conduct collection activities. Additionally, this Request for Inspection is overly broad because it seeks to inspect all systems within the premises and does not limit the Request for Inspection to the systems that were used to contact Plaintiff. Defendant MSB has established good cause to

grant its request for a protective order as to Request for Inspection No. 3.

### Request for Inspection No. 4

Plaintiff asks to inspect the "personnel files of each of Defendant's employees who attempted collection on Plaintiff's alleged account." ECF No. 81-3 at 3. Plaintiff does not provide any explanation regarding what information he is seeking related to these personnel files. There are no allegations in Plaintiff's Second Amended Complaint related to specific employees of Defendant MSB and it is unclear how an inspection of these files is relevant to Plaintiff's tort or TCPA claims. Even assuming that Plaintiff could establish relevance, these files could be obtained from Defendant MSB through a document request, which is "more convenient, less burdensome, [and] less expensive." See Fed. R. Civ. P. 26(b)(2). Defendant MSB has established good cause to grant its request for a protective order as to Request for Inspection No. 4.

### Request for Inspection No. 5

Plaintiff seeks a "seating chart defining each work area within the Defendant's collection premises located at the above address and an organizational chart indicating the various reporting relationships between and amongst collection staff and management of Defendant [MSB]." ECF No. 81-3 at 3. This Request asks to inspect two documents: "a seating chart" and an

"organizational chart." Id. Notably, the request fails to specify a relevant time period for these two documents. Assuming that Plaintiff is requesting a seating chart and an organizational chart from 2013, these documents may be relevant and discoverable. However, this Request is not proper because these two documents could be obtained from Defendant MSB through a document request, which is "more convenient, less burdensome, [and] less expensive." See Fed. R. Civ. P. 26(b)(2). Defendant MSB has established good cause to grant its request for a protective order as to Request for Inspection No. 5.

### Request for Inspection No. 6

Plaintiff asks to inspect "[a]ny and all recording equipment or call tracking equipment used or formerly used by Defendant's collectors in the course of their collection activities for Defendant [MSB]." ECF No. 81-3 at 3. The subject matter of this Request for Inspection may be relevant to Plaintiff's claims if the calls placed to Plaintiff were recorded or tracked. However, the Request for Inspection is overly broad because it is not limited to the recording equipment or call tracking equipment used in the 2013 communications with Plaintiff. Also, the Request for Inspection fails to specify the manner of inspection, instead it merely states that Plaintiff and his attorneys seek to "inspect" this equipment. See Fed. R. Civ. P. 34(b)(1)(B). Defendant MSB has established good cause to grant its request for a protective order as to Request for

Inspection No. 6.

### Request for Inspection No. 7

Plaintiff requests to inspect "[e]quipment, process, or other electronic or manual methods whereby management and supervisory personnel employed by Defendant [MSB] listen in, intercept, record, or otherwise monitor any and all collection calls made by individual collectors at the address listed above." ECF No. 81-3 at 4.  As with the prior request, the subject matter of this Request for Inspection may be relevant to Plaintiff's claims if the calls placed to Plaintiff were monitored.  However, the Request for Inspection is overly broad because it is not limited to the monitoring equipment, process, or methods used in the 2013 communications with Plaintiff.  Also, to the extent Plaintiff is seeking information related to monitoring of the 2013 communications with Plaintiff, such information could be obtained from Defendant MSB through document requests, interrogatories, or depositions, which are "more convenient, less burdensome, [and] less expensive."  See Fed. R. Civ. P. 26(b)(2).  Finally, the Request for Inspection fails to specify the manner of inspection, stating only that Plaintiff and his attorneys seek to "inspect" the equipment, process, or methods.  See Fed. R. Civ. P. 34(b)(1)(B).  Defendant MSB has established good cause to grant its request for a protective order as to Request for Inspection No. 7.

Request for Inspection No. 8

Plaintiff asks to inspect "[a]ny and all time records, time clocks, electronic time keeping devices, computer systems, or other electronic or manual systems used designed for an employee to track the working hours of individual collectors, including but not limited to those that attempted collection of Plaintiff's alleged account." ECF No. 81-3 at 4. Plaintiff does not provide any explanation regarding what information he is seeking related to these time keeping records, devices, and systems. Even assuming that Plaintiff could establish relevance, this Request for Inspection is overly broad because it is not limited to records, devices, and systems used by the collectors who contacted Plaintiff. Additionally, time records related to the employees who contacted Plaintiff on the relevant dates could be obtained from Defendant MSB through a document request, which is "more convenient, less burdensome, [and] less expensive." See Fed. R. Civ. P. 26(b)(2). Finally, the Request for Inspection fails to specify the manner of inspection, stating only that Plaintiff and his attorneys seek to "inspect" these records, devices, and systems. See Fed. R. Civ. P. 34(b)(1)(B). Defendant MSB has established good cause to grant its request for a protective order as to Request for Inspection No. 8.

**II. Rule 30(b)(6) Deposition Notice**

Although Plaintiff's Rule 30(b)(6) Deposition Notice

lists thirty-nine topics, only two topics are at issue in the current Motion:  37. MSB['s] annual sales, gross income, net income, and profit for 2012 and 2013; and 38. MSB's net worth and financial condition.  See ECF No. 81-4 at 6.  Defendant MSB argues that discovery of information related to Defendant MSB's financial condition is not relevant to the claims or defenses in this action.  ECF No. 81-1 at 13.  Plaintiff does not address Defendant MSB's request for a protective order as to these two deposition topics in its Opposition.  See ECF No. 91.  The Second Amended Complaint does not include a request for an award of punitive damages.  See ECF No. 93.  Absent such a request, the Court is unable to determine that information related to Defendant MSB's financial condition is relevant.  Given the lack of relevance and Plaintiff's failure to address this issue in his Opposition, the Court finds that Defendant MSB has established good cause to grant its request for a protective order as to deposition topics 37 and 38 of the Rule 30(b)(6) Deposition Notice.

### III. Defendant MSB is Awarded Its Reasonable Expenses

Because the Court grants Defendant MSB's Motion, the court must award the reasonable expenses incurred in making the motion.  Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5)(A). Defendant MSB made a good faith attempt to resolve these issues without Court intervention, Plaintiff's refusal to address the

deficiencies in its discovery requests was not substantially justified, and no other circumstances make an award of expenses unjust.  See Fed. R. Civ. P. 37(a)(5)(A).  The Court finds that an award of reasonable expenses to Defendant MSB related to the present Motion is appropriate.  Defendant MSB shall file a declaration regarding the reasonable expenses incurred in making the present Motion no later than December 29, 2014, containing sufficient information for the Court to determine the reasonableness of the work completed and the hourly rates requested.  Plaintiff may file a response to the declaration no later than January 7, 2015.  Thereafter, the Court will issue an order regarding the reasonable expenses awarded.

## CONCLUSION

The Court GRANTS Defendant Gila LLC d/b/a Municipal Service Bureau's Motion for Protective Order Re Plaintiff's Request for Rule 34 Inspection and 30(b)(6) Deposition Notice, filed on November 14, 2014.

IT IS SO ORDERED.

DATED HONOLULU, HAWAII, DECEMBER 18, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge

**SAILOLA V. GILA, LLC; CIVIL NO. 13-00544 HG-RLP; ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S REQUEST FOR A RULE 34 INSPECTION AND 30(b)(6) DEPOSITION NOTICE**