RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

JUSTIN A. BRACKETT (HI Bar No. 9954)
1888 Kalakaua Avenue, Suite C-312
Honolulu, HI 96815
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REED SAILOLA,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>GILA, LLC d/b/a MUNICIPAL SERVICES BUREAU.<br><br>　　　　　　Defendants.<br>_____<br>_____ | CASE NO. 1:13-cv-00544 HG/RLP<br><br>**PLAINTIFF REED SAILOLA'S CONCISE STATEMENT IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Docs. 94-95]; DECLARATION OF RICHARD L. HOLCOMB; DECLARATION OF REED SAILOLA; EXHIBITS "A" THROUGH "M"; CERTIFICATE OF SERVICE** |

**CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT [Docs. 94-95]**

Pursuant to Rule 56.1(b) of the Local Rules of Practice for the United States District Court for the District of Hawaiʻi, Plaintiff Reed Sailola hereby submits his separate concise statement of material facts in Opposition to Defendant's Motion for Partial Summary Judgment.

| No. | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 1 | Mr. Sailola admits that he provided his cellular telephone ending in 4957 on the traffic citations in 2008, 2010, and 2012. | [Doc. 95 ¶ 1] |
| 2 | Mr. Sailola admits that he provided a different number in 2011 in relation to the DUI that is relevant to this case and for which $1000 was posted as bail. However, Mr. Sailola is not aware of any "bail bonds office." | [Doc. 95 ¶ 2] |
| 3 | Mr. Sailola admits that the Judiciary of Hawaii placed Plaintiff's Account with MSB for collection on or about July 2, 2014 via electronic data transfer. Mr. Sailola is without knowledge of how many items were included for collection. | [Doc. 95 ¶ 3] |
| 4 | Mr. Sailola admits that MSB made three calls to Mr. Sailola before Mr. Sailola placed a return call on July 8, 2013. | [Doc. 95 ¶ 4] |
| 5 | Mr. Sailola admits that he spoke with Michael Dorn on July 8, 2013. | [Doc. 95 ¶ 5] |
| 6 | Mr. Sailola denies that he "expressly informed Mr. Dorn that his cellular phone was a 'good number' at which to reach him" but admits that pages 7 and 8 of Defendant's Exhibit D is a true and exact copy of the transcript of the July 8, 2013 call. | [Doc. 95 ¶ 6, 95-6, pp. 7-8] |
| 7 | Mr. Sailola again asserts that pages 7 and 8 of Defendant's Exhibit D is a true and exact copy of the transcript of the July 8, 2013 call. | [Docs. 95 ¶ 7, 95-6, pp. 7-8] |
| 8 | Mr. Sailola admits that he told MSB that he | [Docs. 95 ¶ 8, 95-6, pp. 7-8] |

