RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

JUSTIN A. BRACKETT (HI Bar No. 9954)
1136 Union Mall, Suite # 805
Honolulu, HI  96813
Telephone: (808) 545-4040
Email:  justinbrackettlaw@gmail.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REED SAILOLA, | ) |
| | ) CASE NO. 1:13-CV-00544 HG-RLP |
| Plaintiff, | ) |
| vs. | ) PLAINTIFF REED SAILOLA'S *EX* |
| | ) *PARTE* MOTION TO FILE |
| GILA, LLC d/b/a MUNICIPAL | ) DOCUMENTS PUBLICLY OR, |
| SERVICES BUREAU | ) ALTERNATIVELY, TO HAVE |
| | ) DOCUMENTS RETAINED BY THE |
| Defendant. | ) CLERK |
| | ) |
| | ) **EXHIBIT M [Doc. 112-5],** |
| | ) EXCERPTS OF PROPOSAL FROM |
| | ) DEFENDANT TO HAWAII STATE |
| | ) JUDICIARY (EXHIBIT "M" TO |
| | ) PLAINTIFF'S CONCISE |
| | ) STATEMENT OF FACTS IN |
| | ) OPPOSITION TO DEFENDANT'S |
| | ) MOTION FOR PARTIAL |
| _____ ) SUMMARY JUDGMENT, Doc. 94) |

## MOTION TO FILE DOCUMENTS PUBLICLY OR, ALTERNATIVELY, TO HAVE DOCUMENTS RETAINED BY THE CLERK

COMES NOW the Plaintiff, Reed Sailola, by and through the undersigned counsel, pursuant to Local Rule 83.12 and paragraph 12 of the "Confidentiality and Protective Order" issued on November 13, 2014 [Doc. 78], and moves this Court permit Mr. Sailola to publicly file **Exhibit "M"** to his Concise Statement of Facts in Opposition to Defendant's Motion for Partial Summary Judgment.

**Exhibit "M"** consists of excerpts from MSB's proposal to the Hawaii State Judiciary and was submitted by MSB to the Judiciary when soliciting the Judiciary's collection accounts. This submission is requested solely for the purpose of use as **Exhibit "M"** to Mr. Sailola's filing identified above. **Exhibit "M"** is being manually submitted to this Court and Mr. Sailola requests that this Court review the exhibit *in camera* until such time as it may be publicly filed. In the event that the Court does not permit Mr. Sailola to publicly file the document, Mr. Sailola requests that this document be retained by the Clerk of this Court.

### Background

This Honorable Court signed and filed a document titled "Confidentiality and Protective Order" on November 13, 2014 which states (in pertinent part):

> Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential."

[*See* Doc. 78, ¶ 5 - Marking of Documents]

> All Confidential Information provided by any party or non-party in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

[*See* Doc. 78, ¶ 4 - Use of Confidential Information]

Defendant has since marked **every** document it has produced as "Confidential" and has even proposed to mark its entire building as "Confidential". [*See* Doc. 98-2] Defendant is not trying to be limited by Fed. R. Civ. Pro. 26 or Local Rule 83.12. It is instead maintaining its litigation strategy of limiting Mr. Sailola's access to relevant information and his ability to file said information with the Court to support his claims. Defendant has so far filed a Motion to Amend Scheduling Order and to Reset Trial Date on September 3, 2014 [Doc. 44], a Motion for Protective Order on October 1, 2014 [Doc. 54], a Motion to Stay All Proceedings on October 15, 2014 [Doc. 59], a Motion to Stay Discovery on October 16, 2014 [Doc. 60], an *Ex Parte* Motion to Shorten Time to hear Motion to Stay Discovery on October 16, 2014 [Doc. 62], a second Motion for Protective Order on November 14, 2014 [Doc. 81], and a Letter Brief in opposition to Plaintiff's Amended Request for Rule 34 Inspection [Doc. 98-2]. Defendant believes it can deem everything as confidential to keep relevant information from being seen in a dispositive motion or at trial.

Moreover, when Plaintiff files a Motion pursuant to the Protective Order, Defendant simply avers that it only marked the document as "Confidential" in an "abundance of caution." [Doc. 105] Abuse of the Protective Order by marking every single disclosure as confidential and merely to inconvenience Plaintiff is also an abuse of this Court's resources. Here, for example, **Exhibit "M"** was submitted to the Hawaii State Judiciary in response to a public Request for Proposal, which is available on the Judiciary website. **Exhibit "M"** is public record and should not have been marked as "Confidential."

## Legal Standard and Discussion

The Ninth Circuit has addressed public access to judicial records in *Kamakana v. City & County of Honolulu*. When dealing with a request for seal in regards to a dispositive motion, the Kamakana Court found:

> We acknowledged explicitly in *San Jose Mercury News*, 187 F.3d at 1102, and later confirmed in *Foltz*, 331 F.3d at 1136, that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judg- ment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.' *Valley Broadcasting*, 798 F.2d at 1294; *accord Foltz,* 331 F.3d at 1135-36 (noting that 'summary judgment adjudicates substantive rights and serves as a substitute for trial') *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz,* 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* ("[T]he

> presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The . . . 'compel ling reasons' standard continues to apply.") (internal citations omitted).

447 F.3d 1172, 1180 (9th Cir. 2006).

Furthermore, the Ninth Circuit articulated:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1180.

Obviously, **Exhibit "M"** is not being produced to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. They are being filed to shed light on the facts of this case and assist the Court in making a proper determination *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz,* 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed

under seal as attachments to a dispositive motion. The . . . 'compelling reasons' standard continues to apply.") (internal citations omitted).

Accordingly, this Honorable Court directed all parties to sparingly designate documents or items as confidential when it ordered in its November 7, 2014 Order Granting in Part and Denying in Part Municipal Services Bureau's Motion for Entry of Confidentiality and Protective Order:

> Third, the Court denies Defendant MSB's request to include correspondence and other communications between the parties or with non-parties within the scope of 'confidential information' based solely on an 'expectation that the information would not become generally available to the public.' Correspondence and other communications between the parties or with non-parties shall only be designated as 'confidential information' if that correspondence or communication qualifies for protection under Federal Rule of Civil Procedure 26(c).

[Doc. 75, pp. 4-5]  As shown by MSB's last response to Mr. Sailola's previous Motion, MSB has been anything but sparing in its designations.  [Doc. 105] Indeed, MSB has designated *everything* as confidential, including the instant matter of public record.

There is no compelling reason for concealing MSB's proposal to the Hawaii Judiciary from public scrutiny.  Indeed, any member of the public could easily obtain this document from the Judiciary itself.  The marking of this document as "Confidential" is an abuse of this Court's resources.

Plaintiff respectfully requests that this Court permit the public filing of **Exhibit "M"** or, alternatively, that the Clerk retain **Exhibit "M"** for further use in this case.

DATED:  Honolulu, Hawaii, December 19, 2014.

*s/Richard L. Holcomb*__
Richard L. Holcomb 9177
Attorney for the Plaintiff