1

|    |                                                                                                                                                                                                         |                                                                                                                                                                                                                                                                        |
|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | would call MSB back and not vice versa, and again asserts that pages 7 and 8 of Defendant's Exhibit D is a true and exact copy of the transcript of the July 8, 2013 call.                              |                                                                                                                                                                                                                                                                        |
| 9  | Mr. Sailola admits the Judiciary has specifically informed MSB that placement of Mr. Sailola's account with MSB was a mistake.                                                                          | [Docs. 95 ¶ 9, 95-7]                                                                                                                                                                                                                                                   |
| 10 | Mr. Sailola admits the vendor for the I3 Interactive Intelligence autodialer has informed MSB that the system has no capacity to **produce** numbers to dial either randomly or sequentially.           | [Docs. 95 ¶ 10, 95-8]                                                                                                                                                                                                                                                  |
| 11 | MSB has left at least 35 prerecorded voice messages on Mr. Sailola's cellular telephone.                                                                                                                | Sailola Decl. ¶ 15, **Exhibit "C"**; [Doc. 103]; Million Depo., p. 358, lines 204, 9-10, 13, 16-17, 19, 22-23, p. 359, lines 7-8, 11-18, 21-25 p. 360, lines 2-4, p. 361, lines 10-11, 14-24, Exhibit 10.                                                               |
| 12 | MSB has never attempted to collect money related to the 2008, 2010, and 2012 traffic citations.                                                                                                         | Holcomb Decl. ¶ 5, **Exhibit "B"**; [Doc. 67-7]; Million Depo., p. 67, p. lines 1-14, p. 68, lines 21-25, p. 69 lines 1-2, p. 212, lines 5-8, 19-25, p. 213, lines 1-4, 13-22, p. 214, lines 4-9, Depo. Exhibit 4.                                                      |
| 13 | MSB attempted to collect on case no. 1DTA-11-03671, the 2011 DUI. The Bail/Bond Receipt shows that $1000 bail was posted and that Mr. Sailola provided 737-7563 as his telephone number.                | Holcomb Decl. ¶ 5, **Exhibit "B"**; [Doc. 67-7]; Sailola Decl. ¶¶ 3, 9; Million Depo., p. 67 lines 1-15, 17-21, p. 68 lines 4-18, 21-25, p. 69 lines 1-2, p. 214, lines 10-19, p. 215, lines 1-3, 8-10, p. 221, lines 1-4, Depo. Exhibit 4.                             |
| 14 | Instead of calling 737-7563, MSB called Mr. Sailola's cellular telephone number which was 864-4957.                                                                                                     | Holcomb Decl. ¶ 6, **Exhibit "D"**; [Doc. 95-5]; Sailola Decl. ¶¶ 8-9; Million Depo., p. 217, lines 7-22, p. 241, lines 1-8, Depo, Exhibit 10.                                                                                                                          |

2

| | | |
|---|---|---|
| 15 | Pursuant to MSB's subpoena, the Hawaii Judiciary also produced the Notice of Entry of Judgment from Case No. 1DTA-11-03671, dated December 6, 2012, which shows that a total of $512 in fines and fees were assessed, that the $1000 bail was to be applied towards those fines and fees, with the balance was to be refunded to Mr. Sailola. | Holcomb Decl. ¶¶ 5, 6, **Exhibits "B"** and **"D"**; [Doc. 67-7]; Sailola Decl. ¶¶ 3-4; Million Depo., p. 220, lines 22-25, p. 221, lines 1-10, 14-20, 24-25, p. 222, lines 3-5, p. 223, lines 10-16, p. 234, lines 2-5, 13-15, Depo. Exhibits 4, 10. |
| 16 | MSB could have obtained the Notice of Entry of Judgment(s) prior to initiating collection calls. | Holcomb Decl. ¶ 7, **Exhibit "E"**; Million Depo., p. 255, lines 3-6, Depo Exhibits 4-10. |
| 17 | MSB could have accessed Hawaii's eKokua system prior to initiating collection calls. The eKokua December 6, 2012 entry in Mr. Sailola's case states "Bond Applied and refund balance to postee." | Holcomb Decl. ¶ 8, **Exhibit "F"**; Million Depo., p. 184, lines 3-12, p. 185, lines 5-25, Depo. Exhibit 8. |
| 18 | On December 6, 2012, Mr. Sailola specifically sought and was granted a stay of his sentence pursuant to Hawaii law, which was confirmed on both January 7 and June 6, 2013. The judge also held that bail should be applied to any fines and fees. | Holcomb Decl. ¶¶ 7, 9, 10, **Exhibits "E", "G"** (transcript of December 6, 2012 proceedings) and **"H"**; [Doc. 104]; Sailola Decl. ¶¶ 5-7; Million Depo., p. 186, lines 1-3, 10-24, p. 187, lines 1-12, p. 265, lines 24-25, p. 267, lines 5-6, 9-15, 19-25, p. 268, lines 4-9, 11-16, 23-25, p. 269, lines 108, Depo. Exhibits 8, 12. |
| 19 | During the July 8, 2013 conversation with Mr. Dorn, Mr. Sailola did not know why MSB would be calling to collect the purported fine, specifically informed MSB that he thought his attorney "John Burge" was handling that matter, twice informed MSB that Mr. Sailola had to speak with his attorney, and that Mr. Sailola would call MSB back. Mr. Sailola did not invite further calls from MSB or otherwise indicate that he consented to any future calls. | [Docs. 95 ¶ 8, 95-6, pp. 7-8]; Sailola Decl. ¶¶ 11-16; Million Depo., p. 365, lines 18-25, p. 366, 1-2, 5-12, 16-21, Depo Exhibit 26. |
| 20 | After July 8, 2013, MSB continued to call Mr. | Holcomb Decl. ¶ 6, **Exhibit** |

3

| | | |
|---|---|---|
| | Sailola at the 864-4957 cellular telephone number. | **"D"**; [Doc. 67-6]; Million Depo., p. 102, lines 8-20, 24, p. 103, lines 1-5 |
| 21 | The Interactive Intelligence system has the capacity to store numbers, and sequentially dial those numbers, pursuant to multiple programmable criteria, without any human involvement whatsoever. | Holcomb Decl., ¶¶ 4, 13; **Exhibits "A" and "L"**; [Doc. 59-10]; Million Depo., p. 306, lines 2-10, 16-22, p. 311, lines 1-4, p. 312, lines 9-14, 21, 24-25, p. 313, lines 3-4, 7-13, p. 314, lines 6-14, 21-25, p. 315, lines 1-13, p. 315, lines 17-22, p. 317, lines 7-16, 19-25, p. 318, lines 1-13, 16-18, 24-25, p. 319, lines 1-9, 22-25, p. 320, lines 1-6, p. 323, lines 1-3, 5-6, 10-14, p. 324, lines 1-13, p. 327, lines 10-19, 24-25, p. 328, 1-4, 6-7, 9-18, p. 329, lines 6-20, 22-25,, p. 330 lines 1-25, p. 331, lines 1-18, 21-25, p. 332, lines 1-19, 22-25, p. 333, lines 1-10, 12-16, p. 335, lines 21-25, p. 336, lines 1-25, p. 337, lines 1-8, 12-25, p. 338, line 1, p. 339, line 2-3, 5-15, p. 340, lines 7-18, p. 341, lines 6-14, 18-25, 1-7, Depo Exhibits 16-20. |
| 22 | The Interactive Intelligence system is a predictive dialer. | Holcomb Decl., ¶¶ 4, 13; **Exhibits "A" and "L"**; Million Depo., p. 312, lines 21, 24-25, p. 328, lines 6-7, 9-18, p. 329, lines 11-19, 22-25, p. 330, lines 1-14, 21-25, p. 331, 1-15, p. 333, lines 1-10, 12-15, p. 336, 18-25, p. 337, lines 1-8, 12-22, p. 339, lines 2-3, 5-15 Depo Exhibits 16-20. |

4

| 23 | The transferred data is then stored and organized or categorized through the dialer's "campaign management" which uses the dialer's "patented predictive algorithm" to dial transferred numbers. | Holcomb Decl., ¶¶ 4, 13, **Exhibits "A" and "L"**; Million Depo., pp. 313, lines 3-4, 7-13, p. 314, lines 6-14, 21-25, p. 315, lines 117-22, p. 317, lines 6-16, 19-25, p. 318, lines 1-13, 16-18, 24-25, p. 319, lines 1-9, p. 324, lines 1-12, p. 329, lines 11-19, 22-25, p. 330, lines 1-14, 21-25, p. 331, lines 1-15, p. 332, lines 22-25, p. 33 lines 1-10, 12-15, p. 336, lines 18-25, p. 337, lines 1-8, 12-22, p. 339, lines 2-3, 5-15, Depo Exhibits 16-20 |
| --- | --- | --- |
| 24 | MSB touted the predictive dialer capabilities of its ATDS when soliciting the Hawaii Judiciary to use MSB's collection services. | Holcomb Decl., ¶ 14; **Exhibit M**. |

DATED: Honolulu, Hawaii; December 19, 2014

                                         *s/Richard L. Holcomb*
                                         Richard L. Holcomb 9177
                                         Attorney for Plaintiff